

EGS
JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

**18    3833**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jeffrey W. Smiles

**DEFENDANTS**
Berks County, et al

**(b)** County of Residence of First Listed Plaintiff   Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Berks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey W. Smiles, Pro Per
3049 Octagon Avenue, Sinking Spring, Pa 19608
(610) 678-0254

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment
& Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted
Student Loans
(Excludes Veterans)
☐ 153 Recovery of Overpayment
of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product
Liability
☐ 320 Assault, Libel &
Slander
☐ 330 Federal Employers'
Liability
☐ 340 Marine
☐ 345 Marine Product
Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle
Product Liability
☐ 360 Other Personal
Injury
☐ 362 Personal Injury -
Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury -
Product Liability
☐ 367 Health Care/
Pharmaceutical
Personal Injury
Product Liability
☐ 368 Asbestos Personal
Injury Product
Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal
Property Damage
☐ 385 Property Damage
Product Liability

### CIVIL RIGHTS
☒ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/
Accommodations
☐ 445 Amer. w/Disabilities -
Employment
☐ 446 Amer. w/Disabilities -
Other
☐ 448 Education

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards
Act
☐ 720 Labor/Management
Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical
Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement
Income Security Act

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate
Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee -
Conditions of
Confinement

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration
Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal
28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated
New Drug Application
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff
or Defendant)
☐ 871 IRS—Third Party
26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC
3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/
Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information
Act
☐ 896 Arbitration
☐ 899 Administrative Procedure
Act/Review or Appeal of
Agency Decision
☐ 950 Constitutionality of
State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original
Proceeding
☐ 2 Removed from
State Court
☐ 3 Remanded from
Appellate Court
☐ 4 Reinstated or
Reopened
☐ 5 Transferred from
Another District
*(specify)*
☐ 6 Multidistrict
Litigation -
Transfer
☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE 42 U.S.C. SECTION 1983
Brief description of cause:
DENIAL OF DUE PROCESS/DEPRIVATION OF RIGHTS AND PROPERTY UNDER COLOR OF LAW

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.
DEMAND $
1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S)
IF ANY
*(See instructions):*
JUDGE *Jeffrey W. Smiles Prose*   DOCKET NUMBER

DATE
09/07/2018
SIGNATURE OF ATTORNEY OF RECORD
SEP 27 2018

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

*EGS*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Jeffrey Smiles             :        CIVIL ACTION

v.                         :

Berks County et. al.       :        NO. **18   3833**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

September 7, 2018        _____        _____
**Date**                  **Attorney-at-law**       **Attorney for**

610-678-0254            _____        _____
**Telephone**             **FAX Number**            **E-Mail Address**

(Civ. 660) 10/02

SEP -7 2018



*EGS*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*18    3833*

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: *3049 Octagon Avenue, Sinking Spring, Pa 19608*

Address of Defendant: *633 Court street, Reading, PA 19601*

Place of Accident, Incident or Transaction: *Berks County*

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *September 7, 2018*    _Jeffrey W. Smith_    _____
          *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

*SEP -7 2018*

DATE: _____    _____    _____
          *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*





Jeffrey W. Smiles
*Plaintiff*
3049 Octagon Avenue
Sinking Spring, Pa. 19608
Ph: 610-678-0254

# DISTRICT COURT OF THE UNITED STATES
### for the
## Eastern District of Pennsylvania

| | |
|---|---|
| Jeffrey Smiles<br>*Plaintiff,*<br><br>*VS.*<br><br>**COUNTY OF BERKS**<br>aka **BERKS COUNTY,**<br>[a political subdivision of the Commonwealth<br>of Pennsylvania]<br><br>**BERKS COUNTY<br>TAX CLAIM BUREAU**<br>[an agency of the Treasurers Office of<br>Berks County]<br><br>**BRENDA S. SHAW**<br>[in her individual capacity]<br><br>**KATHIE E. STANISLAW**<br>[in her individual and official capacity]<br><br>**LILLIAN B. CRAMSEY**<br>[in her individual and official capacity]<br><br>**STACEY A. PHILE,**<br>[in her individual and official capacity]<br><br>*Defendants* | Case no. __**18      3833**__<br><br><br>**CIVIL RIGHTS COMPLAINT<br>FOR<br>INJUNCTIVE RELIEF AND<br>DAMAGES**<br><br><br>**AFFIDAVIT OF PROBABLE CAUSE:**<br>For deprivations of Constitutional Rights under<br>color of authority and color of law in accordance<br>with title 42 U.S.C. § 1982, § 1983, § 1985, §<br>1986; title 28 U.S.C. § 1331, § 1343(a)(3); title<br>18 U.S.C § 241, § 242.<br><br><br>**TRIAL BY JURY DEMANDED**<br><br>**ACTION AT LAW** |

-I-

SEP 27 2018

# TABLE OF CONTENTS

## SUMMONS

## INTRODUCTION .................................................................... pg. 1
NO IMMUNITY UNDER STATE LAW................................................pg. 1
Plaintiff ............................................................................... pg. 4
Defendants ........................................................................... pg. 5

## JURISDICTION AND VENUE ......................................... pg. 6

## INJUNCTIVE RELIEF .................................................. pg. 7

## PRELIMINARY STATEMENT ....................................... pg. 8
Cause of Action ..................................................................... pg. 8
Nature of rights guaranteed .................................................... pg. 9

## FACTS RELEVANT TO ALL CLAIMS ................................. pg. 10

## FACTS OF THE CASE .................................................. pg.11
Taxation Defined As ............................................................... pg.11
Taxable Resident and Taxpayer Defined ..................................... pg.13
Real Estate Subject to Taxation Defined ....................................pg.15
Ad Valorem Tax Defined .......................................................... pg.16

## STATEMENT OF FACTS................................................pg.17
Policy and Custom of Defendants..............................................pg.19
Public Records Request (Right to Know Law) ..............................pg.23
Failure to Provide Authority ....................................................pg.23

## PROBABLE CAUSE .................................................... pg.24
Defendants BRENDA S. SHAW and KATHE E. STANISLAW  Directors of the
Berks County Assessment Office................................................pg.24
Misclassification of Plaintiff's properly ...................................pg.26
Falsification of the Tax Rolls ..................................................pg.28
Violation of Clearly Established Law by BRENDA S. SHAW and KATHE E.
STANISLAW.........................................................................pg.28
Violation of Substantive Rights by BRENDA S. SHAW and KATHE E.
STANISLAW ........................................................................pg.30
Defendant, LILLIAN B. CRAMSEY Tax Collector for Spring Township.........pg. 31
Fictitious Obligations ............................................................pg. 31
SECURITIES FRAUD................................................................pg. 32

Falsification of tbe Tax Rolls ..................................................................pg. 33
Mail Fraud..............................................................................................pg. 34
Violation of Clearly Established Law by LILLIAN B. .............................pg. 35
Violation of Substantive Rights by LILLIAN B. CRAMSEY..................pg. 37
Defendant, STACEY A. PHILE Director of the Berks County Tax Claim Bureau
................................................................................................................pg. 38
Securities Fraud ....................................................................................pg. 39
Fictitious Obligation...............................................................................pg. 39
Violation of Clearly Established Law by STACEY A. PHILE ..................pg. 39
Mail Fraud …..........................................................................................pg. 40
Violation of Substantive Rights by STACEY A. PHILE ........................pg. 40
Defendant, BERKS COUNTY TAX CLAIM BUREAU.............................pg. 41
Due Process; Defined..............................................................................pg. 41
Defendants Failure to follow General Law ...........................................pg. 43
Suit for taxes.........................................................................................pg. 43
No Due Process.......................................................................................pg. 45
Violation of Clearly Established Law by BERKS COUNTY TAX
CLAIM BUREAU.....................................................................................pg. 46
Violation of Substantive Rights by BERKS COUNTY TAX CLAIM
BUREAU..................................................................................................pg. 47

Defendant, COUNTY OF BERKS aka BERKS COUNTY a political subdivision.......pg. 48
Illegal Deeds and Conversion.................................................................pg. 48
Mail Fraud..............................................................................................pg. 51
Violation of Substantive Rights by COUNTY OF BERKS aka BERKS
COUNTY..................................................................................................pg. 51
Violation of Clearly Established Law by COUNTY OF BERKS aka BERKS
COUNTY..................................................................................................pg. 53

# DEMAND FOR EMPANELMENT OF GRAND JURY ...pg. 55

PRIMA FACIE EVIDENCE OF CRIMINAL ACTS BY DEFENDANTS COUNTY OF
BERKS aka BERKS COUNTY and its named employees, agents and/or servants.

# COUNT ONE (1) ...................................................................pg. 57

Violation of Civil Rights Wbile Acting under Color of Law 42 U.S.c. § 1983 Deprivation of
rights under color of law by Defendant, BRENDA S. SHAW.

# COUNT TWO (2) ...................................................................pg. 60

Violation of Civil Rights While Acting under Color of Law 42 U.S.C. § 1983
Deprivation of rights under color of law by Defendant, LILLIAN B. CRAMSEY.

# COUNT THREE (3) ...............................................................pg. 63

Violation of Civil Rights While Acting under Color of Law 42 U.S. C. § 1983
Deprivation of rights under color of law by Defendant, STACEY A. PHILE.

-III-

**COUNT FOUR (4)**..........................................................**pg. 66**
Violation of Civil Rights While Acting under Color of Law 42 U.S.C. § 1983
Deprivation of rights under color of law by Defendant BERKS COUNTY TAX
CLAIM BUREAU

**COUNT FIVE (5)**...........................................................**pg. 69**
Violation of Civil Rights While Acting under Color of Law 42 U.S.C. § 1983
Deprivation of rights under color of law by Defendant COUNTY OF BERKS aka
BERKS COUNTY.

**COUNT SIX (6)** ...........................................................**pg. 72**
Conspiracy to interfere with civil rights 42 U.S.C. § 1985 Conspiracy against rights by
all Defendants.

**COUNT SEVEN (7)** ......................................................**pg. 75**
Action for Neglect to Prevent While Acting under Color of Law 42 U.S.C. § 1986
Neglect to Prevent - All Defendants

**COUNT EIGHT (8)**........................................................**pg,. 76**
Property Rights of Citizens 42 U.S.C. § 1982 Deprivation of Property rights under
color of law - All Defendants.

**CONCLUSION**............................................................**pg. 78**

**RELIEF SOUGHT** .......................................................**pg. 82**

**INJUNCTION**.............................................................**pg. 86**

**JURY DEMAND** .........................................................**pg. 86**

# **INTRODUCTION**

**It is well said** that a federal statute expressly gives Federal District Courts original jurisdiction of any civil action authorized by law to be commenced by any person (1) to recover damages from one conspiring to interfere with the civil rights of another (42 USCS § 1985), (2) to recover damages for neglect to prevent interference with the civil rights of another, (3) to redress the deprivation, under color of any state law, custom, or usage, of any right, privilege, or immunity secured by the Federal Constitution or by any federal statute providing for equal rights of citizens or of all persons within the jurisdiction of the United States, or (4) to recover damages or to secure equitable or other relief under any federal statute providing for the protection of civil rights.

All acts by Defendants complained of herein were intentional and calculated to take money and/or property from the Plaintiff, WITHOUT DUE PROCESS OF LAW, under color of authority and under color of state law as a matter of custom, policy, practice and usage.

# **No Immunity Under State Law**

1.      The actions of the Defendants are not protected by sovereign immunity as the Defendant's actions fall outside of the Pennsylvania Tort Claims Act, ( see 42 PS 8541 et seq). As the actions were intentionally designed to cause significant harm, fear, and dread, such actions are not within the normal scope and employment of Defendants, thus subjecting Defendants to liability in their individual and Official capacities and without any immunity.

2.      Furthermore, the Pennsylvania Tort Claims Act does not apply in Plaintiff's cause of action because the purpose of Section 1983 is to vindicate Federal Rights. A plaintiff suing under the statute is not required to exhaust state procedures or remedies which would be otherwise required prior to filing suit. See  Felder v. Casey, 487 U.S. 131 (1988); Monroe v. Pape, 365 U.S. 167 (1971). See also: Howlett v. Rose, 496 U.S. 356 (1990): Howlett By and Through Howlett v. Rose No. 89-5383.

3.      Plaintiff is permitted to file this action without compliance with Pennsylvania's notice requirements, as section 1983 actions constitute a unique Federal remedy which preempts state

law and cannot be subjected to a state's presuit notice requirement. The actions set forth below constitute wrongful conduct by persons acting under color of state law which cannot be immunized by state law.

**Plaintiff is seeking assistance from this Court,** pursuant to Title 42 US. C. § **1983,** for the protection of Plaintiff's rights and to correct the wrongs inflicted upon Plaintiff by the Defendants named herein.

> "It is the manner of enforcement which gives Title 42 § 1983
> its unique importance, for enforcement is placed in the hands
> of the people. _Each citizen "acts as a private attorney general_
> _who 'takes on the mantel of the sovereign, ",_ guarding for all
> _of us the individual liberties enunciated in the Constitution._
> Section 1983 represents a balancing feature in our governmental
> structure whereby individual citizens are encouraged to police
> those who are charged with policing us all. _Thus, it is of special_
> _import that suits brought under this statute be resolved by a_
> _determination of the truth rather than by a determination that_
> _the truth shall remain hidden."_
> Frankenhauser vs. Rizzo, 59 F.R.D. E.D. Pa. (1973).

**4.** All Defendants named herein CLAIM to be acting under authority of the Pennsylvania Tax Reform Code of 1971, and while doing so under color of law, have created false securities, purported illegal tax liens and tax deeds to Plaintiffs noncommercial property, WITHOUT right of title and adequate evidence of statutory authority, further lacking all appearances of DUE PROCESS and the rule of law, further violating the very Constitutions of Pennsylvania and for the United States of America they swore an oath to protect and defend.

**AD VALOREM.** _According to the value._ (Bouvier 1856, 6th Edition).
This Latin term is used in commerce in reference to certain duties, called ad valorem duties, which are levied on commodities at certain rates per centum on their value. See Duties; Imposts; Act of Congo of March 2, 1799, s. 2 61 of March 1, 1823 s. 5.

**5.** **Whereas, Plaintiff is being harmed in his person and in his rights,** which gives rise to this cause of action and which has led Plaintiff, a reasonable man of reasonable intelligence and a legal non-taxpayer, to believe that the Defendants named herein are exerting acts of ownership and control over Plaintiffs home and attempting to deprive Plaintiff of money and/or his home property, which is not taxable by the laws of Pennsylvania, and are doing so under color of statute, regulation, custom, policy and usage of state revenue codes, far beyond

<u>the limitations of taxation</u> as set forth in Article I, § 8 clause 1 of the United States Constitution and the Constitution of Pennsylvania.

> *"The state is without power to create a lien upon any property*
> *of a nonresident for income taxes **except the very property***
> ***from which the income proceeded;** or, putting it in another*
> *way, that **a lien for an income tax may not be imposed upon***
> ***a nonresident's unproductive property,** nor upon any particular*
> *productive property beyond the amount of the tax upon the*
> *income that has proceeded from it. "*
> Shaffer vs. Carter, 252 U.S. 37 (1920).

6.    ***Plaintiff's investigation and research*** finds absolutely <u>no evidence</u> of a procedure based in the clearly established laws of Pennsylvania,enacted by the legislature of the Commonwealth of Pennsylvania, pursuant to the Constitution of Pennsylvania, including but not limited to the Constitution for the United States of America, enacting clauses, session laws, legislative certifications and common-law rules and/or rulings, that allows a governmental entity and/or a state government employee (State Actor) to collect money and/or property from the Plaintiff and others similarly situated, by way of a recurrent ad valorem property tax, to fund the municipal corporations and/or the political subdivisions of the Commonwealth of Pennsylvania, operating pursuant to Pennsylvania Statutes Title 53 *(Municipal and Quasi Municipal Corporations)* and Pennsylvania Statutes Title 72 *(Taxation and Fiscal Affairs)*.

7.    **Defendants' conduct is CLEARLY** depriving Plaintiff of his substantive rights to **DUE PROCESS, A TRIAL BY JURY, EQUAL PROTECTIONS** of the law and property ownership, free from any and all governmental interference, as secured by the **Constitution for the United States- Fourth, Fifth,and Fourteenth Amendments and the Constitution of Pennsylvania Article I §1, §9, §1O and §11.**

> <u>***Under the Fourteenth Amendment to the Federal Constitution,***</u>
> <u>***any attempt by a state to tax property which are not within its***</u>
> <u>***jurisdiction amounts to a deprivation by that state of property***</u>
> <u>***without due process of law.***</u> *American Oil Co. vs. Neill,* 380 US
> 451, 14 LEd 2d 1, 85 S Ct 1130; *Where there is jurisdiction*
> *neither as to person nor property, the imposition of a tax*
> *would be vires and void.* st. Louis vs. Wiggins Ferry Co.
> 11 Wall (US) 423,20 L Ed 192. "... <u>***because exaction of a tax***</u>
> <u>***constitutes a deprivation of property, the state must provide***</u>

> *procedural safeguards against unlawful exactions in order to*
> *satisfy the commands of the due process clause ... the state*
> *must provide taxpayers with not only a fair opportunity to*
> *challenge the accuracy and legal validity of their tax obligation,*
> *but also a clear and certain remedy for any erroneous or unlawful*
> *tax collection, so as to insure that the opportunity to contest the*
> *tax is a meaningful one. " McKesson Corp. vs. Div. of AB & T.,*
> *496 U.S. 18 (1990).*

# Plaintiff

**8.** *Plaintiff, Jeffrey Smiles, is the bona fide freeholder and land*

*owner in absolute* with or without "actual" or "constructive" notice, of the property

commonly known as 3049 Octagon Avenue, Sinking Spring, Pennsylvania 19608. (legal

description; *Lot No. 103 and the Western portion o/Lot No. 104, as shown on Plan of Wilshire*

*Development, Section No.4, said Plan being recorded in Plan Book Volume 20, page 2, Berks*

*County records; in the Township of Spring, County of Berks and State of Pennsylvania)* **See**

**exhibit (A and B)**

> **"Property"** *that which is peculiar or proper to any person;*
> *that which belongs exclusively to one.* ***In the strict legal***
> ***sense, an aggregate of rights which are guaranteed and***
> ***protected by government.*** *" Fulton Light, Heat & Power*
> *Co. vs. State,* 65 Misc. Rep. 263, 121 N.Y.S. 536.
> *"Property is the right to dominion over the use and*
> *disposition of an interest. Protected by the equal protection*
> *clause,* ***which is grounded in stare decisis.*** *"*
> See *Cohens vs. Virginia,* 6 Wheaton 264, 399.

**9.** *It is a FACT that Plaintiff's family has dwelled and occupied said property*

*for shelter as a dwelling home* and personal estate of the owner for non-commercial purposes,

with free and clear legal title as a matter of substantive right to acquire, possess, own, protect and enjoy

property to the exclusion of all others, free from governmental interference, in accordance with the

Constitution of Pennsylvania Article I § 1, with full **common-law covenants vested and recorded in**

**land of record for over 45 years in complete** *perpetuity,* as secured by Warranty deed and protected by

the federal and State constitutions and the clearly established laws of the State of Pennsylvania. **See**

**exhibit (A and B)**

> **Constitution of the Commonwealth of Pennsylvania**
> **Article 1 § 1. Inherent rights of mankind.**

*"All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness."*

**"Perpetuity"** (Black's Law Dictionary 5th Edition p. l027).
Continuing forever. Legally, pertaining to real property, any condition extending the inalienability ... In terms of an allodial title, it is to have the property of inalienability forever. Nothing more need be done to establish the ownership of the sovereigns to their land, although confirmations were usually required to avoid possible future title confrontations.

> *The rights of an owner of property and the test of validity and constitutionality the Court* [quoting from Lord Appeal, 368 Pa. 128] said (page 221): ".. **an owner of property is still entitled in Pennsylvania to certain unalienable constitutional rights of liberty and property.** *These include a right to use his own home in any way he desires. provided he does not* (1) *violate any provision of the Federal or State Constitutions; or* (2) *create a nuisance; or* (3) *violate any covenant, restriction or easement; or* (4) *violate any laws or zoning or police regulations which are constitutional.* **Colligan Zoning Case,** 401 Pa. 125, 162 A. 2d 652, (1960); *Volpe Appeal,* 384 Pa. 374, 121 A. 2d 97; **White's Appeal,** 287 Pa. 259, 134 A. 409; *Taylor vs. Moore,* 303 Pa. 469, 154 A. 799; **Kline vs. Harrisburg,** 362 Pa. 438,451, 68 A. 2d 182; *Jennings' Appeal,* 330 Pa. 154, 198 A. 621; **Ward's Appeal,** 289 Pa. 458, 137 A. 630; **Village of Euclid vs. Ambler Realty Co.,** 272 US. 365,47 S. Ct. 114; **Penna. Coal Co. vs. Mahon,** 260 US. 393,43 S. Ct. 158; **St. Louis Poster Advertising Co. vs. St. Louis,** 249 US. 269,39 S. Ct. 274; **Eubank vs. Richmond,** 226 US. 137,33 S. Ct.

# **Defendants**

**10.**   **Defendant, BRENDA S. SHAW,** was employed by the County of Berks, a political subdivision of the Commonwealth of Pennsylvania, during the time of the Constitutional violations, and was doing business as the Director of the Berks County Assessment Office, with a current working address of: Administration Center, 399 Stadium Drive, Sunbury Pa 17801 and acted toward Plaintiff under color of statutes, ordinances, customs and usage of the Commonwealth of Pennsylvania within the scope of her employment. She is sued in her individual capacities.

**11.**   **Defendant KATHE E. STANISLAW** is the interim Director of the Berks County Assessment Office, a political subdivision of the Commonwealth of Pennsylvania, during the time of the Constitutional violations, and is doing business as the interim Director of the Berks County Assessment Office, with a working address of: Berks County Services Center 3rd Floor, 633 Court Street, Reading,

Pennsylvania 19601, acted toward Plaintiff under color of statutes, ordinances, customs and usage of the Commonwealth of Pennsylvania within the scope of her employment. She is sued in her official and individual capacities.

**12.**    **Defendant, LILLIAN B. CRAMSEY,** appears to be employed by the County of Berks, a political subdivision of the Commonwealth of Pennsylvania and doing business as the Tax Collector for Spring Township with a working address of 2850 Windmill Road, Sinking Spring, Pennsylvania 19608, and acted toward Plaintiff under color of statutes, ordinances, customs and usage of the Commonwealth of Pennsylvania within the scope of her employment. She is sued in her official and individual capacities.

**13.**    **Defendant, STACEY A. PHILE,** appears to be employed by the County of Berks, a political subdivision of the Commonwealth of Pennsylvania and is doing business as the director of the Berks County Tax Claim Bureau with a working address of: Berks County Services Center, 2nd floor, 633 Court Street, Reading, Pennsylvania 19601 acted toward Plaintiff under color of statutes ordinances, customs and usage of the Commonwealth of Pennsylvania within the scope of her employment. She is sued in her official and individual capacities.

**14.**    **Defendant, BERKS COUNTY TAX CLAIM BUREAU,** is an agency of the Treasurers Office of Berks County, a political subdivision of the Commonwealth of Pennsylvania with a working address of Berks County Services Center, 2nd floor, 633 Court Street, Reading, Pennsylvania 19601 acted toward Plaintiff under color of statutes, customs and usage.

**15.**    **Defendant, COUNTY OF BERKS aka BERKS COUNTY,** is a political subdivision of the Commonwealth of Pennsylvania acting under Article 9 § 4 of the Constitution of Pennsylvania and the act of April 13, 1972 (P.L.184, No.62) with a working address of 633 Court Street, Reading, Pennsylvania 19601 acted toward Plaintiff under color of statutes, customs and usage.

# JURISDICTION AND VENUE

**16.**    **This Court has subject matter jurisdiction over this case pursuant to Title 28 US.C. § 1331, as this action arises under the violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution** by named Defendants, under Title 28 US.C. § 1343(a)(3), in that it is brought to prevent imminent deprivations, under color of state law, of rights, privileges and immunities

secured by the United States Constitution; under Title 28 US.C. §1343( a)( 4), in that it seeks to recover damages and secure equitable relief under an Act of Congress, specifically, Title 42 US.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights; under Title 42 US.C. § 1982, to secure Plaintiffs substantive rights to inherit, purchase, lease, sell, hold, and convey real and personal property pursuant to the constitution of Pennsylvania and the United States of America; under Title 28 U.S.C. § 2202, to secure preliminary and injunctive relief from imminent deprivations of Plaintiff's right in property.

> *"Property does not have rights. **People have rights. The right to enjoy property without unlawful deprivation. no less than the right to speak. is in truth a "persons" right,** whether the" property" in question be a welfare check, a home. or a savings account. In fact, a fundamental interdependence exists between the personal right to liberty and the personal property right. **Neither could have meaning without the other. The rights in property are the basic civil rights has long been recognized. Congress recognized these rights in 1871 when it enacted the predecessor of 42 U.S. C. § 1983 and 1343(3). We do no more than reaffirm the judgment of congress today."** Lynch vs. Household Finance Corp.,* 405 US. 538 (1972).

**17.**     Venue is proper in this Court pursuant to Title 28 US.C. § 1391 because it is the judicial district where Defendants reside, and in which all events giving rise to the action occurred.

# INJUNCTIVE RELIEF

**18.**     *Plaintiff is also seeking injunctive and equitable relief under Title* **28 US.C. § 2202** against the COUNTY OF BERKS *aka* BERKS COUNTY and its named employee's for their color of imposition of a recurrent *ad valorem* tax on Plaintiff's noncommercial property, which is **NOT** taxable by the laws of Pennsylvania, and for the FACT that such a tax is illegal, not authorized by the laws of the Commonwealth of Pennsylvania, unconstitutional and violative of Plaintiff's substantive rights to property ownership and procedural due process rights, as one of the sovereign people of the Commonwealth of Pennsylvania, pursuant to the constitutions of Pennsylvania and for the United States of America. See *Borough of Green Tree vs. Board of Property Assessments, Appeals and Review of Allegheny County,* **459 Pa. 268, 328 A.2d 819 (1974)**.

" .... *an owner-occupied residence **not used** for any **commercial purpose** does not qualify as property 'used in' commerce or commerce-affecting activity ..." Jones vs. United States,* 529 U.S., 146 L Ed 2d 902, 120 S. Ct. (2000).

***From the nature of the powers exercised by municipal corporations,*** *the great danger of their abuse, and the necessity of **prompt action to prevent irremediable injuries**, it would seem eminently proper for courts of equity to interfere upon the application of the taxpayers of a county to prevent the consummation or a wrong, when the officers of the corporations assume, in excess of their powers. to create burdens upon property-holders. Crampton vs. Zabriskie,* 101 U.S., 601, 25 Ed 1070 (1964).

# **PRELIMINARY STATEMENT**

*Plaintiff incorporates by reference the facts set forth above as if set forth In full*

All paragraphs and statements of fact and law shall be deemed to be incorporated into every paragraph other than the paragraph where they are articulated. Any and all emphasis employed herein shall be construed to have been added.

**19.**    ***It is a FACT that*** Plaintiff's family has absolute dominion of ownership interest with full exclusive right to possession, enjoyment, and disposal over the private property  commonly known as 3049 Octagon Avenue, Sinking Spring, Pennsylvania 19608 for over 45 years as a matter of right in accordance with the Constitution of Pennsylvania Article I. § 1 and pursuant to rulings of the Pennsylvania Supreme Court. **See exhibit (A and B)**

# **Cause of Action**

**20.**    **At all Times Material, Defendants have NO evidence of any licensed business activity,** business license, corporate charter and/or tax returns filed and signed by Plaintiff with Defendants that would clearly show that Plaintiff is a taxpayer by statutory definition, conducting any duties, imposts, excises and/or commerce producing activity, receiving "taxable income" with his land or income attributable to real property within the scope of article I, § 8 clause 1 of the United States Constitution and article 8 of the Constitution of Pennsylvania and pursuant to the Pennsylvania Tax

Reform Code of 1971 § 401(1), as defined by Pennsylvania Statue Title 72 § 7401(3) (taxable income). See: The Pennsylvania Code § 153.24 (relating to business income and non business income).

> *"Merely imposing a tax does not establish liability to pay the tax. Liability for taxation must clearly appear from statute imposing a tax. "* Higley vs. Commissioner of Internal Revenue, 69 F.2d 160 (1934). Courts should be acute to distinguish between *an exaction which in substance and reality is what it pretends to be and <u>a scheme to lay a tax upon a nontaxable subject by a deceptive use of words</u>. Macallan Co. vs. Massachusetts 279 U.S. 620 (1929).*

**21.     At All Time Material, Defendants have FAILED** to provide Plaintiff any statutory authority or any adequate evidence that would lead Plaintiff, a reasonable man with reasonable intelligence, to believe that Plaintiff, a nontaxpayer, would be liable for an commercial ad valorem tax on Plaintiff's noncommercial property, that is used only for private use as a home of the owner, and as a matter of substantive right to acquire, possess, own, protect and enjoy property as guaranteed pursuant to the Constitution of Pennsylvania Article I § 1.

> *"The individual, unlike the corporation, <u>cannot be taxed for the mere privilege of existing.</u> The corporation is an artificial entity which owes its existence and charter powers to the state; but, the individual's <u>rights to live</u> and <u>own property</u> are natural rights for the enjoyment of which an <u>excise cannot be imposed."</u> Redfield vs. Fisher, 292 P 813, at 819 (1930).*

# <u>Nature of property rights guaranteed!</u>

> *The right of property has been described as a fundamental, natural, inherent, and inalienable right. <u>It is not ex gratia from the legislature, but ex debito from the Constitution.</u> Vanhorne's Lessee vs. Dorrance (FCC Pa) 2 US. 304, 1 LEd 39l. <u>It existed before the constitutions which protect it. It is sometimes characterized judicially as a sacred right, the protection of which is one of the most important objects of government.</u> Wilinson vs. Leland, 27 US. 627, 7 L Ed 542. Indeed, it is said that l<u>he right of property lies at the foundation of our constitutional government and is necessary to the existence of civil liberty and free institutions</u>, and that there is no greater safeguard to the perpetuity of our republic and traditions and institutions than the responsibility of property ownership. <u>The constitutional prohibition against the deprivation of property without due process of law reflects the high value, embedded in constitutional and political history, that is placed on a person's right to enjoy what is his, free of governmental</u>*

*interference.* *Fuentes vs. Shevin,* 407 US. 67, 32 LEd 2d 556, 92 S Ct 1983, 10 VCCRS 913, reh den 409 U.S. 902,34 LEd. 2d 165,93 S Ct 177. *Lynch vs. Household Finance Corp.,* 405 US. 538, 552.

**22.    Investigation of the documented evidence,** the papers and documents created by all of the Defendants named within this action clearly evidences the misuse and misapplication of governmental process used beyond the scope other than which it was designed to accomplish in order to financially benefit Defendants.

# FACTS RELEVANT TO ALL CLAIMS

*Plaintiff incorporates by reference the facts set forth above as if set forth in full*

**23.    *It is a FACT that*** Plaintiff, as one of the people of the Commonwealth of Pennsylvania, has no knowledge or adequate evidence of any known duty or legal responsibility to perform any financial obligations with Defendants named herein.

**24.    *It is a FACT that*** Plaintiff has no knowledge of, or possession of receipts from any "taxable income" producing activity, or income attributable to real property, performed by Plaintiff within the Commonwealth of Pennsylvania as defined by Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 7401(3).

**25.    *It is a FACT that*** Plaintiff does not conduct any licensed business activity, receiving business income liable to taxation pursuant to Pennsylvania Code § 153.22(a) within the Commonwealth of Pennsylvania requiring a tax report (Tax Return) as specified in the Pennsylvania Real Estate Tax Law § 401(3)2.(a)(3).

**26.    *It is a FACT that*** Plaintiff does not own any residential real property, homestead property (as defined by the Pennsylvania Code § 401.1 Definitions), seated and unseated lands or real estate structures used in any taxable activity by any artificial entities or "person(s)" (as defined by Title 72 P.S. § 7201(n), § 7301(0), § 7401(4) Definitions) who is a "Taxpayer" (as defined by Title 72 § P.S. 7301(w) and § 10003.2 (5) Definitions), receiving business income subject and/or liable for ad valorem taxation, pursuant to the laws of Pennsylvania, requiring a tax report (Tax Return) as specified in the

Pennsylvania Real Estate Tax Law § 401(3)2. (a)(3); and defined in Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 7401(3)2 (a)(3) and (4).

**Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs**
**§ 7201. Definitions**
**(qq) "Real estate structure." A structure or item purchased by a construction contractor pursuant to a construction contract.**
**Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs**
**§ 7301. Definitions**
**(0) "Person" means any individual, employer, association, fiduciary, partnership, corporation or other entity, estate or trust, resident or nonresident, and the plural as well as the singular number.**
**(w) "Taxpayer" means any individual, estate or trust subject to the tax imposed by this article, any partnership having a partner who is a taxpayer under this act, any Pennsylvania S corporation having a shareholder who is a taxpayer under this act and any person required to withhold tax under this article.**

# FACTS OF THE CASE

**27.** **Article 8, § 1**, of the Constitution of Pennsylvania and the Pennsylvania Supreme Court clearly defines the limitations of taxation.

**28.** **Article 8, § 1**, of the Constitution of Pennsylvania, provides, *"All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and **shall be levied and collected under general laws**; ... "*

> *"This means that the classification by the legislative body must be reasonable and the tax **must be applied with uniformity** **upon similar kinds of Business or property** and with substantial equality of the tax burden to all members of the same class* " *... the valuation should be based as nearly as practicable upon market value . ... A tax to be uniform must operate alike on the classes of things or property subject to it. "* Commonwealth vs. Overholt & Co., 331 Pa. 182, 189, 191, 200 A. 849, *Allentown School District Mercantile Tax Case,* 370 Pa. 161,87 A. 2d 480, *Commonwealth vs. Girard Life Insurance Co.,* 305 Pa. 558, 158 A. 262; *Knisely vs. Cotterel,* 196 Pa. 614,46 A. 861; *Dufour vs. Maize,* 358 Pa. 309, 56 A. 2d 675; *Commonwealth vs. McCarthy,* 332 Pa. 465, 3 A. 2d 267; *Dole vs. Philadelphia,* 337 Pa. 375, 11 A. 2d 163.

# Taxation Defined As:

**29.** *The United States Constitution Article I, Section 8, Clause* 1 defines in <u>clear,</u>

<u>unambiguous language</u> the limitations of taxation to duties, imposts and excises as the only form of

taxation to pay debts of and to provide for the needs of the government.

<u>U.S. Constitution</u>
Article I, Section 8, Clause 1: "The Congress shall have power to lay and collect taxes' **duties, imposts**
**and excises** to pay debts and provide for the common defense and general welfare of the United States;
but all duties, imposts and excises shall be uniform throughout the United States."

<u>Duties and imposts</u> are terms commonly applied to levies made by governments on the importation or
exportation of commodities. Excises are 'taxes laid upon the manufacture, sale, or consumption of
commodities within the country, upon licenses to pursue certain occupations, and upon corporate
privileges.' *Cooley, Const. Lim. 7th ed. 680.*

**30.** *In the case of Flint vs. Stone Tracy Co.,* the United States Supreme Court clearly

defined the limitations and scope of taxation pursuant to *Article* 1, *Section* 8, *Clause* 1, of the

United States Constitution in clear plain English;

> *The act now under consideration does not impose direct*
> *taxation upon property solely because of its ownership,*
> *but the tax is within the class which Congress is authorized*
> *to lay and collect under article* 1, § 8 *clause 1 of the Constitution,*
> *and described generally as taxes, duties, imposts, and excises,*
> *upon which the limitation is that they shall be uniform throughout*
> *the United States. Within the category of indirect taxation,*
> *as we shall have further occasion to show, is embraced a*
> *tax upon business done in a corporate capacity. which is*
> *the subject-matter of the tax imposed in the act under*
> *consideration. In the present case the tax is not payable*
> *unless there be a carrying on or doing of business in the*
> *designated capacity and this is made the occasion for the tax,*
> *measured by the standard prescribed.* <u>*The difference between*</u>
> <u>*the acts is not merely nominal, but rests upon substantial*</u>
> <u>*differences between the mere ownership of property and*</u>
> <u>*the actual doing of business in a certain way.*</u> *As was said*
> *in the Thomas Case, 192 U S. supra, the requirement to pay*
> *such taxes involves the exercise of privileges. and the element*
> *of absolute and unavoidable demand is lacking. In other*
> *words, the tax is imposed upon the doing of business of the*
> *character described, and the measure of the tax is to be*
> *income, with the deduction stated, received not only from*
> *property used in business. but from every source. If business*
> *is not done in the manner described in the statute. no tax is*
> *payable. Flint vs. Stone Tracy Co., 220 U.S. 107,31 S. Ct. 342*
> *(1911).*
>
> *If a tax is in its nature an excise, it does not become a property*
> *tax because it is proportioned in amount to the value of the*
> <u>*property used in connection with the occupation. privilege.*</u>
> <u>*or act which is taxed.*</u> *Maine vs. Grand Trunk R. Co. 142 U.S.*

*217,35 LEd 994, 12 S Ct 121, 163. If the tax is in fact imposed
on property, no matter what it may be called, it is a property tax,
and courts will look through form to substance, and will prevent
that from being done by indirection which could not be
accomplished directly. Dawson vs. Kentucky Distilleries &
Warehouse Co. 255 U.S. 288, 65 L Ed 638, 41 S Ct 272;
Choctaw, O. & G. R. Co. vs. Harrison, 235 U.S. 292, 59 L Ed 234,
35SCt27.*

**31.    The two rules of taxation prescribed by the U.S constitution are the rule of
uniformity and the rule of apportionment** and three kinds of taxes, namely, duties, imposts and
excises, all commercial terms truly involving a connection with the privilege of doing business activity or
commerce in general in the state, within or without the United States, such as manufacturing, growing
crops, trade and traffic, buying and selling; and receiving business income conducted within the State by
some legal entity, clearly defined by the Pennsylvania Statutes as the taxpayer that is "subject to" one of
the four taxes specified  under Pennsylvania Statutes Title 72 § 7401 (3)2.(a)(3) and in accordance with
Pennsylvania Code § 153.22(a) and § 401 (3)2.(a)(3) of the Tax Reform Code of 1971.

**Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs**
§ 7401(Definitions)
**(3) "Taxable income."**
2. In case the entire business of any corporation, other than a corporation engaged in doing business as a
regulated investment company as defined by the Internal Revenue Code of 1986, is not transacted within this
Commonwealth, the tax imposed by this article shall be based upon such portion of the taxable income of such
corporation for the fiscal or calendar year, as defined in subclause I hereof, and may be determined as follows:
(a) Division of Income
(3) For purposes of allocation and apportionment of income under this definition, a taxpayer is taxable in
another state if in that state the taxpayer is subject to a net income tax, a franchise tax measured by net income,
a franchise tax for the privilege of doing business, or a corporate stock tax or if that state has jurisdiction to
subject the taxpayer to a net income tax regardless of whether, in fact, the state does or does not.

**Pennsylvania Code § 153.22. Subject to.**
(a) A taxpayer is "subject to" one of the four taxes specified in section 401(3)2.(a)(3) of the TRC (72 P. S. §
7401(3)2.(a)(3)) in a particular state if it carries on business activity in the state and the state in fact requires it
to file, and, in fact, does file one of the four enumerated tax reports based on the business activity. A taxpayer
claiming it is "subject to" one of the four specified taxes may be required by the Bureau to furnish proof that
the taxpayer has filed the required tax report in the other state and the other necessary information.

# Taxable Resident and Taxpayer Defined as:

*"A person liable for a tax is a person subject to a tax and
comes squarely within the definition or a taxpayer in the statue. "
Houston Street Corp. vs. Commissioner, 84 F.2d 821,822
(5th Cir. 1936).*

**32.** _It is a FACT that_ **Pennsylvania Statutes** Title 72 § 3243, § 7201(n), § 7301(w), § 10003.2 (5)(Definitions), and the Pennsylvania code § 153.1 (a) and § 155.1 (a) CLEARLY DEFINES THE TERM "Taxpayer" in clear plain English as all entities organized and incorporated under the statutes of this Commonwealth, the United States or another state, territory, foreign country or dependency, and doing business in this Commonwealth, or carrying on activities in this Commonwealth, or owning property in this Commonwealth, or having capital or property employed or used in this Commonwealth by or in the name of itself, receiving business income liable to taxation within this Commonwealth, or a "person" as applied to corporations the officers thereof required to pay a tax, partnership, association, limited partnership, joint-stock association or corporation liable to taxation within this Commonwealth, who is a taxpayer under article IV, VI, IX, XI or XV of the Tax Reform Code of 1971 and required to pay or collect the tax imposed by this article are taxpayers for purposes of this article. (Tax Reform Code of 1971 see Title 72 P.S. § 7101; article IV, VI, IX, XI and XV). **See exhibit C,C1,C2,C3,C4,C5,C6,C7,C8**

**Pennsylvania Code § 153.1. Taxpayer**
(a) The following entities organized and incorporated under the statutes of this Commonwealth, the United States or another state, territory, foreign country or dependency, and **doing business in this Commonwealth**, or carrying on activities in this Commonwealth, or **owning property in this Commonwealth, or having capital or property employed or used in this Commonwealth** by or in the name of itself, or a person, partnership, association, limited partnership, joint-stock association or corporation are **taxpayers for purposes of this article.**

**Pennsylvania Code § 155.1. Taxpayers.**
(a) _Inclusions._ The following entities organized and incorporated under the statutes of the Commonwealth, the United States or another state, territory, foreign country or dependency and **doing business in and liable for taxation** in this Commonwealth or carrying on activities in this Commonwealth, including solicitation or either owning or having capital or property employed or used in this Commonwealth by or in the name of a limited partnership or joint-stock association, company, corporation, association, copartnership, person or in another manner **are taxpayers for the purpose of this article.**
(1) Corporations having capital stock.
(2) Joint-stock associations.
    (3)  Limited partnerships, including:

**Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs**
**§ 3243. Definitions -**
"Resident." A person, copartnership, or unincorporated association or company, resident, located, or liable to taxation within this Commonwealth, or a joint-stock company or association, limited partnership, bank or corporation, formed, created, or incorporated by, under, or in pursuance of, any law of this Commonwealth or of the United States or of any other state or government, and liable to taxation within this Commonwealth.

**Pennsylvania Statutes Title 72 P.S. Taxation and Fiscal Affairs**
**§ 7201. Definitions**
(e) "Person." Any natural person, association, fiduciary, partnership, corporation or other entity, including the Commonwealth of Pennsylvania, its political subdivisions and instrumentalities and public authorities. Whenever used in any clause prescribing and imposing a penalty or imposing a fine or imprisonment, or both, the term **"person," as applied to an association, shall include the members thereof and, as applied to a corporation, the officers thereof.**
(n) "Taxpayer." Any person required to pay or collect the tax imposed by this article.

**Pennsylvania Statutes Title n Taxation and Fiscal Affairs**
**§ 7301. Definitions**
(0) "Person" means any individual, employer, association, fiduciary, partnership, corporation or other entity, estate or trust, resident or nonresident, and the plural as well as the singular number.
(w) "Taxpayer" means any individual, estate or trust subject to the tax imposed by this article, any partnership having a partner who is a taxpayer under this act, any Pennsylvania S **corporation having a shareholder who is a taxpayer under this act and any person required to withhold tax under this article.**

Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs
§ 7401. Definitions
**(4) "Person."** Whenever used in any clause prescribing and imposing a fine or imprisonment, or both, the term "person," **as applied to associations,** shall mean the partners or members thereof, and as applied to corporations the officers thereof.

**Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs**
§ 10003.2. Estimated tax
(5) "Taxpayer." Any person required to pay a tax imposed by Article IV, VI, IX, XI or XV of this act.

> *"In common usage, the term 'person' does not include the sovereign and statutes employing the word are ordinarily construed to exclude it.* **"U.S. vs. United Mine Workers of America, 330 U.S. 258 67 SCt677 (1947):** *U.S. v. Cooper,* 312 U.S. 600,604,61 S. Ct 742 (1941): *Wilson vs. Omaha Indian Tribe,* 442 U.S. 653, 667 (1979). [t]*he word 'person' in legal terminology is perceived as a general word which normally includes in its scope* **a variety of entities other than human beings.** *Church of Scientology vs. U.S. Department of Justice,* 612 F.2d 417, 425 (1979).*

# Real Estate Subject to Taxation Defined:

**33.**   **The General Assembly of Pennsylvania,** by way of the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §§ 5020-101 to 5020-602, saw fit to enumerate the types of "real estate" used in the **taxpayer's business** that are properly the subject of taxation.

**34.**   In the year 2002 the Supreme Court of Pennsylvania in the case of *Independent Oil and Gas Association of Pennsylvania vs. Board of Assessment Appeals of Fayette County, 814 A.2d 180 (2002)* stated clearly how the definition of "real estate" must be defined within the scope of the General Assembly's limits of taxation pursuant to Article 8, § 1, of the Constitution of Pennsylvania. The Court made the following statement;

> *"To determine if authority to impose the tax at issue here exists. Pennsylvania Statutes Title 72 section 5020-201 (a) of the Assessment Law, titled "Subjects of taxation enumerated," provides, in relevant part, as follows:*

*Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs*
**Chapter 4. Local Taxation**
**General County Assessment Law**

**Article II. Subjects of Local Taxation; Exemptions**
**§ 5020-201. Subjects of taxation enumerated**
The following subjects and property shall, as hereinafter provided, be valued and assessed, and subject to taxation for all county, city, borough, town, township, school and poor purposes at the annual rate:
(a) All real estate, to wit: houses, house trailers and mobile homes, buildings permanently attached to land or connected with water, gas, electric or sewage facilities, buildings, lands, lots of ground and ground rents, trailer parks and parking lots, mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries, and ferries, wharves, all office type construction of whatever kind, that portion of a steel, lead, aluminum or like melting and continuous casting structures which enclose, provide shelter or protection from the elements for the various machinery, tools, appliances, equipment, materials or products involved in the mill, mine, manufactory or industrial process, and all other real estate not exempt by law from taxation.

> **"The General Assembly provided a lengthy list of the specific subjects of taxation to which it was referring. If the General Assembly intended to subject all real estate to "ad valorem" taxation, the lengthy list enumerated thereafter would be meaningless.** *However, "because the legislature is presumed to have intended to avoid mere surplusage, every word. sentence. and provision of a statute must be given effect." Unionville-Chadds Ford School District vs. Chester County Board of Assessment Appeals, 692 A.2d 1136, 1143 (Pa. Cmwlth. 1997), aff'd, 552 Pa. 212, 714 A.2d 397 (1998).*
>
> **We agree with Appellants that the general term "real estate" set forth in Section 201 is limited by the terms further listed therein.** *As provided by Section 1903(b) of The Statutory Construction Act, when examining an act of legislation: General words shall be construed to take their meanings and be restricted by preceding particular words. (Pa. C. S. § 1903(b). This concept is known as the statutory construction doctrine of ejusdem generis. See McClellan vs. Health Maintenance Organization of Pennsylvania, 546 Pa. 463, 686 A.2d 801, 806 (1996)."*

# *Ad Valorem Tax Defined as:*

**35.**   **The United States Supreme Court clearly defines an "ad valorem tax" as a tax on property used in the exercise, conduct, or performance of a privilege, nothing more.**

> *"Thus, it is well settled that a state may collect an ad valorem tax on property used in a calling and at the same time impose*

*a license tax on the pursuit of that calling. The principle that*
*the imposition of both an excise tax on a privilege, activity,*
*occupation, or calling and an ad valorem tax on property*
*used in the exercise. conduct. or performance of such calling.*
*privilege, or activity is not invalid as double taxation is generally*
*recognized. Ohio Tax Cases, 232 U.S. 576, 58 LEd 737, 34 S. Ct 372.*

*Notwithstanding a constitutional requirement that the legislature*
*shall provide for the equal and uniform assessment and taxation*
*of property and prescribe regulations for the taxation of all property*
*both real and personal, with certain exceptions, a tax cannot be*
*laid unless the general assembly selects the particular species*
*of property to bear the burden of taxation. Carmichael vs.*
*Southern Coal & Coke Co. 301 U.S. 495,81 LEd 1245,57 S Ct*
*868, 109 ALR 1327; Bell's Gap R. Co. vs. Pennsylvania, 134*
*U.S. 232, 33 LEd 892, 10 S Ct 533.*

**"Ad valorem tax" (Black's Law Dictionary 6th Edition).**
**According to value. A tax levied on property or an article of commerce in proportion to its value, as**
**determined by assessment or appraisal.** *Callaway vs. City of Overland Park,* **211 Kan. 646, 508 P .2d**
**902, 907.**

# STATEMENT OF FACTS

*Plaintiff incorporates by reference the facts set forth above as if set forth in full.*

**36.** *It is a FACT that Plaintiff, Jeffrey Smiles, owns as a personal estate and*
*possesses* **legal title to land** *(property)* commonly known as 3049 Octagon Avenue, Sinking
Spring, Pennsylvania 19608 as a matter of right to acquire, possess, own, protect and enjoy property to
the exclusion of all others in accordance with the Constitution of Pennsylvania Article 1 § 1, and the
Fifth and Fourteenth Amendments of the U.S. Constitution. **See exhibit (A and B)**

**"Title". (Black's Law Dictionary 6th Edition).**
Title is the means whereby the owner of lands has the just possession of his property. The union of all the elements
which constitute ownership. Full independent and fee ownership. The right to or ownership in land; also, the
evidence of such ownership. Such ownership may be held individually, jointly, in common, or in cooperate or
partnership form. One who holds vested rights in property is said to have title whether he holds them for his own
benefit or for the benefit of another.

**"Estate" (Black's Law Dictionary 6th Edition).**
*"Estate"* is commonly used in conveyances in connection with the words "right," title,' and "interest," and is, in a
great degree, synonymous with all of them. *"The condition or circumstance in which the owner stands with regard
to his property. "* *Boyd vs. Sibold,* 7Wash.2d 279, 109 P.2d 535,539.

**"Personal Property". (Black's Law Dictionary 6th Edition pg.1217).**

"Personal property can refer to property which is not used in a taxpayer's trade or business or held for the production or collection of income. When used in this sense, personal property could include both realty (e.g. personal residence) and personality (e.g. *personal effects* such as clothing and furniture). A right or interest in things personal, or right or interest less than a freehold in realty, or any right or interest which one has in things movable."

> *The common-law concept of property is the right of any*
> *person to possess, use, enjoy, and dispose of a thing.*
> *Willcox vs. Penn Mut. Life Ins. Co.,* 357 Pa 581,55 A2d 521,
> 174 ALR 220. *"Private property is owned and controlled*
> *by private individuals.* **There is no monetary or proprietary**
> **interest that a government at any level has in controlling**
> **property belonging to a private individual.** *The property*
> *owner decides with whom he/she wishes to negotiate, procure*
> *a contract, dispose of or improve property." **Jones vs. Mayer Co.,***
> **392 U.S. 409 (1968).**

## 37.    It is a FACT that Plaintiff, a non taxpayer, DOES NOT own any *"Residential Real Estate" as* defined by Pennsylvania Statutes 72 § 5020-20 1 (a) made taxable by the Pennsylvania Real Estate Tax Law Act.

## 38.    It is a FACT that Plaintiff, a nontaxpayer, DOES NOT exercise, conduct, or

perform any business or taxable use with said property *(3049 Octagon Avenue, Sinking Spring)* as defined by Pennsylvania Statutes Title 72 § 7201 (0) receiving business income that could and/or would create receipts from any "taxable income" producing activity and/or income attributable to real property as defined by Pennsylvania Statutes Title 72 § 7401(3) setting a business situs for collection of an ad valorem tax assessments pursuant to Pennsylvania Statutes Title 53 § 8842(a)(b) and (c) (Valuation of property) and Title 53 § 30790 (Powers and duties of municipal authorities as to tax liens).

**"Business situs" (Black's Law Dictionary 6th Edition).**
**A situs acquired for tax purposes by one who has carried on business in the state more or less permanent in its nature.** A situs arising when notes, mortgages, tax sale certificates and like are brought into the state for something more than a temporary purpose, and are devoted to some business use there and thus become incorporated with the property of the state for revenue purpose. A situs arising where possession and control of property right has been localized in some independent business or investment away from owner's domicile so that its substantial use and value primarily attach to and become an asset of the outside business. *State vs. Atlantic Oil Producing Co., 174* Okl. 61,49 P.2d 534,538.

> *In general, a state may tax everything which exists by its*
> *authority or is **introduced by its permission within its***
> ***boundaries. While restricted to taxation of property having***
> ***a taxable situs** within the territorial jurisdiction of the state,*
> *the legislature may extend taxation to all persons and to all*
> *property real or personal within its jurisdiction.*
> *Frick vs. Pennsylvania,* 268 U.S. 473, 69 LEd 1058,45 S Ct 603,
> 42 ALR 316; *Thompson vs. Kentucky,* 209 U.S. 340, 52 L Ed

822,28 S Ct 533.

**39.** *It is a FACT that* **NO evidence exists** on the Berks County public records that Plaintiff is a "taxpayer" "franchise" or a "taxable resident/inhabitant" organized and incorporated under the statutes of any Commonwealth liable to taxation within the Commonwealth as defined by Pennsylvania Statutes Title 72 § 7201(n), § P.S. 7301(w) and the Pennsylvania code § 153.1 (a) and § 155.1 (a). **See exhibit (C,C1,C2,C3,C4,C5,C6,C7,C8)**

> *It is equally well settled that the Revenue laws relate only*
> *to taxpayers. No procedure is prescribed for a nontaxpayer*
> *where the Government seeks to levy on property belonging*
> *to him for the collection of another's tax, and no attempt has*
> *been made to annul the ordinary rights or remedies of a nontaxpayer*
> *in such cases. Adler vs. Nicholas, 166 F.2d 674,678*
> *(10th Cir. 1948).*

> *"A person liable for a tax is a person subject to a tax and*
> *comes squarely within the definition of a taxpayer*
> *in the statue. "* Houston Street Corp. vs. Commissioner, 84 F .2d
> 821,822 (5th Cir. 1936).

**40.** **It is a FACT that Plaintiff, a nontaxpayer,** has no knowledge of any requirement by law or regulation to furnish any tax returns (tax reports) or other documents pertaining to Plaintiff's home/ noncommercial property to the Pennsylvania Department of Revenue or Defendants, BRENDA S. SHAW, and/or the BERKS COUNTY TAX CLAIM BUREAU pursuant to Pennsylvania Statutes Title 72 § 4843.1(a) ("Return by taxpayer").

# Policy and Custom of Defendants

**41.** **It is a FACT that** *all* **Defendants,** as a matter of custom, usage and policy, are clearly being trained to believe their conduct and actions as complained of herein fall within their constitutional duty to protect Plaintiffs right to possession of his property.

**42.** **Inspection of the Berks County public records clearly evidences that Defendant, COUNTY OF BERKS aka BERKS COUNTY's,** unconstitutional practices and misuse of the state revenue codes/statutes as applied to the People's noncommercial

property appears to be occurring upon tens of thousands of properties similarly situated in the County of Berks as Plaintiff's home. Such conduct amounts to a policy indifference to plaintiffs constitutional right to property ownership. This custom and/or policy did cause the constitutional deprivations complained of. See *Gallegos vs. Haggerty, N.D. of New York, 689* F. Supp. 93 (1988).

**"Commercial". (Black's Law Dictionary 6th Edition).**
Relates to or is connected with trade and traffic or commerce in general; is occupied with business and commerce. *Anderson v. Humble Oil & Refining Co.,* 226 Ga. 252, 174, S.E.2d 415, **416. (Generic term for most all aspects of buying and selling).**

**43.     *It is a FACT that all* Defendants** are working in concert with each other under color of constitutional authority by way of some underground policy and have created false entries and a fictitious classification of Plaintiff and Plaintiff's property under color of Pennsylvania statutes Title 72 § 5341.13(a)(b)(c) and (d) (Assessment at actual value) by falsifying the classification (as residential real estate) of Plaintiff's property with intent to create a false "Assessment at actual value" and a fictitious taxable situs for recurrent ad valorem taxes of Plaintiff's home under color of the Pennsylvania Real Estate Tax Law Act. (Tax Reform Code of 1971)

**"Situs" *Lat.* (Black's Law Dictionary 6th Edition).** Location or place of crime or business, or the right or power to tax it. Situs of property, for tax purposes, is determined by whether the taxing state has sufficient contact with personal property sought to be taxed to justify in fairness the particular tax. *Town of Cady vs. Alexander Const. Co.,* 12 Wis2d 236, 107 N.W.2d 267,270.

**44.     *It is a FACT that all* Defendants,** as a matter of custom and policy, are clearly being trained to believe that the Pennsylvania tax statutes, by way of a recurrent ad valorem tax, applies to the People's noncommercial property that CLEARLY has NO taxable business situs for county purposes within the state of Pennsylvania, as defined by the United States Supreme Court in *Frick vs. Pennsylvania,* 268 U.S. 473, 69 LEd 1058,45 S Ct 603,42 ALR 316. (Also see *Thompson vs. Kentucky,* 209 U.S. 340, 52 L Ed 822,28 S Ct 533; *State vs. Atlantic Oil Producing Co., 174* Okl 61,49 P.2d 534,538)

**"Commercial Use". (Black's Law Dictionary 6th Edition).**
Term implies use in connection with or for furtherance of a profit-making enterprise. *Roberts Enterprises, Inc. vs. Secretary 0f Transp.,* 237 Kan. 276, 699 P.2d 479,483.

*<u>In general, a state may tax everything which exists by its
authority or is introduced by its permission within its
boundaries. While restricted to taxation of property having</u>*

*a taxable situs within the territorial jurisdiction of the state,
the legislature may extend taxation to all persons and to
property real or personal within its jurisdiction.
Frick vs. Pennsylvania, 268 U.S. 473, 69 L Ed 1058,45 S
Ct 603,42 ALR 316.*

**45.**   ***It is a FACT that* all Defendants,** as a matter of custom, policy, practice and usage , are clearly being trained to believe that the people of Pennsylvania have authorize the political subdivisions of the Commonwealth of Pennsylvania to levy and collect a commercial ad valorem tax on the **People's noncommercial property, that they own for private use and/or as a home of the owner and as a matter of substantive right,** to acquire, possess, protect and enjoy to the exclusion of all others in accordance with the Constitution of Pennsylvania Article 1 § 1, and the Fifth and Fourteenth Amendments of the United States Constitution. See *Willcox vs. Penn Mut. Life Ins. Co., 357 Pa 581,55 A2d 521, 174 ALR 220.*

**46.**   ***It is a FACT that* Defendants are clearly being trained** to believe that the municipal corporations and/or political subdivisions of the Commonwealth of Pennsylvania pursuant to Pennsylvania Statutes Title 53 (Municipal and Quasi-Municipal Corporations) and Pennsylvania Statutes Title 72 (Taxation and Fiscal Affairs) as a matter of custom and policy; can create financial instruments and manufacture a tax deed on a noncommercial piece of property and sell said deed under color of Pennsylvania Statutes Title 72 § 5873 (Sale of lands purchased by county at sheriff's sale on judgment for unpaid taxes) without due process of law contrary to the clearly established laws of Pennsylvania and the United States of America.

**THERE IS NO CONSTITUTIONAL AUTHORITY THAT ALLOWS FOR
ANY GOVERNMENTAL ENTITY TO TAKE PROPERTY FROM THE
PEOPLE THEY WORK FOR TO FUND THEIR GOVERNMENTAL
FUNCTIONS AND OPERATIONS, NONE**

**47.**   ***It is a FACT that* Defendants, COUNTY OF BERKS aka BERKS COUNTY and BERKS COUNTY TAX CLAIM BUREAU'S** gross negligence to manage the subordinates who are committing the unconstitutional practices, misuse and perversion of the tax process have a duty to know their job as constitutional officers of the state of Pennsylvania and to protect

Plaintiff's Constitutional rights pursuant to their oath and provide adequate evidence of their authority that authorizes their purported governmental actions upon Plaintiff and/or Plaintiff's property.

**48.** *Defendants' misuse,* **misapplication and unconstitutional application** of the Pennsylvania tax code is truly a tortious abuse of process as defined by the Pennsylvania Restatement of Torts, § 682, as follows:*One who uses a legal process, whether criminal or civil, against another to accomplish a purpose for which it is not designed is liable to the other for the pecuniary loss caused thereby. '*

**49.** **The laws of Pennsylvania governs this diversity suit**, and the fact that the elements of the cause of action for abuse of process are the same under that law is revealed by the following statements made by the Pennsylvania Supreme Court.

> *'An abuse is where the party employs it for some unlawful object, <u>not the purpose which it is intended by the law to effect</u>; in other words, a perversion of it. ' Mayer vs. Walter,* 1870, 64 Pa 283, 285-286. *'The gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it' Publix Drug Co. vs. Breyer Ice Cream Co.,* 1943,347 Pa. 346, 348, 32 A.2d 4l3, 415; See, *Morphy vs. Shipley,* 1945, 351 Pa. 425, 41 A.2d 671. *The action for abuse of process therefore lies where there has been a use of process for some collateral purpose and it is clear that the process must have been intentionally used for that wrongful purpose.* See Prosser, Torts 894-895, and under Pennsylvania law, See *Barnett vs. Reed,* 1865, 51 Pa. 190, 196. *Psinakis vs. Psinakis,* 221 F. 2d 418 (3fd Cir.1955).

**50.** **Defendants' practice of the falsification and misclassification of their tax rolls** is so widespread that it has acquired the force of law as an official policy and custom of Defendant BERKS COUNTY TAX CLAIM BUREAU and Defendant COUNTY OF BERKS aka BERKS COUNTY.

**51.** *WHEREFORE,* Defendant's policy of false entries and the fictitious classification of Plaintiff's property on their tax rolls under color of the Pennsylvania tax code/statutes is violative of Plaintiff's substantive rights to property ownership and procedural due process guaranteed

pursuant to the Constitution of Pennsylvania Article 1 § 1, § 9, § 10 and § 11 and the fourth, Fifth and Fourteenth Amendments of the United States Constitution **and have done so to wit:**

# Public Records Request
## Right-to-Know Law

**52.**      On the 21 st day of June and the 12th day July 2013, Plaintiff filed public records requests in accordance with the act of February 14,2008 (P.L.6, No.3), known as the Right-to Know Law, requesting DUANE J. RASHLICH acting at the time as the Berks County Assessor and as agent for Defendant, BERKS COUNTY TAX CLAIM BUREAU to provide Plaintiff the OFFICAL procedures enacted by the legislature of Pennsylvania *(enacting clause, statutes, session laws, legislative certification and Common-law rules)* that lawfully authorizes the Defendant BERKS COUNTY TAX CLAIM BUREAU (Berks County Assessments Office) to assess an ad valorem property tax upon Plaintiff's noncommercial property that is occupied only as a dwelling shelter of the owner. **See exhibit (D and E)**

**53.**      On the 28th day of May 2016, Plaintiff filed a public records request in accordance with the act of February 14, 2008 (P.L.6, No.3), known as the Right-to-Know Law, requesting LISA LOCH acting at the time as the Berks County Assessor and as agent for Defendant, BERKS COUNTY TAX CLAIM BUREAU to provide a copy of the assessment for Plaintiff's property as mandated by Pennsylvania Statutes Title 72 § 5341.13 and Title 53 § 8811(a) (Subjects of local taxation). **See Exhibit (F),(F1)**

# Defendants Failed to Provide the Documents Requested.

**54.**      **It is a FACT that**  the Berks County Assessor acting at the time as agent for Defendant, COUNTY OF BERKS aka BERKS COUNTY, **FAILED to** *provide the statutes and/or adequate evidence based in law of their authority that authorizes* Defendant BERKS COUNTY TAX CLAIM BUREAU (Berks County Assessments Office) to assess an ad valorem

property tax upon Plaintiff's noncommercial property as requested, pursuant to the Pennsylvania open records act!

**55.    *It is a FACT that*** *the* Berks County Assessor, acting at the time as agent for Defendant, BERKS COUNTY TAX CLAIM BUREAU, **FAILED to *provide an assessment* as mandated by Pennsylvania Statutes Title 72 § 5341.13** for Plaintiff's noncommercial property as requested, pursuant to the Pennsylvania open records act and in accordance with Pennsylvania Statutes Title 53 (Municipalities Generally) § 8841(d)(l) and (2) (Public inspection of assessment roles)!

# PROBABLE CAUSE

*Plaintiff incorporates by reference the facts set forth above as if set forth in in full.*

**56.    *The lack of response*** from the Berks County Assessors Office, acting at the time as agent for Defendant, BERKS COUNTY TAX CLAIM BUREAU, to Plaintiff's requests to produce their authority to levy a commercial ad valorem property tax on Plaintiff's noncommercial property, and their FAILURE to provide a assessment for Plaintiff's property as mandated by Pennsylvania Statutes **Title 72 § 5341.13 and Title 53 § 8811(a) (Subjects of local taxation),** has led Plaintiff to believe that Defendant, BRENDA S. SHAW, and KATHE E. STANISLAW, acting as the Berks County Assessor and interim assessor, and agent for the Defendant BERKS COUNTY TAX CLAIM BUREAU, has falsified the classification of Plaintiff's property, which is not taxable by law, with intent to deceive, mislead, injure, and defraud Plaintiff and others to collect a recurrent ad valorem tax that Defendant, BRENDA S. SHAW and KATHE E. STANISLAW , acting as the Berks County Assessors for Defendant COUNTY OF BERKS aka BERKS COUNTY, is not authorized to assess pursuant to Pennsylvania Statutes **Title 72 (Taxation and Fiscal Affairs) and/or Title 53 (Municipal and Quasi-Municipal Corporations).**

## BERKS COUNTY ASSESSMENT OFFICE

**57.    At all Times Material,** Plaintiff is not in commerce, has no business or ownership interest in any property/lands, seated and unseated, owned by any "artificial entities," "franchises," "taxpayers" and/or a "taxable residents" organized and incorporated under the statutes of the Commonwealth, made taxable by the Pennsylvania Real Estate Tax Law Act (Tax Reform Code of 1971), in accordance with

article 8 of the Constitution of Pennsylvania nor is subject to one of the four taxes specified under Pennsylvania Statutes Title 72 § 7401 (3)2.(a)(3) and pursuant to the Pennsylvania Code § 153.22(a) and § 401 (3)2.(a)(3) of the Tax Reform Code of 1971.

**58.     Defendant, COUNTY OF BERKS aka BERKS COUNTY's,** actions and conduct is a clear indictment of Defendants' **custom, policy and usage** that Plaintiff cannot exercise his **constitutional right to peaceful enjoyment and possession of his property**, free of governmental interference and pursuant to the Pennsylvania State Constitution Article 1§ 1, **unless Plaintiff** can **pay a commercial ad valorem** property tax upon Plaintiff's **noncommercial property** which is **not taxable by law!**

> *"It could hardly be denied that a tax laid specifically on the exercise of those freedoms would be unconstitutional"* Murdock vs. Pennsylvania, 319 U.S. 105480-487 (1943). *" ... the individuals' rights to live and own property are natural rights (or the enjoyment of which an excise cannot be imposed."* Redfield vs. Fisher, 292 P. 813, 135 Or. 180, 294 P.461, 73 A.L.R. 721. *" ... the power to tax the exercise of a privilege is the power to control or suppress its enjoyment. "* Jones vs. Opelika, 316 U.S. 584, 56 S. Ct. 444 (1943); Follett vs. McCormick, 321 U.S. 573 64 S. Ct. 717 (1944).
>
> *If the right is one guaranteed by the Constitution, it must be as sacred from State taxation.* Crandall vs. State of Nevada, 73 U.S. 35 (1867). *" ... the power to tax is so far limited that it cannot be used to impair or destroy rights that are given or secured by the supreme law of the land. "* Connolly vs. Union Sewer Pipe Co., 184 U.S. 540, 563 (1902).

**59.     *All Defendants named herein are acting under color of authority*,** in their individual, official and professional capacity, through a clear and affirmative abuse of power, and are doing so with the intent to permanently deprive Plaintiff of his property rights by way of a simulated legal process while clothed with state authority.

**60.     At all Times Material** Defendants named herein are the cause, in fact, of Plaintiff's deprivations, denying the peaceful enjoyment and possession of his property, as a matter of right, guaranteed in accordance with the Pennsylvania State Constitution Article I §1, §9, §10 and §11, the Fifth and Fourteenth Amendments to the United States Constitution.

**61.**   *It is a FACT that ALL* **Defendants** named herein are clearly violating criminal laws of the United States of America and the State of Pennsylvania to wit as follows:

## BRENDA S. SHAW and KATHE E. STANSILAW
### Former Director and interim Director of the Berks County Assessment Office.

**62.**   *Defendant,* **BRENDA S. SHAW** was employed by the County of Berks, and was doing business and acting in her individual and official capacity as the Director of the Berks County Assessment Office and was charged with the duty of keeping accounts and records pursuant to the duties set forth by Pennsylvania Statutes Title 53 § 8831(a)(b)(c) and (d) (Chief assessor).

**63.**   *Defendant* **KATHE E. STANISLAW** is the interim Director of the Berks County Assessment Office and charged with the duty of keeping accounts and records pursuant to the duties set forth by Pennsylvania Statutes Title 53 § 8831(a)(b)(c) and (d) (Chief assessor).

## Misclassification of Plaintiff's property

**64.**   *It is a FACT that;* Plaintiff does not own any commercial residential real property, homestead property (as defined by the Pennsylvania Code § 401.1 Definitions), seated and unseated lands or real estate used in any taxable activity made subject to and/or liable to taxation, pursuant to the laws of Pennsylvania, requiring a tax report (Tax Return), as specified in the Pennsylvania **Real Estate Tax Law § 401(3)2. (a)(3); and defined in Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 7401(3)2 (a)(3) and (4).**

**65.**   *It is a FACT that for* over the last 45 years, Plaintiff as a nontaxpayer, has never filed a certified return, pursuant to Pennsylvania Statutes Title 72 § 7215 (Persons required to make returns), pertaining to Plaintiff's home/noncommercial property, as required by a "resident" taxpayer as defined by Pennsylvania Statutes Title 72 § 3243, § 7201(n), § 7401(4) and the Pennsylvania code § 153.1(a) and/or § 155.1 (a) and in accordance with Pennsylvania Statutes Title 72 § 4843. 1 (2)(b)(c)(d) ("Return by taxpayer") and/or § 3245 (Returns and payment of tax).

**66.**   *It is a FACT that* over the last 45 years, Plaintiff, a nontaxpayer, has never been penalized for not filing a return in an accordance with **Pennsylvania Statutes Title 72 § 214.**

("**Failure to file**") and pursuant to **Pennsylvania Statutes Title 72 § 4843.1(2)(c)(d) ("Return by taxpayer"),** pertaining to Plaintiff's home/noncommercial property.

## <u>WITHOUT A RETURN FILED WITH THE ASSESSOR THERE CAN BE NO ASSESSMENT!</u>

*<u>Assessment officer shall sign the summary record of assessments made against any taxpayer.</u>* that said, *<u>acting through supporting records</u>, shall provide identification of the taxpayer, the character of the assessed, the taxable period as applicable, and the amount of the assessment. <u>The date o(the assessment is the date of the summary record that is signed by an assessment officer</u>.* (See 26 U.S.C. *A. sec. 301. 6203(1), code of federal regulations*).

*"Assessment certification <u>must be signed or the certificate is void.</u> "<u>Since the certificate lacks the required signature it cannot constitute a valid assessment."</u>* (Id., at 865, 66) *Brafman vs. U.S.* 384, F.2d 863 5th Cir.1967).

**67.   Investigation of the documented evidence**, shows that neither Defendant SHAW nor STANISLAW,  had an assessment of Plaintiff's noncommercial property in accordance with Pennsylvania Statutes Title 72 § 5341.13 (Assessment at actual value; determination of actual value), Pennsylvania Statutes Title 53 § 8842(a)(b) and (c) (Valuation of property) and **THE GENERAL COUNTY ASSESSMENT LAW** , Act of May 22, 1933, P.L. 853, No. 155 Article IV (a) Triennial Assessments § 402 (c). **See exhibit (D) (E) (F) (F1)**

**Pennsylvania Statutes Title 72Taxation and Fiscal Affairs**
**§ 5341.13. Assessment at actual value; determination of actual value**
(a) All property within the county now or hereafter **made taxable by law**, shall be valued by the assessors and assessed by the board at the actual value thereof. In arriving at actual value the county may utilize the current market value or it may adopt a base year market value.
(b) The board shall assess real property at a value based upon an established predetermined ratio which may not exceed one hundred percent of actual value. Such ratio shall be established and determined by the governing body after proper notice has been given.
(c) In arriving at actual value, **the price at which any property may actually have been sold. either in the base year or in the current taxable year,** shall he considered but shall not be controlling. In  arriving at the actual value, all three methods: namely, cost (reproduction or replacement, as applicable, less depreciation and all forms of obsolescence), comparable **sales and income approaches, must be considered in conjunction with one another.**
 (d) The board shall apply the established predetermined ratio to the actual value of all real property to formulate the assessment roll.

**68.** *At all times material,* over the last 45 years the Director of the Berks County Assessment Office, as a **matter of custom and policy and usage,** and under color of tax statutes, has **misclassified Plaintiff's property as residential,** for the purpose of applying the provisions of the Pennsylvania Real Estate Tax Law Act of July 7, 1947, P.L. 1368, No. 542, Tax Reform Code of 1971, thereby committing illegal Revenue Acts upon Plaintiffs noncommercial property.

> *The courts may not create nonstatutory taxpayers for the purpose of applying the provisions of the Revenue Acts, since the statutory definition of "taxpayer" is exclusive.*
> *Trustees of Lumber Inv. Ass 'no vs. Commissioner on Internal Revenue.* 100 F.2d 18 (1938).

# Falsification of the Tax Rolls

**69.**    *It is a FACT that Both* Defendants,SHAW and STANISLAW, charged with the duty of keeping accounts and records, did falsify the COUNTY OF BERKS assessment roll acting under color of Pennsylvania Statutes Title 53 § 30752 (Assessment of taxes) and Title 53 § 8831 (c)(4) (Duties of chief assessor), by including Plaintiff's noncommercial property, which is not taxable by law, on the active tax rolls with intent to deceive, mislead, injure, and defraud Plaintiff and others, to collect a recurrent ad valorem tax that Defendant, BRENDA S. SHAW and KATHE E. STANISLAW, were not authorized to assess for collection, pursuant to Pennsylvania Statutes Title 72 (Tax Reform Code of 1971), thereby creating a false and fictitious entry to a official document, as a matter of custom and policy, and in violation of the laws of the State of Pennsylvania   Title 18 Pa. C.S.A. § 4114 (execution of documents by deception) and United Commonwealth code Title 18 § 2073 (False entries and reports of moneys or securities).

# Violation of Clearly Established Law by BRENDA S. SHAW and KATHE E. STANISLAW

**70.**    *These acts of official misconduct by Defendants,* SHAW and STANISLAW, is truly conduct unbecoming of a public servant and a breach of their fiduciary duty owed to Plaintiff and

the People of Pennsylvania pursuant to Pennsylvania Statutes **Title 18 § 5301(1)(2), (Official oppression).**

**71.    *AT ALL TIMES MATERIAL*** Defendants SHAW and STANISLAW, acting as Berks County Assessors, did prevent Plaintiff from acquiring information which affected Plaintiff's judgment of a purported transaction that never occurred, and did create a false impression as to law, with intent to exercise unlawful control over Plaintiff's home/ noncommercial property, under color of tax statutes, with intent to financially benefit Defendants, BRENDA S. SHAW, KATHE E.STANISLAW, BERKS COUNTY TAX CLAIM BUREAU, BERKS COUNTY and others not entitled thereto, constituting a "Theft" under Pennsylvania state law as deemed by Pennsylvania Statutes **Title 18 § 3922(a)(1)(2) (Theft by deception) and pursuant to Pennsylvania Statutes Title 18 § 3921(b)**

**(Theft by unlawful taking).**
**Pennsylvania Statutes Title 18 Pa. C.S.A. Crimes and Offenses**
**§ 3922. Theft by deception**
(a) Offense defined. -- A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:
(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise.
(2) prevents another from acquiring information which would affect his judgment of a transaction.

**Pennsylvania Statutes Title 18 Pa. C.S.A. Crimes and Offenses**
**§ 3921. Theft by unlawful taking or disposition**
(b) Immovable property. --A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

**72.    Defendants, SHAW's and STANISLAW's** failure to provide an assessment, signed by an assessment officer, pursuant to Pennsylvania statute Title 72 § 5341.13, that would evidence the business income received from Plaintiff's home/noncommercial property, is clear evidence that Defendants, did create false entries and a fictitious classification of Plaintiff as a "Taxpayer" and Plaintiff's home/noncommercial property as A residential/commercial franchise, and did so under color of authority (Tax Reform Code of 1971 § 401(1), in violation of clearly established laws of the United States of America, Title 26 U.S.C. § 7214(a)(1) (willful oppression under color of law), Title 18 U.S.C. § 2071 (b) (unlawfully falsifies records, books, documents, papers, or other things), Title 18 U.S.C. § 2073 (false reports of securities entries) and the state of Pennsylvania Title 18 Pa. C.S.A. Crimes and Offenses § 4114, § 4911(a)(1 )(2) (Tampering with public records or information), and § 5301(1)(2) (Official oppression). **See exhibit (G) (Plaintiff is address ed as "Taxpayer" )**

**TITLE 26 - INTERNAL REVENUE CODE**
Subtitle F - Procedure and Administration

CHAPTER 75 - CRIMES, OTHER OFFENSES, AND FORFEITURES
Subchapter A - Crimes
PART I - GENERAL PROVISIONS
Sec. 7214. Offenses by officers and employees of the United States
(a) Unlawful acts of revenue officers or agents. Any officer or employee of the United States acting in connection with any revenue law of the United States
(1)  who is guilty of any extortion or willful oppression under color of law; or

**Pennsylvania Statutes Title 18 Pa. C.S.A. Crimes and Offenses**
**§ 4114. Securing execution of documents by deception**
A person commits a misdemeanor of the second degree if by deception he causes another to execute any instrument affecting or purporting to affect or likely to affect the pecuniary interest of any person.

**Pennsylvania Statutes Title 18 Pa. C.S.A. Crimes and Offenses**
**§ 5301. Official oppression**
A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he:

(1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or

(2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

# <u>Violation of Substantive Rights</u> by BRENDA S. SHAW and KATHE E. STANISLAW

**73.**    **The methods, standards and policy** employed by Defendants, SHAW and STANISLAW, acting in their individual and official capacity as the Berks County Assessors and agents for Defendant BERKS COUNTY TAX CLAIM BUREAU, in relation to Plaintiff's property, which is not taxable by law, were illegal and non-uniform and any interim ad valorem tax assessments for the years 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018 were created under color of Pennsylvania Statutes Title 72 § 5511.5a (Interim assessment) and are illegal and void.

**74.**    ***It is a FACT that Defendants,*** SHAW and STANISLAW, have breached their fiduciary duty OWED to Plaintiff and the People of Pennsylvania and has impeded and oppressed Plaintiff's substantive rights to peaceful possession and enjoyment of Plaintiff's property ownership rights and Plaintiff's procedural due process rights, pursuant to the Pennsylvania State Constitution Article I § 1, § 9 and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and did so under color of statute, and usage of state revenue codes.

# LILLIAN B. CRAMSEY
### Tax Collector for Spring Township

**75.**    **Defendant, LILLIAN B. CRAMSEY** is employed by the County of Berks, doing business and acting in her individual and official capacity as the Tax Collector for Spring Township as agent for Defendant, BERKS COUNTY TAX CLAIM BUREAU.

# Fictitious Obligations

**76.**    **Between January 2011 through September 2018 Defendant revenue officer LILLIAN B. CRAMSEY,** as a matter of custom, policy and usage, acting in conjunction with her duties and her official capacity as the Tax Collector for Spring Township and agent for Defendant **BERKS COUNTY TAX CLAIM BUREAU,** acting under color of Pennsylvania state statute Title 53 § 30790 (Powers and duties of municipal authorities as to tax liens), with the intent to defraud Plaintiff, a nontaxpayer, of his home/property; did print, process and produce under color of Pennsylvania statute Title 72 § 5860.302 (Lien entitlement), counterfeit and fictitious instruments of claim through a scheme of taxation, to be an actual "Lien of taxes" ("financial instrument" "legal document"), as defined by Title 18 U.S.C § 513 (c) (1)(3), on Plaintiff's Property, which is not taxable by law, and issued under color of authority of **BERKS COUNTY,** a political subdivision of the state of Pennsylvania. See exhibit (G)- purported Tax Bill No. 8358, (H)- No. 8341, (1)- No. 8358, (J)- No. 8382, (K)- No. 8383, (L)- No. 8410.

**Pennsylvania Statutes Title 72 P.S. Taxation and Fiscal Affairs**
**§ 5860.302. Lien entitlement**
The lien for taxes shall exist in favor of the taxing district to which the tax is payable and the claim therefore shall be filed against the property taxed.

**77.**    **Defendant revenue officer LILLIAN B. CRAMSEY,** as a matter of custom and policy, did act under color of Pennsylvania statute Title 72 § 3250-6(a) (Lien of taxes) and Pennsylvania statute Title 53 § 30790 (Tax Reform Code of 1971), as a vehicle for creating a fictitious liens upon nonexistent franchises of real property.

**Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs**
**§ 3250-6. Lien of taxes**
(a) All taxes, imposed under the third section of this act, [FN 1] together with all penalties and interest, shall be considered a public account after becoming due and payable in the manner prescribed in this act, and as such shall be a lien upon the franchises and real property of the resident against whom the same are assessed, after the same has been entered and docketed of record by the prothonotary of the county where the resident's franchises or property are situated.

**78.**    **Defendant revenue officer, LILLIAN B. CRAMSEY's,** actions violates Title 18 U.S.C § 514 (a)(1)(2)(3), (b) and (c) and Pennsylvania Statutes Title 18 Pa. C.S.A. Crimes and Offenses § 4114 and § 4911(a)(I)(2) (Tampering with public records or information).

# Securities Fraud

**79.**    **Between January 2011 through September 2018 Defendant revenue officer LILLIAN B. CRAMSEY,** charged with the duty of keeping accounts and records, acting in connection with her duties and her official capacity as the Tax Collector for Spring Township and agent for Defendant, **BERKS COUNTY TAX CLAIM BUREAU,** acting under color of Pennsylvania statute Title 53 § 30790 (Powers and duties of municipal authorities as to tax liens), did create and manufacture counterfeited securities against Plaintiff's home/noncommercial property, which is not subject to taxation by law, under color of Pennsylvania statute Title 72 § 8110-D (Lien), § 3250-6 (Lien of taxes), § 5860.302 (Lien entitlement) and § 5873 (Sale of lands purchased by county at sheriffs sale on judgment for unpaid taxes). **See exhibit (G)- purported Tax Bill No. 8358, (H) No. 8341, (I)- No. 8358, (J)- No. 8382, (K)- No. 8383, (L)- No. 8410.**

**80.**    **Defendant revenue officer, LILLIAN B. CRAMSEY,** acting under color of authority, as matter of custom, policy and usage, did create a false impression and fictitious "certificate of interest in property" as defined by Pennsylvania statute Title 18 § 3922(a)(1) (Theft by deception) and Title 18 U.S.C § 513 (c) (1)(3) and § 2311 in the name of the Tax Collector for Spring Township, with the intent to deceive Plaintiff and others and that it be so used as a security interest in property owned by Plaintiff.

**81.**    **At all times material Defendant LILLIAN B. CRAMSEY,** acting as the Tax Collector for Spring Township, as agent for Defendant BERKS COUNTY TAX CLAIM BUREAU, as a matter of custom and policy, did manufacture counterfeited securities against Plaintiff's property in violation of the clearly established laws of the State of Pennsylvania Title 18 Pa. C.S.A. § 4114 (execution of documents by deception), § 4911(a)(1)(2) (Tampering with public records or information), Pennsylvania statute Title 70 Securities § 1-511(a)(b)(c) (Criminal penalties) and the United States of America Title 18 U.S.C § 513 (a)(b), Title 18 U.S.C §1348(2), see Title 15 U.S.C.78o(d).

# **Falsification of the Tax Rolls**

**82.**   *It is a FACT that* Defendant, LILLIAN B. CRAMSEY, charged with the duty of keeping accounts and records, acting in connection with her duties and her official capacity as the Tax Collector for Spring Township and agent for Defendant BERKS COUNTY TAX CLAIM BUREAU, charged with the duty of keeping accounts and records, did falsify the COUNTY OF BERKS assessment roll by including Plaintiff's noncommercial property and did do so under color of authority, as a matter of policy by signed affidavit of return to the bureau, submitted under color of Pennsylvania statute Title 72 § 5860.306 (Return of property and delinquent taxes).

**Pennsylvania Statutes Title 72 P.S. Taxation and Fiscal Affairs**
**§ 5860.306. Return of property and delinquent taxes; interest; settlements by tax collectors**
(a) It shall be the duty of each receiver or collector of any county, city, borough, town, township, school district or institution district taxes to make a return to the bureau on or before the last day of April of each year, but no earlier than the first day of January of that year. The return shall be typewritten on a form provided by or acceptable to the county and shall include a list of all properties against which taxes were levied, the whole or any part of which were due and payable in the calendar year immediately preceding and which remain unpaid, giving the description of each such property as it appears in the tax duplicate, and the name and address of the owner as it appears in the tax duplicate, together with the amount of such unpaid taxes, penalties and interest due to but not including the first day of the month following the return. Such return shall be accompanied by a signed affidavit that the return is correct and complete. Interest shall be charged on taxes so returned from and after but not before the first day of the month following the return. Interest shall be charged at the rate of nine per centum (9%) per annum.

**83.**   **The act of  including Plaintiff's noncommercial property on the COUNTY OF BERKS tax rolls, which is not subject to taxation by law,** Defendant, LILLIAN B. CRAMSEY, did create false securities and counterfeit instruments as defined by Title 18 U.S.C § 513 (c) (1)(3), through a scheme of taxation, as a matter of policy, to be an actual "Lien of taxes" ("financial instrument" "legal document") (See "Pennsylvania Securities Act of 1972"), on Plaintiff's noncommercial Property, setting a fictitious business situs for collection of recurrent ad valorem taxes under color of Pennsylvania Statutes Title 53 P.S. § 30790 (Powers and duties of municipal authorities as to tax liens). **See exhibit (G) (H)(I)(J)(K)(L)**

**SITUS. (Bouviers 1856 Edition). Situation, location. 5 Pet. R. 524.2.** Real estate has always a fixed situs, while personal estate has no such fixed situs; the law rei site regulates real but not the personal estate. Story, Confl. of Laws, 379.

***The state is without power to create a lien upon any property***

*of a nonresident for income taxes **except the very property from which the income proceeded**; or, putting it in another way, that **a lien for an income tax may not be imposed upon a nonresident's unproductive property**, nor upon any particular productive property beyond the amount of the tax upon the income that has proceeded from it. "*
*Shaffer vs. Carter*, 252 U.S. 37 (1920).

**84.** *It is a FACT that* Defendant revenue officer, LILLIAN B. CRAMSEY's, false entry of Plaintiff's property on the COUNTY OF BERKS tax roll falls within the scope of a fictitious  obligation, manufactured under color of municipal authority, and is a clear violation of Pennsylvania Statutes **Title 18 Pa. C.S.A. § 4911** (Tampering with public records), **§ 4114 and § 4911(a)(1)(2)** (Tampering with public records or information), **Title 70 P.S. Securities § 1-511(a)(b)(c)** (Criminal penalties) (See "Pennsylvania Securities Act of 1972"), and the clearly established laws of the United States,  **Title 18 U.S.C § 514 (a)(1)(2)(3), (b) and (c). Any Such attempts**  to collect a ad valorem tax on Plaintiff's property, for which Defendant, LILLIAN B. CRAMSEY, is not authorized to collect, pursuant to Pennsylvania Statutes Title 72 **constitutes  "Theft"** under state law, as defined by Pennsylvania Statutes Title 18 § 3922(a)(1)(2) (Theft by deception) and pursuant to Pennsylvania Statutes Title 18 § 3921 (b) (Theft by unlawful taking).

# **Mail Fraud**

*The elements of mail fraud are a scheme to defraud and use of the mail in furtherance of that scheme. United States vs. Biesiadecki, 933 F.2d 539,545 (7th Cir.1991). The mail fraud statute proscribes only fraudulent schemes to defraud, and **it is not necessary that the scheme to defraud actually succeed.** The essential elements of a mail fraud offense under 18 U.S.C. § 1341 are a scheme to defraud and the use of the mails in furtherance of that scheme. See, e.g., United States vs. Wellman, 830 F.2d 1453, 1461 (7th Cir.1987).*

**85.** *It is a FACT that*  between January 2008 through March 2018 Defendant, LILLIAN B. CRAMSEY, as a matter of custom and policy, acting in connection with her duties and her official capacity as the Tax Collector for Spring Township, under color of authority, did correspond with Plaintiff as a nontaxpayer, by way of United States Mail in an effort the collect a illegal ad valorem tax on Plaintiff's home/noncommercial property that Defendant, LILLIAN B. CRAMSEY, is not authorized to collect, pursuant to the laws of Pennsylvania. See exhibit (G)(H)(I)(J)(K)(L) (mailing address)

**86.**     **Through a scheme of taxation to defraud Plaintiff** of money or property, Defendant, revenue officer, LILLIAN B. CRAMSEY, as a matter of custom, policy and usage, did manufacture and procure for unlawful use, ad valorem tax notices titled "Real Estate Tax Bill" ; and that, in doing so did place said instrument in a post office or authorized depository for mail matters, addressed to Plaintiff, a nontaxpayer, under color of state statute, Pennsylvania Statutes Title 53 § 30782 (Duties of collector); and that, said instrument contained a statement demanding greater sums of money than revenue officer, LILLIAN B. CRAMSEY, was authorized by law to receive, by means of false and fraudulent pretenses, as defined by Title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defraud) Defendant, LILLIAN B. CRAMSEY, did violate Title 18 U.S.C. § 1341 (Frauds an Swindles). See exhibit (G)(H)(I)(J)(K)(L)

**Title 53 P.S. Municipal and Quasi-Municipal Corporations**
Part IV. Cities of the Second Class A
Chapter 76. Taxation
**Article II. Collector of Taxes**
**§ 30782. Duties of collector; authorities to turn over duplicates; notices to taxpayer**
Said collector shall be charged with the duty of collecting all city, county, school, and poor taxes collectible within the territorial limits of cities of the second class A. The proper authorities of the city, county, school district and poo districts shall promptly tum over to said collector their respective tax duplicates, covering taxes collectible within such territorial limits, as provided by law. Such collector shall, before any tax shall become payable, mail or deliver to each taxpayer a bill, stating the location or nature of the property taxed, the amount of the assessment, the rate or rates of tax, and tb respective dates when such taxes shall become payable, and when and in what amount discounts will be allowed and penalties added. It shall be unlawful for the collector of taxes willfully to ask, demand. or bill any taxpayer for any higher or lower amount of taxes. penalties. Or costs than is lawfully due upon any particular assessment.

## <u>Violation of Clearly Established Law</u> by LILLIAN B. CRAMSEY

**87.**     **These acts of official oppression** of Plaintiffs substantive rights to property ownership by Defendant, LILLIAN B. CRAMSEY, acting as the Tax Collector for Spring Township and agent for Defendants, BERKS COUNTY TAX CLAIM BUREAU and BERKS COUNTY, is truly conduct unbecoming of a Public Servant and a breach of her fiduciary duty to Plaintiff and the People of Pennsylvania. See Pennsylvania Statutes Title 18 § 5301(1)(2) (Official oppression).

**88.**     *At all times relevant,* Defendant, LILLIAN B. CRAMSEY, acting as the Tax Collector for Spring Township, created a false impression as to law with intent to exercise unlawful control and

transfer of Plaintiff's home/noncommercial property, which is not taxable by law, to others not entitled

thereto and is doing so under color of tax statutes, in violation of Pennsylvania statute Title 18 Pa. C.S.A.

Crimes and Offenses § 4114, § 4911(a)(1)(2) (Tampering with public records or information) and §

5301(1)(2),  to financially benefit Defendants, LILLIAN B. CRAMSEY, BERKS COUNTY TAX

CLAIM BUREAU and others not entitled thereto, constituting a "Theft" under Pennsylvania state law, as

defined by Pennsylvania Statutes Title 18 § 3922(a)(1)(2) (Theft by deception) and pursuant to

Pennsylvania Statutes Title 18 § 3921(a) and (b) (Theft by unlawful taking).

**Pennsylvania Statutes Title 18 Pa. C.S.A. Crimes and Offenses**
**§ 3921. Theft by unlawful taking or disposition**
(a) Movable property.-A person is guilty of theft if he unlawfully takes, or exercises unlawful control over,
movable property of another with intent to deprive him thereof.
(b) Immovable property.--A person is guilty of theft if he unlawfully transfers, or exercises unlawful control
over, immovable property of another or any interest therein with intent to benefit himself or  another not
entitled thereto.

**89.**     Defendant, LILLIAN B. CRAMSEY,  made false entries to the Berks County tax rolls

concerning Plaintiff's noncommercial property, which violates clearly established laws of the United State

of America,  Title 18 U.S.C. § 2071(b) (unlawfully falsifies records, books, documents, papers, or other

things) and Title 18 U.S.C. § 2073 (false reports of securities entries).

**90.**     Defendant, LILLIAN B. CRAMSEY, acting as the Tax Collector for Spring Township, created

fictitious tax liens on Plaintiff's noncommercial property, created under color of tax statutes (Tax Reform

Code of 1971), which violates the clearly established laws of the United States of America, Title 18

U.S.C. § 1341 (Frauds an Swindles), Title 18 U.S.C § 514 (a)(1)(2)(3), (b) and (c) (fictitious obligation),

as defined by Title 18 U.S.C § 513 (c) (1)(3).

**91.**     **Defendant, LILLIAN B. CRAMSEY's** demands for sums of money over $1,000.00 dollars,

by way of a fraudulent ad valorem property tax scheme, under color of tax statutes, with intent to obtain

money and/or property from Plaintiff, violates Title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to

Defraud) and in violation of Title 18 U.S.C. § 1341 (Frauds an Swindles), Title 18 U.S.C. § 872

(extortion by officers or employees of the United States) and Title 26 U.S.C. § 7214(a)(1),(2) and (7)

(extortion! willful oppression under color of law and signing fraudulent certificates and statements).

**TITLE 26 - INTERNAL REVENUE CODE**
**Subtitle F - Procedure and Administration**
**CHAPTER 75 - CRIMES, OTHER OFFENSES, AND FORFEITURES**
Subchapter A - Crimes
PART I - GENERAL PROVISIONS
Sec. 7214. Offenses by officers and employees of the United States
(a) Unlawful acts of revenue officers or agents

Any officer or employee of the United States acting in connection with any revenue law of the United States(1) who is guilty of any extortion or willful oppression under color of law; or

(2) who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty; or

(3) who makes or signs any fraudulent entry in any book, or makes or signs any fraudulent certificate, return, or statement.

## <u>Violation of Substantive Rights</u> by LILLIAN B. CRAMSEY

**92.**   *The methods, standards and policy's employed*  by LILLIAN B. CRAMSEY, acting in her individual and official capacity as the Tax Collector for Spring Township and agent for Defendant, BERKS COUNTY TAX CLAIM BUREAU, were illegal and non-uniform and any interim ad valorem tax assessment/collections for  the years 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018, were created under color of Tax Statute (Tax Reform Code of 1971), Pennsylvania Statutes Title 72 § 5511.5a (Interim assessment),and are illegal and void.

**93.**   *It is a FACT that* *Defendant,* LILLIAN B. CRAMSEY'S, infringement of Plaintiff's property rights, lack of due process and acts of official misconduct and official oppression has violated Plaintiff's substantive rights to property ownership, peaceful possession and enjoyment of Plaintiff's property and Plaintiff's procedural due process rights, pursuant to the Constitution of Pennsylvania, Article I § 1, § 9 and § 10 and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and is a breach of Defendant, LILLIAN B. CRAMSEY'S, fiduciary duty to Plaintiff and the People of Pennsylvania.

# STACEY A. PHILE
## Director of the Berks County Tax Claim Bureau

**94.**   **Defendant, STACEY A. PHILE**, is employed by the County of Berks, doing business and acting in her individual and official capacity as the director of the Berks County Tax Claim Bureau for Spring Township as agent for Defendant,,m BERKS COUNTY TAX CLAIM BUREAU.

## <u>Securities Fraud</u>

**95.** On the 14th day of May 2012, Defendant revenue officer, STACEY A. PHILE, charged with the duty of keeping accounts and records, acting in connection with her duties and her official capacity as the director of the Berks County Tax Claim Bureau for Spring Township and agent for Defendant, BERKS COUNTY TAX CLAIM BUREAU, acting under color of Pennsylvania statute Title 53 § 30790 (Powers and duties of municipal authorities as to tax liens), did create and manufacture counterfeited securities against Plaintiff's home, which is not subject to taxation by law, under color of Pennsylvania statutes, Title 72 § 811O-D (Lien), § 3250-6 (Lien of taxes), § 5860.302 (Lien entitlement) and § 5873 (Sale of lands purchased by county at sheriffs sale on judgment for unpaid taxes). **See exhibit (M) Tax Claim No.12- 13374.**

**96.** **On the 6th day of May 2016,** Defendant revenue officer, STACEY A. PHILE, charged with the duty of keeping accounts and records, acting in connection with her duties and her official capacity as the director of the Berks County Tax Claim Bureau for Spring Township and agent for Defendant, BERKS COUNTY TAX CLAIM BUREAU, acting under color of Pennsylvania statute Title 53 § 30790 (Powers and duties of municipal authorities as to tax liens), did create and manufacture counterfeited securities against Plaintiff's home/noncommercial property, which is not subject to taxation by law, under color of Pennsylvania statute Title 72 § 811O-D (Lien), § 3250-6 (Lien of taxes), § 5860.302 (Lien entitlement) and § 5873 (Sale of lands purchased by county at sheriffs sale on judgment for unpaid taxes). See exhibit (N) Tax Claim No.16-11671.

**97.** **Defendant revenue officer, STACEY A. PHILE,** as a matter of custom and policy, under color of authority, did create a false impression and fictitious "certificate of interest in property" as defined by Pennsylvania statute Title 18 § 3922(a)(I) (Theft by deception) and Title 18 U.S.C § 513 (c) (1)(3) and § 2311, in the name of the BERKS COUNTY TAX CLAIM BUREAU for Spring Township, with the intent to deceive Plaintiff and others and that it be so used as a security interest in property owned by Plaintiff.

# **Fictitious Obligations**

**98.** **On the 14th day of May 2012,** Defendant revenue officer STACEY A. PHILE, acting in connection with her duties and her official capacity as the director of the Berks County Tax Claim Bureau for Spring Township and agent for Defendant, BERKS COUNTY TAX CLAIM BUREAU, acting under color of Pennsylvania state statute Title 53 § 30790 (Powers and duties of municipal authorities as to tax

liens), with the intent to defraud Plaintiff, a nontaxpayer, of his home/property; did print, process and produce under color of Pennsylvania statute Title 72 § 5860.302 (Lien entitlement), a counterfeit and fictitious instrument of tax claim for $4,558.51, through a scheme of taxation, to be an actual "Lien of taxes" ("financial instrument" "legal document"),, as defined by Title 18 U.S.C § 513 (c) (1)(3) on Plaintiff's Property, which is not taxable by law, and issued under color of authority of BERKS COUNTY,  as a political subdivision of the state of Pennsylvania. See exhibit (M) Tax Claim No. 12 - 13374

**99.**     **On the 6th day of May 2016,**  Defendant revenue officer, STACEY A. PHILE, acting in connection with her duties and her official capacity as the director of the Berks County Tax Claim Bureau for Spring Township and agent for Defendant, BERKS COUNTY TAX CLAIM BUREAU, acting under color of Pennsylvania state statute Title 53 § 30790 (Powers and duties of municipal authorities as to tax liens), with the intent to defraud Plaintiff, a nontaxpayer, of his home/property, did print, process and produce under color of Pennsylvania statute Title 72 § 5860.302 (Lien entitlement), a counterfeit and fictitious instrument of tax claim for $4825.81, through a scheme of taxation, to be an actual "Lien of taxes" ("financial instrument" "legal document"),  as defined by Title 18 U.S.C § 513 (c) (1 )(3), on Plaintiff's Property, which is not taxable by law, and issued under color of authority of BERKS COUNTY, as a political subdivision of the state of Pennsylvania. See exhibit (N) Tax Claim No. 16 -11671

# <u>Violation of Clearly Established Law</u> by STACEY A. PHILE

**100.**   Defendant, STACEY A. PHILE, acting as the director of the Berks County Tax Claim Bureau for Spring Township as agent for Defendant, BERKS COUNTY TAX CLAIM BUREAU, as a matter of custom and policy, did manufacture counterfeited securities against Plaintiff's property in violation of the clearly established laws of the State of Pennsylvania Title 18 Pa. C.S.A. § 4114 (execution of documents by deception), § 4911(a)(I)(2) (Tampering with public records or information), Pennsylvania statute Title 70 Securities § 1- 511(a)(b)(c) (Criminal penalties) and the United States of America Title 18 U.S.C § 513 (a)(b), Title 18 U.S.C §1348(2), see Title 15 U.S.C. 780(d). Title 18 Pa. C.S.A. Crimes and Offenses § 5301. Official oppression.

**101.**   Defendant, STACEY A. PHILE's,  demands for sums of money over $1,000.00, dollars by way of  fraudulent tax claim notices titled "Tax Claim," procured under color of tax statutes, to be an actual

security or other financial instrument issued under the authority of the state of Pennsylvania, did do so by means of false and fraudulent pretenses, as defined by Title 18 U.S.C. § 514(a)(1)(2)(3) (Fictitious obligations) and Title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defraud) is clearly in violation of Title 18 U.S.C. § 1341 (Frauds an Swindles), Title 18 U.S.C. § 872 (extortion by officers or employees of the United States) and Title 26 U.S.C. § 7214(a)(1),(2) and (7) (extortion! Willful oppression under color of law and signing fraudulent certificates and statements).

# **Mail Fraud**

**102.   Defendant revenue officer, STACEY A. PHILE,** as a matter of custom and policy, did manufacture and procure for unlawful use, tax claim notices titled "Tax Claim," through a scheme of taxation and a matter of policy, to defraud Plaintiff and in doing so did place said instrument in a post office or authorized depository for mail matters address and passed to Plaintiff, a non-taxpayer , under color of state statute, Pennsylvania Statutes Title 53 § 30782 (Duties of collector), containing a statement demanding greater sums of money than revenue officer, STACEY A. PHILE, was authorized by law to receive, and for obtaining money or property from Plaintiff by means of false and fraudulent pretenses, as defined by Title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defraud) and in violation of Title 18 U.S.C. § 1341 (Frauds and Swindles).

# **Violation of Substantive Rights by STACEY A. PHILE**

**103.   *The methods, standards and policy employed*** by Defendant, **STACEY A. PHILE,** acting in her individual and official capacity, as director of the Berks County Tax Claim Bureau for Spring Township, as agent for Defendant BERKS COUNTY TAX CLAIM BUREAU, in relation to Plaintiff's property, which is not taxable by law, were illegal and nonuniform and any "Tax Claim" for the years 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018 were created under color of Pennsylvania statute Title 72 § 811O-D (Lien), § 3250-6 (Lien of taxes), § 5860.302 (Lien entitlement) and are illegal and void. **See exhibit (M and N)**

**104.   *It is a FACT that*** *Defendant,* STACEY A. PHILE'S, infringement of Plaintiff's property rights and acts of official misconduct has impeded and oppressed Plaintiff's substantive rights to peaceful possession and enjoyment of Plaintiff's property, violating his ownership rights and procedural due

process rights pursuant to the Pennsylvania State Constitution Article I § 1, § 9 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

**105.**   *It is a FACT that Defendant,* STACEY A. PHILE, has breached her fiduciary duty to Plaintiff and the People of Pennsylvania and did so under color of statute, custom and usage of state revenue codes.

# BERKS COUNTY TAX CLAIM BUREAU

### An agency of the Treasurers Office of Berks County

**106.**   Defendant, **BERKS COUNTY TAX CLAIM BUREAU,** acting for The Department of Revenue of the Commonwealth, is an agency of the Treasurers Office of Berks County, a political subdivision of the Commonwealth of Pennsylvania, acting under authority of the Constitution of Pennsylvania Article 8 Taxation and Finance (Tax Reform Code of 1971).

# <u>Due Process DEFINED:</u>

**107.**   **The guarantee of due process of law in Pennsylvania jurisprudence emanates from a number of provisions of the Declaration of Rights,** particularly, Article I, § 1, § 9, § 10 and § 11 of the Pennsylvania Constitution. These provisions in turn enjoy a long history in the Commonwealth, tracing their way back to early documents, including the English Magna Charta. (*See* T. *White, Constitution of Pennsylvania* 114 *(1907).*

> *"It has been a long-standing tenet of Pennsylvania jurisprudence that "the law of the land" in Article 1 Section 9 is synonymous with "due process of law." See, e.g., Commonwealth vs. Jackson,* 457 Pa. 79, 319 A.2d 161 (1974); *Craig vs. Kline,* 65 Pa. 399, 413 (1870). <u>*"Thus, we have held that the State Constitution is violated where the defendant is substantially denied an opportunity to present a defense."*</u> *Commonwealth vs. Jester,* 256 Pa. 441, 100 A. 993 (1917).

> *"As we have stated in the past, in attempting to shed light on the procedural face of due process: "while not capable of exact definition,* <u>*the basic elements of procedural due process are adequate notice, opportunity to be heard.*</u>

*and the chance to defend oneself before a fair and impartial tribunal having jurisdiction of the case. "* Commonwealth vs. Thompson, 444 Pa. 312, 316, 281 A.2d 856,858 (1971).
*"This Court has recognized as well established the principle that "due process is fully applicable to adjudicative hearings involving substantial property rights . ... " Soja vs. Pa. State Police, 500 Pa. 188, 193,455 A.2d 613, 615 (1982).*

**Constitution of the Commonwealth of Pennsylvania Article 1.**
**§ 9. Rights of accused in criminal prosecutions**
In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.

**Constitution of the Commonwealth of Pennsylvania Article 1**
**§ 10. Initiation of criminal proceedings; twice in jeopardy; eminent domain**
No person shall, for the same offense, be twice put in jeopardy of life or limb; nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured.

**Constitution of the Commonwealth of Pennsylvania Article 1**
**§ 11. Courts to be open; suits against the Commonwealth**
All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

*"It is a fundamental provision of both our state and federal constitutions that no person shall be deprived of property except by the law of the land or due process of law. Without due process of law the right of private property cannot be said to exist."* As said by Mr. Justice PITNEY in Ochoa vs. Hernandezy Morales, 230 U.S. 139, 161 (1912).

*"The principle, known to the common law before Magna Charta has been recognized since the Revolution as among the safest foundations of our constitutions. Whatever else may be uncertain about the definition of the term "due process of law' all authorities agree that it inhibits the taking of one man's property and giving it to another, contrary to settled usages and modes of procedure, and without notice and opportunity for a hearing.*
*"Mullane vs. Central Hanover B. & T. Co., 339 U.S. 306 (1950).*

## 108.   Even Article 8, § 1, of the Constitution of Pennsylvania, provides that,

*"All taxes.... shall be levied and collected under general laws; ••• "*

# **Defendants' Failure to follow General Law**

**109.**    Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 3250-6(b) (Lien of taxes) clearly sets the process for collecting taxes in accordance with Article I, § 9 and Article 8, § 1, of the Constitution of the Commonwealth of Pennsylvania.

**Pennsylvania Statutes Title 72 P.S. Taxation and Fiscal Affairs**
**§ 3250-6. Lien of taxes**
(b) The department may at any time transmit to the prothonotaries of the respective counties of the Commonwealth, to be by them entered of record, certified copies of all liens for taxes, imposed by the third section of this act, and penalties and interest, upon which record, it shall be lawful for **writs of scire facias** to issue and be prosecuted to judgment and execution in the same manner as such writs are ordinarily employed; ....

**110.**    Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 3250-6(b) (Lien of taxes) clearly states that *"it shall be lawful for* writs of *"scire facias" to issue and be prosecuted to judgment and execution in the same manner as such writs are ordinarily employed. "*

**"Scire facias" (Black's Law Dictionary 8th Edition)**
A writ compelling the payment of a municipal claim out of the property to which municipal lien is attached.

> *"Scire facias" is a judicial writ, **founded upon a record,**
> and when brought to enforce the payment of money, it must
> be for a specific sum, or perhaps, in addition, interest or
> exchange, as an incident to the debt." Busch vs. Humphrey,*
> 261 Ill. App. 467, 468 (Ill. App. Ct. 1931).

# **Suit for taxes**

**111.**    Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 7243(a)(b) and (c) (Suit for taxes) clearly sets the process for collection of taxes after the writ of scire facias has been issued pursuant to Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 3250-6(b) (Lien of taxes).

**112.**    Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 7243(a) (Suit for taxes) states that *"At any time within three years after any tax or any amount of tax shall be finally due and payable, the department may commence "an action in the courts of this Commonwealth." of any state or of the United*

*States, in the name of the Commonwealth of Pennsylvania to collect the amount o(tax due .... in the manner provided at law or in equity for the collection of ordinary debts. "*

**Pennsylvania Statutes Title 72 P.S. Taxation and Fiscal Affairs**
**§ 7243. Suit for taxes**
(a) Commencement. At any time within three years after any tax or any amount of tax shall be finally due and payable, the department may commence an action in the courts of this Commonwealth, of any state or of the United States, in the name of the Commonwealth of Pennsylvania, to collect the amount of tax due  together with additions, interest, penalties and costs in the manner provided at law or in equity for the collection of ordinary debts.

113.   Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 7243(b) (Suit for taxes) states that

*"The Attorney General shall prosecute the action"* and that *"the provisions of the Rules of Civil Procedure and the provisions of the laws of this Commonwealth relating to civil procedures and remedies shall ....... be available in such proceedings. "*

**Pennsylvania Statutes Title 72 P.S. Taxation and Fiscal Affairs**
**§ 7243. Suit for taxes**
(b) Procedure. The Attorney General shall prosecute the action and, except as provided herein, the provisions of the Rules of Civil Procedure and the provisions of the laws of this Commonwealth relating to civil procedures and remedies shall, to the extent that they are applicable, be available in such proceedings.

114.   Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 7243(c) (Suit for taxes) states that

"provisions of this section are in addition to any process, remedy or procedure for the collection of taxes."

**Pennsylvania Statutes Title 72 P.S. Taxation and Fiscal Affairs**
**§ 7243. Suit for taxes**
(c) Other Remedies. The provisions of this section are in addition to any process, remedy or procedure for the collection of taxes provided by this article or by the laws of this Commonwealth, and this section is neither limited by nor intended to limit any such process, remedy or procedure.

115.   Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs, Chapter 4. Local Taxation, Sale of Lands for Taxes § 5878c (Hearing and notice) states that *"Upon presentation of any such petition by any municipality ..... , the court shall fix a day, not more than thirty days thereafter for a hearing thereon. "*

**Pennsylvania Statutes Title 72 P.S. Taxation and Fiscal Affairs**
**Chapter 4. Local Taxation**
**Sale of Lands for Taxes**
§ 5878c. Hearing and notice
Upon presentation of any such petition by any municipality or municipalities having an interest therein, or by the other party concerned, **the court shall fix a day, not more than thirty days thereafter for a hearing thereon**. At least five days' notice of such hearing shall be given to all the taxing authorities having  tax or municipal claims against such real estate, and notice shall also be given by publication in at least one newspaper of general circulation published in the county, setting forth a description of the property, the total amount of taxes, municipal claims, penalties and interest due, and costs, and also all moneys expended by the county in the demolition and removal of any building or structure on such property, or the repair thereof, in order to make the same safe pursuant to an order by the authorities of the political subdivision in  which the property is located after such building or structure had been condemned as unsafe, and all moneys expended by the county on order of the Pennsylvania State Police or an

assistant to the Pennsylvania State Police in removing or remedying any condition on such property that is found to be a fire menace or hazard, and the amount which it is proposed to accept in compromise or redemption or for the sale of said property.

# <u>NO DUE PROCESS</u>

**116.** *It is a FACT that* <u>Defendant, BERKS COUNTY TAX CLAIM BUREAU, as an</u> **agency of the Treasurer's Office** of Berks County, a political subdivision of the Commonwealth of Pennsylvania, acting under authority of the Constitution of Pennsylvania, article 8 Taxation and Finance, FAILED to issue a writ of *"Scire facias"* as mandated by Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 3250-6(b) (Lien of taxes), pertaining to the collection of a purported ad valorem tax on Plaintiff's noncommercial property.

**117.** *It is a FACT that* Defendant, BERKS COUNTY TAX CLAIM BUREAU, as a matter of custom and policy, FAILED to commence an action in the courts of the Commonwealth. of any state or of the United States, and in the name of the Commonwealth of Pennsylvania, pursuant to Pennsylvania Statutes, Title 72 Taxation and Fiscal Affairs § 7243(a) (Suit for taxes), pertaining to the collection of a purported ad valorem tax on Plaintiff's noncommercial property.

**118.** *It is a FACT that* the court record of BERKS COUNTY is deficient of any action commenced by The *Attorney General,* conducted within the scope of the Rules of Civil Procedure and the provisions of the laws of the Commonwealth, in accordance with Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 7243(b) (Suit for taxes) and in accordance with the Constitution of Pennsylvania Article 1 § 9, pertaining to the collection of a purported ad valorem tax on Plaintiff's home/noncommercial property, which is not subject to taxation by law.

**119.** *It is a FACT that* Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 7243(c) (Suit for taxes), states that *"provisions of this section are in addition to any process, remedy or procedure (or the collection of taxes provided by this article or by the laws of this Commonwealth, and this section is neither limited by nor intended to limit any such process, remedy or procedure"* clearly stating that Defendant, BERKS COUNTY TAX CLAIM BUREAU, *have to commence* an action in the courts of the Commonwealth, in addition to any process, remedy or procedure for the collection of taxes provided by the laws of the Commonwealth.

**120.** *It is a FACT that* the court record of BERKS COUNTY is devoid of any hearing and notices commenced pursuant to Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs, Chapter 4.

Local Taxation, Sale of Lands for Taxes § 5878c (Hearing and notice), pertaining to the sale of lands for taxes on Plaintiff's home/noncommercial property which is not subject to taxation by law.

> "... because exaction of a tax constitutes a deprivation of properly, the state must provide procedural safeguards against unlawful exactions in order to satisfy the commands of the due process clause ••• *the state must provide taxpayers with not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also a clear and certain remedy for any erroneous or unlawful tax collection,* so as to insure that the opportunity to contest the tax is a meaningful one." McKesson Corp. vs. Div. of AB & T., 496 U.S. 18 (1990).

# VIOLATION OF CLEARLY ESTABLISHED LAW BY BERKS COUNTY TAX CLAIM BUREAU

**121.**   *These methods, standards and policies employed* by Defendant, BERKS COUNTY TAX CLAIM BUREAU, acting for The Department of Revenue of the Commonwealth, (Tax Enabling Act) as used against Plaintiff's home/noncommercial property, which is not subject to taxation by law, *are illegal* and any ad valorem tax assessments manufactured under color of Pennsylvania Statutes, Title 72 § 5511.5a (Interim assessment) for the years 2008, 2009 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018, a purported tax deed were then created under color of Tax Statute (Tax Reform Code of 1971), are illegal and void.

**122.**   *It is a FACT that* between 2007 through 2018 once per year, Defendant, BERKS COUNTY TAX CLAIM BUREAU, acting for The Department of Revenue of the Commonwealth, under color of authority as a matter of custom and policy, did correspond with Plaintiff as a nontaxpayer, by way of United States Mail, in an effort the collect a recurrent ad valorem tax, that Defendant, LILLIAN B. CRAMSEY is not authorized to collect, pursuant to the Tax Reform Code of 1971 and the laws of Pennsylvania and did so in violation of Pennsylvania statutes Title 18 Pa. C.S.A. Crimes and Offenses § 4114, § 5301(1)(2) (Official oppression) § 3921(a) (Theft by unlawful taking).

**123.**   **Defendant, BERKS COUNTY TAX CLAIM BUREAU,** as a matter of custom and policy and under color of official capacity, did manufacture and procure for unlawful use recurrent ad valorem tax notices titled ***"Real Estate Tax Bill,"*** through a scheme of recurrent taxation and a matter of policy, to defraud Plaintiff and in doing so did place said instrument in a post office or authorized depository for mail matters address to Plaintiff, a nontaxpayer, under color of state statute, Pennsylvania Statutes Title 53 § 30782 (Duties of collector), containing a statement demanding greater sums of money

and/or property from Plaintiff than Defendant, BERKS COUNTY TAX CLAIM BUREAU, acting for The Department of Revenue of the Commonwealth, was authorized by law to receive, pursuant to law and did do so by means of false and fraudulent pretenses as defined by Title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defaud) and in violation of Title 18 U.S.C. § 1341 (Frauds an Swindles) and Title 26 U.S.C. § 7214(1), (2) (extortion and willful oppression under color of law). **See exhibit (G)(H)(I)(J) (K)(L)**

**124.    Defendant, BERKS COUNTY TAX CLAIM BUREAU's,** methods, standards and polices violate Plaintiff's substantive rights to property ownership and procedural due process rights. Defendant's acts of official misconduct are in violation of clearly established laws of the United States of America, Title 26 U.S.C. § 7214(1), (2) and (7) (extortion and willful oppression under color of law and making and signing fraudulent certificate), Title 18 U.S.C. § 872 (extortion by officers or employees of the United States), Title 18 U.S.C. § 1963 (The Organized Crime Control Act (OCCA» (P.L. 91-452, 84 Stat. 922) 1970), Title 18 U.S.C. § 2073 (False reports of securities entries).

# Violation of Substantive Rights
# by BERKS COUNTY TAX CLAIM BUREAU

**125.    *It is a FACT that*** the Berks County Court record is clearly devoid of any action to collect a tax pursuant to Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 7243(a)(b) and (c) (Suit for taxes) and Chapter 4. Local Taxation, Sale of Lands for Taxes § 5878c (Hearing and notice) pertaining to the collection of a purported ad valorem tax and sale of lands for taxes on Plaintiff's home/noncommercial property, which is not subject to taxation by law.

**126.    *It is a FACT that Defendant,*** BERKS COUNTY TAX CLAIM BUREAU'S, infringement of Plaintiff's property rights, lack of due process and acts of official misconduct, as a matter of policy and custom, as CLEARLY stated herein, has violated Plaintiff's substantive rights to property ownership, peaceful possession and enjoyment of Plaintiff's property and Plaintiff's procedural due process rights pursuant to the Constitution of Pennsylvania Article I § 1, § 9 and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, in breach of their fiduciary duty to Plaintiff and the People of Pennsylvania and Defendant did do so under color of statute, custom, usage of state revenue codes and color of official capacity.

*"The guaranty of due process of law is one of the most important to be found in the Federal Constitution or any of the Amendments.* Ulman vs. Mayor, etc. of Baltimore, 72 Md 587, 20 A 141, affd 165 U.S. 719,41 LEd 1184, 17 S Ct 1001. It has been described as the very essence of a scheme of ordered justice and it has been said that without it, the right to private property could not be said to exist, in the sense in which it is known to our laws. Ochoa vs. Hernandezy Morales, 230 U.S. 139,57 L Ed 1427,33 S Ct 1033; Brock vs. North Carolina, 344 U.S. 424, 97 LEd 456, 73 S Ct 349.*

# COUNTY OF BERKS aka BERKS COUNTY
## A political subdivision of the Commonwealth of Pennsylvania

**127.**   Defendant, **COUNTY OF BERKS aka BERKS COUNTY**, is a chartered political subdivision of the Commonwealth of Pennsylvania acting under Article IX § 4 of the Pennsylvania State Constitution.

# Illegal Deeds and Conversion

**128.   *It is a FACT that Defendant,* COUNTY OF BERKS aka BERKS COUNTY,**  by way of Defendant, BERKS COUNTY TAX CLAIM BUREAU, acting for The Department of Revenue of the Commonwealth, under color of authority and official capacity, have created a tax deed on Plaintiff's home/noncommercial property, which is not taxable by law, and did so under  color of tax statutes; Pennsylvania Statutes Title 72 § 5881 (Deeds to purchasers) and § 5873 (Sale of lands purchased by county at sheriffs sale on judgment for unpaid taxes), to financially benefit COUNTY OF BERKS aka BERKS COUNTY.

**Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs**
**§ 5881. Deeds to purchasers**
The county commissioners shall have power to execute and deliver any deeds necessary to render the redemptions authorized by this act effective.

*The state is without power to create a lien upon any property of a nonresident for income taxes except the very property from which the income proceeded; or, putting it in another way, that a lien for an income tax may not be imposed upon a nonresident's unproductive property, nor upon any particular productive property beyond the amount of the tax upon the income that has proceeded from it. " Shaffer vs. Carter, 252 U.S. 37 (1920).*

# COMMON SENSE AND JURISPRUDENCE TELLS US THAT ONE MUST OWN PROPERTY BEFORE ONE CAN SELL IT!

**Pennsylvania Statutes Title 72 P.S. Taxation and Fiscal Affairs**
**§ 5883. Validation of sales when Real Estate Tax Sale Law not followed.**
Whenever, heretofore, any real property in the possession of the county commissioners of any county, which should have been turned over to the Tax Claim Bureau for sale in accordance with the provisions of the act known as the "Real Estate Tax Sale Law,"

> *"To convey a title the seller must himself have a title to the property which is the subject of the transfer. "* 3 B. & C. 47; 3 *Burr.* 1516; 5 T. R. 683; 7 *Bing.* 284; 7 *Taunt.* 265, 278; 13 East, 509; *Bouv. Inst. Index, h.t. and "for a deed, to be effective, there must be some right or interest owned by the grantor in the land at the time the deed was made."* Leidig vs. Hoopes (Okla) 288 P2d 402; Phillips vs. Johnson, 202 Olda 645,217 P2d 520.

**129.** *It is a FACT that Defendant,* **COUNTY OF BERKS aka BERKS COUNTY,** color of statutes actions to manufacture any type of deed to property that Defendant, **COUNTY OF BERKS aka BERKS COUNTY, DOES NOT OWN and WITHOUT** right of title and ownership interest, and doing so while lacking all appearances of due process and the rule of law, clearly creates a unlawful conversion on Plaintiff's property and a cloud on Plaintiff's title under color of statute.

**130.** The Pennsylvania Supreme Court defines a "Conversion" as:

> *Conversion can be defined as a distinct __act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his title or rights therein__, or in derogation, exclusion, or defiance o(such title or rights. without the owner's consent and without lawful justification. A conversion takes place where a person does such acts in reference to the personal property of another as amount, in view of the law, to the appropriation of the property to himself. Stevenson vs. Economy Bank of Ambridge, 413 Pa 442, 197 A2d 721, 4 ALR3d 1450; Forsyth vs. Wells, 41 Pa 291.*
>
> *Conversion is a continuing tort, lasting as long as the person entitled to the use and possession of his property is deprived of it. It does not necessarily end when the original wrongdoer transfers physical possession to another. An agent or employee who, acting at the direction or command of his principal or employer, has converted or assisted in converting to the latter's use the property of a third person, is liable to such third person for the loss thereby inflicted. __He may not escape liability by reason o(his status as agent or employee. Thus, an agent who takes the property of__*

*another without his consent, and delivers it to his principal, is guilty of a conversion, and he may be held liable although he acted in ignorance of the true owner's title and in perfect good faith. First Nat. Bank vs. Goldberg, 340 Pa 337, 17 A2d 377; Gunzburger vs. Rosenthal, 226 Pa 300, 75 A2d 418; Winlack vs. Geist, 107 Pa 297.*

## The United States Supreme Court defines "Conversion" as:

*A person who purchases personal property from one not authorized to sell the same may be held liable for the conversion thereof regardless of the fact that the purchaser was honestly mistaken or acted innocently, in good faith, and without knowledge of the seller's lack of right to make the sale.* **Pine River Logging Co. vs. United States**, 186 U.S. 279, 46 L Ed 1164,22 S Ct 920 (superseded by statute on another point as stated in **United States vs. Mitchell,** 463 U.S. 206, 77 L Ed 2d 580, 103 S Ct 2961).

**131.** *It is a FACT that Defendant*, COUNTY OF BERKS aka BERKS COUNTY as a matter of custom and policy did manufacture a counterfeit tax deed under color of tax statutes Pennsylvania Statutes Title 72 § 5873 (Sale of lands purchased by county at sheriffs sale on judgment for unpaid taxes) and § 5881 (Deeds to purchasers) on Plaintiff's home/noncommercial property, which is not taxable by law, with intent to sell an illegal tax deed and to financially benefit Defendants, COUNTY OF BERKS aka BERKS COUNTY, BERKS COUNTY TAX CLAIM BUREAU and others not entitled thereto constituting "Theft" under Pennsylvania state law as defined by Pennsylvania Statutes Title 18 § 3922(a)(I)(2) (Theft by deception) and pursuant to Pennsylvania Statutes Title 18 § 3921(a) and (b) (Theft by unlawful taking).

*"When the deed discloses upon its face that it is illegal, when it discloses upon its face that it is executed in violation of law, the law will not assist it. No statute of limitations can then be brought in to aid its validity." Redfield vs. Parks,* 132 U.S. 239 (1889). Similar decisions have been made in the cases of *Mason vs. Crowder,* 85 Missouri, 526; *Sheehy v. Hinds,* 27 Minnesota, 259; *Cutler vs. Hurlbut,* 29 Wisconsin, 152; *Gomer vs. Chaffee,* 6 Colorado, 314; *Wofford vs. McKinna,* 23 Texas, 36.

# Mail Fraud

**132.** *It is a FACT that* between January 2007, 2008, 2009 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018 once per year, Defendant, COUNTY OF BERKS aka BERKS COUNTY, by way

of Defendant, BERKS COUNTY TAX CLAIM BUREAU, acting for The Department of Revenue of the Commonwealth, under color of official capacity of the Tax Collectors office for Spring Township and as a matter of custom and policy did correspond with Plaintiff as a nontaxpayer by way of United States Mail in an effort the collect a purported ad valorem tax that Defendant, COUNTY OF BERKS aka BERKS COUNTY, is not authorized to collect pursuant to the laws of Pennsylvania. **See exhibit (G)(H) (I)(J)(K)(L)**

**133.** *It is a FACT that* between January 2007, 2008, 2009 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018 once per year, Defendant, COUNTY OF BERKS aka BERKS COUNTY,  by way of Defendant, BERKS COUNTY TAX CLAIM BUREAU, acting for The Department of Revenue of the Commonwealth, under color of official capacity as the Tax Collector for Spring Township, and as a matter of custom and policy did manufacture and procure for false and fraudulent pretenses ad valorem tax notices titled "Real Estate Tax Bill" and in doing so did place said instrument in a post office or authorized depository for mail matters addressed to Plaintiff for obtaining money or property from Plaintiff, through a scheme of taxation to defraud Plaintiff, a nontaxpayer, containing a statement demanding greater sums of money than Defendant, COUNTY OF BERKS aka BERKS COUNTY is authorized by law to receive, under color of state statute Title 53 P.S. § 30782 (Duties of collector), in violation of United States Code Title 18 U.S.C. § 1341 (Frauds an Swindles) and Title 18 USC § 876 (Mailing threatening communications), as defined by Title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defraud).

# Violation of Substantive Rights
# by COUNTY OF BERKS aka BERKS COUNTY

**134.** *All Defendants* are CLEARLY threatening **to deprive Plaintiff of his home, which is not taxable by law, if he does not pay a commercial ad valorem tax on Plaintiff's noncommercial property! See exhibit (0) (P) (P1)**

**135.** *It is a FACT that* **taxing Plaintiff's right to own, acquire, possess, protect and enjoy property pursuant to the Constitution of Pennsylvania Article I § 1, violates Plaintiff's substantive rights to property ownership in accordance  with the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.**

> *However, since the right of property is a fundamental right,*
> *its protection, as well as its use, is one of the most important*

> *objects or government, a limitation imposed under this*
> *power without reason or necessity cannot be enforced.*
> *Pennsylvania Coal Co. vs. Mahon,* 260 U.S. 393,67 LEd 322,
> 43 S Ct 158,28 ALR 1321; *Washington ex reL Seattle Title*
> *Trust Co. vs. Roberge,* 278 U.S. 116, 73 LEd 210,49 S Ct 50,
> 86 ALR 654. *A state may not impose a charge (or the enjoyment*
> *or a right granted by the federal constitution. Murdock vs. Penn.31~U.S. 105*
> *(1943).*

> **"The individual unlike a corporation cannot be taxed for the**
> **mere privilege of existing. The corporation**
> **is an artificial entity which owes its existence and charter powers**
> **to the state, but, the individual's right to live and own property**
> **are natural rights for the enjoyment of which an excise cannot**
> **be imposed." Redfield vs. Fisher,** 292 P 813, at 819 (1930).

**136.** *It is a FACT that* Defendant, COUNTY OF BERKS aka BERKS COUNTY's,

unconstitutional use and perversion of the state revenue codes and of their FAILURE to comply with the

legislative intent as mandated by Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 325(J..6(b)

(Lien of taxes ), § 7243(a)(b)( c) (suit for taxes) and Chapter 4. Local Taxation, Sale of land for Taxes §

5878c (Hearing and notice), violates Plaintiff's substantive rights as a non-taxpayer to procedural due

process pursuant to the Constitution of Pennsylvania Article I § 9 and the Fourth, Fifth and Fourteenth

Amendments.

**"Abuse of Process" (Black's Law Dictionary 6th Edition).**
The gist of an action for "abuse of process" is improper use or abuse of process after it has been issued. *Publix*
*Drug Co. vs. Breyer Ice Cream Co.,* 347 Pa. 346, 32 A.2d 413,415. A malicious abuse of legal process occurs where
the party employs it for some unlawful object, not the purpose which it is intended by the law to effect; in other
words, a perversion of it. *500 West 174 St. vs. Vasquez,* 67 Misc.2d 993, 325 N.Y.S.2d 256,258.
**"Abuse" (Black's Law Dictionary 6th Edition)** v. To make excessive or improper use of a thing, or to employ it in
a manner contrary to the natural or legal rules for its use. To make an extravagant or excessive use, as to abuse one's
authority.

> **"The constitutional right to be heard is a basic aspect of**
> **the duty of government ta follow a fair process of decision**
> **-making when it acts to deprive a person of his possessions.**
> **The purpose of this requirement is not only to ensure abstract**
> **fair play to the individual. Its purpose, more particularly, is**
> **to protect his use and possession of property from arbitrary**
> **encroachment to minimize substantively unfair or mistaken**
> **deprivations of property." Fuentes vs. Shevin,** 407 U.S. 67, 80
> **(1972).**

**137.** *It is a FACT that* Defendant, **COUNTY OF BERKS aka BERKS COUNTY's, abuse of**

statute actions, including the manufacture of a tax deed to Plaintiff's home/ noncommercial

property, **WITHOUT right of title and ownership interest , and with intent of selling said**

instrument to financially benefit Defendants, **COUNTY OF BERKS aka BERKS COUNTY,**

BERKS COUNTY TAX CLAIM BUREAU, and others not entitled thereto, while lacking all appearances of due process and the rule of law, creates an unlawful taking by conversion on Plaintiff's property and a cloud on Plaintiff's title under color of state tax statutes, CLEARLY violating Plaintiff's substantive rights to property ownership and due process pursuant to the Constitution of Pennsylvania Article I § 1, § 9, § 10 and § 11, the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

> *Where rights are acquired by a citizen under the existing law,*
> *there is no power in any branch of the government to take them*
> *away except by due process of law. The purpose of this*
> *clause is to exclude arbitrary power from every branch*
> *of the government. It has been asserted that the guaranty*
> *should be enforced even against persons assuming to act*
> *under the authority of the government. The guaranty is*
> *violated whenever any person, by virtue of public position*
> *under the federal or state government, deprives another*
> *of any right protected by that amendment. The guaranty*
> *may be violated by unfairness or corruption of officers in*
> *the performance of administrative functions. United States*
> *vs. Lee,* 106 U.S. 196,27 L Ed 171, 1 S Ct 240; *Chicago, B.*
> *& Q. R. Co. vs. Chicago,* 166 U.S. 226, 41 LEd 979, 17 S Ct
> *581; Norris vs. Alabama,* 294 U.S. 587, 79 L Ed 1074,55 S
> Ct 579; *Mooney vs. Holohan,* 294 U.S. 103, 79 L Ed 791,55
> S Ct 340, 98 ALR 406, reh den 294 U.S. 732, 79 L Ed 1261,
> 55 S Ct 511.

# Violation of Clearly Established Law
# by COUNTY OF BERKS aka BERKS COUNTY

**138.**   *The methods, standards and policy employed*   by Defendant, COUNTY OF BERKS aka BERKS COUNTY, as a political subdivision of the Commonwealth of Pennsylvania, acting under Article 9 § 4 of the Constitution of Pennsylvania in relation to Plaintiff's noncommercial property, which is not taxable by law, were illegal and nonuniform and any interim ad valorem tax assessments for the years 1970 through 2018 were created under color of Pennsylvania Statutes Title 72 § 5511.5a (Interim assessment) and are illegal and void.

**139.**   *It is a FACT that*   the clearly established laws of the state of Pennsylvania and United States of America are VOID of a procedure based in law or laws, enacted by the legislature of the state of Pennsylvania, pursuant to the Constitution of Pennsylvania, that authorizes a governmental entity, state government employee (public servant), to collect a recurrent *ad valorem tax* on any property owned

by the people as a matter of right for private use and noncommercial purposes, as defined by the Constitution of the Commonwealth of Pennsylvania

**Article 1 § 1.**
**Constitution of the Commonwealth of Pennsylvania Article 1**
**§ 1. Inherent rights of mankind.**
All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring,possessing and protecting property and reputation, and of pursuing their own happiness.
**"Ad valorem tax" (Black's Law Dictionary 6th Edition).**
*According to value.* A tax levied on property or an article of commerce in proportion to its value, as determined by assessment or appraisal. *Callaway vs. City of Overland Park,* 211 Kan. 646, 508 P .2d 902, 907.
**AD VALOREM.** *According to the value.* **(Bouviera 1856, 6th Edition).**
This Latin term is used in commerce in reference to certain duties, called ad valorem duties, which are levied on commodities at certain rates per centum on their value. See Duties; Imposts; Act of Congo of March 2, 1799, S.61 of March 1, 1823 S. 5.

> *"It has long been established that a State may not impose a*
> *penalty upon those who exercise a right guaranteed by the*
> *Constitution."* Frost vs. Railroad Commission of California,
> 271 U.S. 583 (1926).
> *"The states cannot use their most*
> *characteristic powers to reach unconstitutional results."*
> Western Union Telegraph Co. vs. Kansas, 216 U.S. 1;
> Pullman Co. vs. Kansas, 216 U.S. 56; Western Union Telegraph
> Co. vs. Foster, 247 U.S. 105,247 U.S. 114; Sioux Remedy
> Co. vs. Cope, 235 U.S. 197,235 U.S. 203.

**140.** *It is a FACT that* Defendant, COUNTY OF BERKS aka BERKS COUNTY, BERKS COUNTY TAX CLAIM BUREAU, and all named individual Defendants working in their official governmental capacity of employment, as constitutional officers,  have a duty to know that their conduct is violative of Plaintiff's rights. They are attempting  a theft of Plaintiff's home through falsification of governmental records/tax rolls, creating fictitious financial instruments as a security interest in property owned by Plaintiff and creating a counterfeit tax deed to Plaintiffs noncommercial property, under color of state tax procedures, as a matter of practice, custom and policy. Collection of a purported ad valorem tax on Plaintiff's home/noncommercial property, by means of false and fraudulent pretenses and the unconstitutional use of the state revenue statutes while simulating a legal process under color of law is truly a criminal act. **See exhibit (M and N)**

**141.** *Transferring property* *from the legal owner into the possession of those having no title to it without due process of law*, **is illegal and unconstitutional.** To take property from one person and transfers it to another is not a lawful exercise of the taxing power.

> ***The courts may not create nonstatutory taxpayers for the purpose of applying the provisions of the Revenue Acts, since the statutory definition of "taxpayer" is exclusive.*** *Commissioner of Internal Revenue v. Trustees of Lumber Inv. Ass'n,* 100 F.2d 18 (1938).

**142.** Defendant, COUNTY OF BERKS aka BERKS COUNTY, BERKS COUNTY TAX CLAIM BUREAU, and all named individual Defendants working in their official governmental capacity of employment are acting under color of law and in breach of their fiduciary duty to Plaintiff and the People of Pennsylvania.

> ***The guaranty is violated whenever any person, by virtue of public position under the federal or state government, deprives another of any right protected by that amendment. The guaranty may be violated by unfairness or corruption of officers in the performance of administrative functions.*** *Chicago, B. & Q. R. Co. vs. Chicago,* 166 U.S. 226,41 LEd 979, 17 S Ct 581; *Norris vs. Alabama,* 294 U.S. 587, 79 L Ed 1074,55 S Ct 579; *Mooney vs. Holohan,* 294 U.S. 103, 79 L Ed 791,55 S Ct 340,98 ALR 406, reh den 294 U.S. 732, 79 LEd 1261,55 S Ct 511.
> *Such misuse of the law usually implies malice, because unlawful, Willful acts are considered malicious by those whom these acts injure. Similarly, want of probable cause is not essential, because there can be no such thing as probable cause for a willful or intentional misuse of process for a wrongful or unlawful objective, or for an ulterior purpose not intended by the law. Psinakis vs. Psinakis,* 221 F. 2d 418 (3rd Cir.l955).

# DEMAND FOR EMPANELMENT OF GRAND JURY
## PRIMA FACIE EVIDENCE OF CRIMINAL ACTS BY DEFENDANTS
*Plaintiff incorporates by reference the facts set forth above as if set forth in full.*

**143.** *Plaintiff is* seeking compliance with Title 42 U.S.C. § 1987 (Prosecution of violation of certain laws) that authorizes and requires, at the expense of the United States,  to institute prosecutions against all persons violating any of the provisions of 18 U.S.C. § 241 and 242, Title 18 U.S.C. § 1964 (a) (b) (c) and § 1968 (Civil investigative demand) and to cause such persons to be arrested, and imprisoned or bailed, for trial before the  court of the United States or the

territorial court having cognizance of the offense. See Pub. Law 106-274, Sec. 4 (d), Sept. 22,2000, 114 Stat. 804. ( For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local officials within the their lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties. Persons acting under color of law within the meaning of this statute include police officers, prisons guards and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim).

**144.    *Plaintiff is* also seeking** compliance with Title 18 U.S.C. § 3 and § 4 that makes it a crime to fail to report a crime to proper authorities, *hereby makes the following statement of facts;*

**145.    *Plaintiff as one of the sovereign people of the Commonwealth of Pennsylvania,*** within the township of Spring, has probable cause, supported by the facts to believe, and therefore does believe, that Defendant COUNTY OF BERKS aka BERKS COUNTY, a for-profit chartered Corporation, by way of Defendant, BERKS COUNTY TAX CLAIM BUREAU, acting for The Department of Revenue for the Commonwealth of Pennsylvania and its named employee's, agents and/or servants, by means of false and fraudulent pretenses, as a matter of custom and policy, have conspired to commit a common law fraud and unlawful conversion upon Plaintiff's property, which is not taxable by the laws of Pennsylvania, under color of Pennsylvania tax statutes and are truly acting beyond the constitutional limitations of taxation set forth under article 1 § 8 clause 1 of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania article 8, as evidenced by the facts stated herein. **See exhibit (M)(N)(O) and (P)(P1)**

**146.    All actions complained of herein** fall within conduct indictable under specific provisions of the ***Organized Crime Control Act* (OCCA) (P.L. 91-452, 84 Stat. 922) 1970 federal laws (18 U.S.C. § 1962 et seq. 1970),** specifically designed to punish criminal activity

by business enterprises relating to counterfeiting, securities fraud, theft, embezzlement, obstruction of justice, racketeering, money laundering, etc.

**147.**   The specific goal of RICO is to punish the use of an enterprise engaged in certain criminal activities. A person who uses an enterprise to engage in a pattern of racketeering activity may be convicted under the RICO criminal statute Title18 U.S.C. § 1963 (a) (Criminal penalties). An enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

**148.   At all times material** all named individual Defendants unconstitutional use of the state revenue statutes and simulated legal processes are being used to deprive Plaintiff, a nontaxpayer, of money and/or property without due process of law, under color of state revenue statutes!

**149.   *WHEREFORE,* Defendants' practice, custom and policy of false entries and the fictitious classification of Plaintiff's property on their tax rolls for the purpose of applying the provisions of the Pennsylvania Real Estate Tax Law Act of July 7, 1947, P.L. 1368, No. 542, Tax Reform Code of 1971, to manufacture a fictitious tax deed to Plaintiff's noncommercial property to financially benefit all Defendants, is an act done so under color of the Pennsylvania tax code/statutes and as a matter of custom and policy, is violative of Plaintiff's substantive rights to property ownership and procedural due process guaranteed , pursuant to the Constitution of Pennsylvania Article I §1, §9, §10 and §11 and the fourth, Fifth and Fourteenth Amendments of the United States Constitution and have done so to wit**

# COUNT ONE (1)
## Violation of Civil and Substantive Rights While Acting Under Color Law 42 U.S.C. § 1983 - Title 18 U.S.C. § 242
### Deprivation of rights under color of law by Defendant BRENDA S. SHAW
*Plaintiff incorporates by reference the facts set forth above as if set forth in full*

**150.   *This cause of action is brought by Plaintiff Jeffrey Smiles,* against Defendant COUNTY OF BERKS *aka* BERKS COUNTY** and its named individual employee's, agents and/or servants namely, Defendant BRENDA S. SHAW, and KATHE E. STANISLAW for the

color of imposition and unconstitutional application of a recurrent ad valorem tax scheme against Plaintiff's noncommercial property, which is NOT taxable by law, and deprivation of Plaintiffs constitutional rights within the meaning of Title 42 U.S.C. § 1983.

**151.**   **At all times relevant herein,** Plaintiff has a substantive right under the due process and equal protection clauses of the state and federal constitutions not to be deprived of his constitutionally protected interest in his property pursuant to the Fifth and Fourteenth Amendments of the Constitution for the United States of America.

**152.**   *In each and every instance as set forth above,* Defendant, BRENDA S. SHAW's and KATHE E. STANISLAW's falsification and misclassification of Plaintiff's noncommercial property, which is not taxable by the laws of Pennsylvania, was done as a matter of custom and policy, in an apparent effort to collect a commercial ad valorem tax to financially benefit Defendant, BRENDA S. SHAW and KATHE E. STANISLAW, acting as the Berks County Assessors, that Defendants, BERKS COUNTY TAX CLAIM BUREAU and COUNTY OF BERKS aka BERKS COUNTY,  was clearly not authorized by law to assess against Plaintiff's noncommercial property pursuant to the Constitution of Pennsylvania.

**153.**   *It is a FACT that*  Plaintiffs property CLEARLY has NO taxable business situs for county purposes within the state of Pennsylvania pursuant to the legislative intent of the Pennsylvania Real Estate Tax Law and/or the Pennsylvania Tax Reform Code of 1971 and pursuant to the limitations of taxation set forth in Article I, § 8 clause 1 of the United States Constitution.

**154.**   *In each and every instance as set forth above,*  Defendant, BRENDA S. SHAW and KATHE E. STANISLAW , acting in their individual, official and professional capacity, under color of authority, through a clear and affirmative abuse of power with the intent to permanently deprive Plaintiff of his money and or home/property, by way of a simulated legal process while clothed with state authority, and lacking all appearances of due process and the rule of law, did violate Plaintiff's substantive rights under color tax statutes.

**155.**   **Defendants, BRENDA S. SHAW and KATHE E. STANISLAW's, falsification and misclassification** of Plaintiff's property is violative of Plaintiff's substantive rights to property

ownership and procedural due process, secured by the laws and the Constitution of Pennsylvania Article I § 1, §9, § l0 and § 11and the Fifth and Fourteenth Amendments of the United States Constitution.

**156.   Defendants, BRENDA S. SHAW and KATHE E. STANISLAW , were clearly being trained,** as a matter of custom and policy, by Defendants BERKS COUNTY TAX CLAIM BUREAU and COUNTY OF BERKS *aka* BERKS COUNTY  to believe that the Pennsylvania tax statutes by way of an ad valorem tax applies to the premises of Plaintiff's noncommercial property.

**157.   Defendants, BRENDA S. SHAW and KATHE E. STANISLAW , acted intentionally, or at least recklessly,** in disregard of Plaintiffs constitutional rights. Defendant, BRENDA S. SHAW and KATHE E. STANISLAW, as a constitution officers had a duty to know or should have known that their conduct violated Plaintiffs constitutional rights.

**158.   Defendants, BRENDA S. SHAW and KATHE E. STANISLAW's** falsification and misclassification of Plaintiff's noncommercial property on the Berks County assessment rolls did in fact cause the constitutional deprivations complained of.

**159.   Defendants, COUNTY OF BERKS aka BERKS COUNTY,** and its named employee Defendant, BRENDA S. SHAW and KATHE E. STANISLAW's, practice of the falsification and misclassification of their tax rolls, to financially benefit all Defendants, is so widespread that it has **acquired the force of law as an official policy and custom** of Defendants, BERKS COUNTY TAX CLAIM BUREAU, and COUNTY OF BERKS *aka* BERKS COUNTY, and was the moving force behind Plaintiff's deprivation of his property rights as secured to Plaintiff in accordance with Constitution of Pennsylvania Article I § 1 and the Fourteenth Amendment of the United States Constitution.

**160.   Defendants, BRENDA S. SHAW and KATHE E. STANISLAW,** was acting under color of law as an authorized agent for  Defendant, BERKS COUNTY TAX CLAIM BUREAU, while implementing the customs and polices of the Defendant, COUNTY OF BERKS *aka* BERKS COUNTY, and did  so under color of statute and usage of state revenue codes within the meaning of Title 42 U.S.C. § 1983. *Estate of Macias vs. Lopez,* 42 F. Supp.2d 957 (N.D.Cai. 1999).

**161.**   **Defendants, BRENDA S. SHAW and KATHE E. STANISLAW's,** misconduct of falsification and misclassification of the Berks County tax rolls, as a matter of custom and policy, is a violation of the clearly established laws of the State of Pennsylvania (Title 18 Pa. C.S.A. Crimes and Offenses) and of the United State of America (Title 18 U.S.C. § 241 & 242).

**162.**   **Defendant, BRENDA S. SHAW's and KATHE E. STANISLAW's ,** practice, custom and policy has clearly violated Plaintiff's constitutional rights within the meaning of Title 42 U.S.C. § 1983.

**163.**   *It is a FACT that*  Defendant, BRENDA S. SHAW and KATHE E. STANISLAW's , color of law actions and official misconduct toward Plaintiff has defrauded Plaintiff and did deprive Plaintiff Jeffrey Smiles, of clearly established substantive rights and equal protection of the law as secured by the Constitution and laws of the State of Pennsylvania and the United States of America, as set forth herein pursuant to Title 18 U.S.C. § 242 within the meaning of Title 42 U.S.C. § 1983.

# COUNT TWO (2)
# Violation of Civil and Substantive Rights While Acting Under Color Law 42 U.S.C. § 1983 - Title 18 U.S.C. § 242
### Deprivation of rights under color of law by Defendant
### LILLIAN B. CRAMSEY
*Plaintiff incorporates by reference the facts set forth above as if set forth in full*

**164.**   *This cause of action is brought by Plaintiff, Jeffrey Smiles*, against Defendant COUNTY OF BERKS *aka* BERKS COUNTY, and its named individual employees, agents and/or servants namely, Defendant LILLIAN B. CRAMSEY, for her color of imposition and unconstitutional application of a recurrent ad valorem tax scheme on Plaintiff's noncommercial property, which is NOT taxable by law, and deprivation of Plaintiff's constitutional rights within the meaning of Title 42 U.S.C. § 1983.

**165.**   **At all relevant times herein,** Plaintiff has a right under the due process and equal

protection clauses of the state and federal constitutions not to be deprived of his constitutionally protected interest in his property pursuant to the Fifth and Fourteenth Amendments of the Constitution for the United States of America.

**166.**   *In each and every instance as set forth above,*  Defendant, LILLIAN B. CRAMSEY's, falsification and misclassification of Plaintiff's noncommercial property, which is not taxable by the laws of Pennsylvania, was done as a matter of custom and policy to financially benefit Defendants BERKS COUNTY TAX CLAIM BUREAU, to collect a commercial ad valorem tax that Defendant, LILLIAN B. CRAMSEY, acting as the Tax Collector for Defendants BERKS COUNTY TAX CLAIM BUREAU and COUNTY OF BERKS aka BERKS COUNTY, is not authorized to collect against Plaintiff's noncommercial property pursuant to the Constitution of Pennsylvania.

**167.**   *It is a FACT that*  Plaintiff's property CLEARLY has NO taxable business situs for county purposes within the state of Pennsylvania pursuant to the legislative intent of the Pennsylvania Real Estate Tax Law and/or the Pennsylvania Tax Reform Code of 1971 and pursuant to the governmental limitations of taxation set forth in Article I, § 8 clause 1 of the United States Constitution.

**168.**   **Defendant, LILLIAN B. CRAMSEY's,** policy of manufacturing counterfeit securities and fictitious obligations (Tax Bills) against Plaintiff's noncommercial property is violative of Plaintiff's substantive rights to property ownership and procedural due process, secured by the laws and the Constitution of Pennsylvania Article I § 1, §9, § 1 0 and § 11; and the Fifth and Fourteenth Amendments of the United States Constitution.

**169.   In each and every instance as set forth above,** Defendant, LILLIAN B. CRAMSEY, did act in her individual, official and professional capacity, under color of authority, through a clear and affirmative abuse of power, with the intent to permanently deprive Plaintiff of his money and or home/property, by way of a simulated legal process to financially benefit all Defendants, while clothed with state authority and lacking all appearances of due process and the rule of law, did violate Plaintiff's rights under color tax statutes.

**170.**   **Defendant, LILLIAN B. CRAMSEY,** is clearly being trained as a matter of custom and policy by Defendants BERKS COUNTY TAX CLAIM BUREAU and COUNTY OF BERKS *aka* BERKS COUNTY, to believe that the Pennsylvania tax statutes, by way of an ad valorem tax, applies to the premises of Plaintiff's noncommercial property.

**171.**   **Defendant, LILLIAN B. CRAMSEY,** acted intentionally, or at least recklessly, in disregard of Plaintiff's constitutional rights. Defendant, LILLIAN B. CRAMSEY, as a sworn constitutional officer of the State of Pennsylvania had a duly to know, or should have known, that her conduct violated Plaintiff's constitutional rights.

**172.**   **Defendant, LILLIAN B. CRAMSEY's,** falsification and misclassification of Plaintiff's noncommercial property on the Berks County assessment rolls, as a matter of custom and policy, did in fact cause the constitutional deprivations complained of.

**173.**   **Defendant, LILLIAN B. CRAMSEY's,** misconduct is a violation of the clearly established laws of the State of Pennsylvania (Title 18 Pa. C.S.A. Crimes and Offenses) and the United States of America (Title 18 U.S.C.).

**174.**   **Defendant, COUNTY OF BERKS aka BERKS COUNTY,** and its named employee, Defendant, LILLIAN B. CRAMSEY's, practice of the falsification and misclassification of the peoples property on their tax rolls, to financially benefit all Defendants, is so widespread that it has acquired the force of law as an official policy and custom of Defendants, BERKS COUNTY TAX CLAIM BUREAU and COUNTY OF BERKS *aka* BERKS COUNTY, and was the moving force behind Plaintiff's deprivation of his property rights as secured to Plaintiff in accordance with Constitution of Pennsylvania Article I §1 and the Fourteenth Amendment of the United States Constitution.

**175.**   **Defendant, LILLIAN B. CRAMSEY,** acting under color of law, as an authorized agent of Defendant BERKS COUNTY TAX CLAIM BUREAU, while implementing the customs and polices of the Defendant, COUNTY OF BERKS *aka* BERKS COUNTY , and did do so under color of statute and usage of state revenue codes, within the meaning of Title 42 U.S.C. § 1983. *Estate o/Macias vs. Lopez,* 42 F.Supp.2d 957 (N.D.Cal. 1999).

**176.**   **Defendant, LILLIAN B. CRAMSEY's,** practice, custom and policy has clearly violated

Plaintiff's constitutional rights within the meaning of Title 42 U.S.C. § 1983.

*177.  It is a FACT that* Defendant, LILLIAN B. CRAMSEY's, color of law actions and official misconduct toward Plaintiff has defrauded Plaintiff and did deprive Plaintiff, Jeffrey Smiles, of clearly established substantive rights and equal protection of the law, as secured by the Constitution and laws of the State of Pennsylvania and the United States of America, as set forth herein, pursuant to Title 18 U.S.C. § 242, within the meaning of Title 42 U.S.C. § 1983.

# COUNT THREE (3)
# Violation of Civil and Substantive Rights While Acting
## Under Color Law 42 U.S.C. § 1983 - Title 18 U.S.C. § 242
### Deprivation of rights under color of law by Defendant STACEY A. PHILE

*Plaintiff incorporates by reference the facts set forth above as if set forth here in full*

**178.  *This cause of action is brought by Plaintiff, Jeffrey Smiles,*** against Defendant,COUNTY OF BERKS *aka* BERKS COUNTY, and its named individual employees,  agents and/or servants namely, Defendant, STACEY A. PHILE, for her color of imposition and unconstitutional application of a recurrent ad valorem tax scheme on Plaintiff's noncommercial property, which is NOT taxable by law, and deprivation of Plaintiff s constitutional rights within the meaning of Title 42 U.S.C. § 1983.

**179.  At all relevant times herein,** Plaintiff has a right under the due process and equal protection clauses of the state and federal constitutions not to be deprived of his constitutionally protected interest in his property, pursuant to the Fifth and Fourteenth Amendments of the Constitution for the United States of America.

**180.  *In each and every instance as set forth above,*** Defendant, STACEY A. PHILE's, falsification and misclassification of Plaintiff's noncommercial property, which is not taxable by the laws of Pennsylvania, was done as a matter of custom and policy in an effort to deprived Plaintiff of his property under color of a commercial ad valorem tax scheme that Defendant, STACEY A. PHILE acting as the Director of the Berks County Tax Claim Bureau for Defendants BERKS COUNTY TAX CLAIM BUREAU and COUNTY OF BERKS aka BERKS COUNTY was

not authorized to assess and/or collect against Plaintiff's noncommercial property pursuant to the Constitution of Pennsylvania.

**181.   Defendant, STACEY A. PHILE's,** falsification and misclassification of the Berks County assessment roll, as a practice, custom and policy of Defendants, BERKS COUNTY TAX CLAIM BUREAU and COUNTY OF BERKS *aka* BERKS COUNTY, was done for the purposes of manufacturing counterfeited securities upon Plaintiff's noncommercial property to financially benefit Defendants, BERKS COUNTY TAX CLAIM BUREAU and COUNTY OF BERKS aka BERKS COUNTY.

**182.   Defendant, STACEY A. PHILE's,** policy of manufacturing counterfeited securities and fictitious obligations (Tax Claim) against Plaintiff's noncommercial property, as a matter of custom and policy, is violative of Plaintiff's substantive rights to property ownership and procedural due process secured by the laws and the Constitution of Pennsylvania Article I §1, §9, §10 and §11 and the Fifth and Fourteenth Amendments of the United States Constitution.

**183.   *In each and every instance a set forth above*** Defendant STACEY A. PHILE, did act in her individual, official and professional capacity, under color of authority, through a clear and affirmative abuse of power with the intent to permanently deprive Plaintiff of his money and or home/property by way of a **simulated legal process** to financially benefit all Defendants while clothed with state authority and lacking all appearances of due process and the rule of law did violate Plaintiff's rights under color tax statutes.

**184.   *It is a FACT that*** Plaintiff's property CLEARLY has NO taxable business situs for county purposes within the state of Pennsylvania, pursuant to the legislative intent of the Pennsylvania Real Estate Tax Law and/or the Pennsylvania Tax Reform Code of 1971 and pursuant to the governmental limitations of taxation set forth in article I, § 8 clause 1 of the United States Constitution.

> ***"The power of the United States to tax is limited to persons, property, and business within their jurisdiction, as much as that of a state is limited to the same subjects within its jurisdiction." United States vs. Erie Ry. Co.,*** *106 U.S. 327, 333, 1 S. Ct. 223 (1882).*

**185.** ***It is a FACT that*** **Defendant,** STACEY A. PHILE, is clearly being trained as a matter of custom and policy by Defendants, BERKS COUNTY TAX CLAIM BUREAU and COUNTOF BERKS *aka* BERKS COUNTY, to believe that the Pennsylvania tax statutes, by way of an ad valorem tax, applies to the premises of Plaintiff's noncommercial property.

**186.** **Defendant, STACEY A. PHILE,** acted intentionally, or at least recklessly, in disregard of Plaintiff's constitutional rights. Defendant, STACEY A. PHILE, as a constitution officer had a duty to know, or should have known, that her conduct violated Plaintiff's constitutional rights.

**187.** **Defendant, COUNTY OF BERKS aka BERKS COUNTY,** and its named employee Defendant, STACEY A. PHILE's, practice of the falsification and misclassification of their tax rolls to financially benefit Defendants is so widespread that it has acquired the force of law as an official policy and custom of Defendants, BERKS COUNTY TAX CLAIM BUREAU and COUNTY OF BERKS *aka* BERKS COUNTY, and was the moving force behind Plaintiff's deprivation of his property rights, as secured to Plaintiff in accordance with Constitution of Pennsylvania Article I § 1 and the Fourteenth Amendment of the United States Constitution.

**188.** **Defendant, STACEY A. PHILE,** was acting under color of law, as an authorized agent of Defendant BERKS COUNTY TAX CLAIM BUREAU while implementing the customs and polices of the Defendant COUNTY OF BERKS *aka* BERKS COUNTY and did do so under color of statute and usage of state revenue codes within the meaning of Title 42 U.S.C. § 1983. *Estate of Macias vs. Lopez,* 42 F.Supp.2d 957 (N.D.Cal. 1999).

**189.** **Defendant, STACEY A. PHILE's,** misconduct is a violation of the clearly established laws of the State of Pennsylvania (Title 18 Pa. C.S.A. Crimes and Offenses) and the United States of America (Title 18 U.S.C.).

**190.** **Defendant, STACEY A. PHILE's,** practice, custom and policy has clearly violated Plaintiff's constitutional rights within the meaning of Title 42 U.S.C. § 1983.

**191.** ***It is a FACT that*** Defendant, STACEY A. PHILE's, color of law actions and official misconduct toward Plaintiff has defrauded Plaintiff, and did deprived Plaintiff, Jeffrey Smiles, of clearly established substantive rights and equal protection of the law, as secured by the Constitution and laws of

the State of Pennsylvania and the United State of America as set forth herein, pursuant to Title 18 U.S.C. § 242 within the meaning of Title 42 U.S.C. § 1983.

# COUNT FOUR (4)
# Violation of Civil and Substantive Rights While Acting Under Color Law 42 U .S.C. § 1983 - Title 18 U .S.C. § 242
## Deprivation of rights under color of law by BERKS COUNTY TAX CLAIM BUREAU

*Plaintiff incorporates by reference the facts set forth above as if set forth in full*

**192.    This cause of action is brought by Plaintiff, Jeffrey Smiles,** against Defendant, COUNTY OF BERKS *aka* BERKS COUNTY, and its named individual employees, agents and/or agencies namely, Defendant , BERKS COUNTY TAX CLAIM BUREAU, for their color of imposition and unconstitutional application of a ad valorem tax scheme on Plaintiff's noncommercial property, which is NOT taxable by law, and deprivation of Plaintiff's constitutional rights within the meaning of Title 42 U.S.C. § 1983.

**193.    *At all relevant times herein*,** Plaintiff has a right under the due process and equal protection clauses of the state and federal constitutions not to be deprived of his constitutionally protected interest in his property pursuant to the Fifth and Fourteenth Amendment of the Constitution United States of America.

**194.    The NO response from the Berks County Assessors Office,** acting at the time as agent for Defendant, BERKS COUNTY TAX CLAIM BUREAU, to Plaintiff's public records request, filed in accordance with the Pennsylvania "Right-to-Know Law," requesting the Berks County Assessors Office to produce their authority to levy a commercial ad valorem property tax on Plaintiff's noncommercial property, and the FAILURE of the Director of the Berks County Tax Claim Bureau, as supervisor to cease all tax schemes upon Plaintiff's property, after their FAILURE to provide a assessment, as **mandated by Pennsylvania Statutes Title 72 § 5341.13 and Title 53 § 8811(a),** amounts to a reckless and callous indifference to his constitutional rights of property ownership, as secured to Plaintiff, in accordance with Constitution of Pennsylvania Article I § 1 and the Fourteenth Amendment of the United States Constitution. See *Gutierrez-Rodriguez vs. Cartagena,* 882 F.2d 553, 562 (1 st Cir. 1989) and *Howard vs. Adkison,* 887 F.2d 134, 138 (8th Cir. 1989).

**195.**   The Berks County Assessors Office should have removed Plaintiff's property from the Berks County tax rolls and ceased all taxing activity when they FAILED to provide an assessment as required by the Pennsylvania Tax Reform Code of 1971.

**196.   *In each and every instance as set forth above, Defendant,*** COUNTY OF BERKS aka BERKS COUNTY, by way of Defendant, BERKS COUNTY TAX CLAIM BUREAU, acting for The Department of Revenue of the Commonwealth, under color of authority, official capacity and to financially benefit Defendants, COUNTY OF BERKS aka BERKS COUNTY and BERKS COUNTY TAX CLAIM BUREAU, did manufacture a counterfeit tax deed under color of Pennsylvania Statutes Title 72 § 5873 (Sale of lands purchased by county at sheriffs sale on judgment for unpaid taxes) and § 5881 (Deeds to purchasers) with intent to sell a illegal tax deed on Plaintiff's home/noncommercial property while lacking all appearances of due process and the rule of law.

**197.   *It is a FACT that*** the Berks County Court record is clearly deficient of any action to collect a tax pursuant to Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 7243(a)(b) and (c) (Suit for taxes) and Chapter 4. Local Taxation, Sale of Lands for Taxes § 5878c (Hearing and notice), pertaining to the collection of a purported ad valorem tax and sale of lands for taxes on Plaintiff's home/noncommercial property, which is not subject to taxation by law.

> ***The Fifth Amendment to the Federal Constitution prevents the Federal Government or its agencies from depriving any person of his property without due process of law. The Fourteenth Amendment to the Federal Constitution, and all the various state constitutions, prevent any action by a state which would accomplish such deprivation. These provisions securing defined property rights against invasion by state authority are limitations upon the lawmaking power of the legislature as well as upon the powers of the other departments of the state government.*** *Buchanan vs. Warley,* 245 U.S. 60, 62 L Ed 149,38 S Ct 16; *Telegraph Co. vs. Davenport,* 97 U.S. 369,24 L Ed 1047; *Rees vs. Watertown,* 86 U.S. 107,22 L Ed 72.

**198.   *In each and every instance as set forth above*** *Defendant,* BERKS COUNTY TAX CLAIM BUREAU'S,  infringement of Plaintiff's property rights, the lack of NO due process and acts of official misconduct, as a matter of policy and custom to financially benefit all Defendants, has violated Plaintiff's substantive rights to property ownership, peaceful possession and enjoyment of

Plaintiff's property and Plaintiff's rights to the equal protection of the law, procedural due process and the right to be free of governmental interference,  pursuant to the Constitution of Pennsylvania Article I § 1, § 9 and the Fifth and Fourteenth Amendments of the United States Constitution.

> *"Private property is owned and controlled by private individuals. There is no monetary or proprietary interest that a government at any level has in controlling property belonging to a private individual" Jones vs. Mayer Co.,* **392 U.S. 409 (1968).**

**199.**   **Defendant, BERKS COUNTY TAX CLAIM BUREAU,** and its named employees, practice, policy and custom of the falsification and misclassification of People's property on their tax rolls and the **breach of the People's due process rights, appears to be so widespread that it has acquired the force of law as an official policy and custom** of Defendants, BERKS COUNTY TAX CLAIM BUREAU and COUNTY OF BERKS *aka* BERKS COUNTY, and was **the moving force behind Plaintiff's deprivation of his property rights**, as secured to Plaintiff in accordance with the Constitution of Pennsylvania Article I §1, § 9 and the Fourteenth Amendment of the United States Constitution.

> *"So viewed, the prohibition against the deprivation of property without due process of law reflects the high value, embedded in our constitutional and political history, that we place on a person's right to enjoy what is his, free of governmental interference. " See Lynch vs. Household Finance Corp., 405* **U.S. 538,405 U.S. 552 (1972).**

**200.**   ***Defendant,* BERKS COUNTY TAX CLAIM BUREAU,** have breached their fiduciary duty to Plaintiff and the People of Pennsylvania under color of statute, practice, custom, policy usage of state revenue codes and color of official capacity.

**201.**   ***It is a FACT that***   Defendant, BERKS COUNTY TAX CLAIM BUREAU'S, polices and customs, supervisor's inaction, acts of official misconduct, FAILURE to prevent or aid in preventing Plaintiff's rights violations, color of law actions toward Plaintiff and Defendants FAILURE to protect Plaintiff's procedural due process rights has defrauded Plaintiff and did deprived Plaintiff Jeffrey Smiles of clearly established substantive rights and equal protection of the law as secured by the Constitution and laws of the State of Pennsylvania and the United State of America as set forth herein pursuant to Title 18 U.S.C. § 242 **within the meaning** of Title 42 U.S.C. § 1983.

# COUNT FIVE (5)
# Violation of Civil and Substantive Rights While Acting Under Color Law 42 U.S.C. § 1983 - Title 18 U.S.C. § 242
### Deprivation of rights under color of law: COUNTY OF BERKS aka BERKS COUNTY

*Plaintiff incorporates by reference the facts set forth above as if set forth in full*

**202.** *This cause of action* is brought by Plaintiff, Jeffrey Smiles, against Defendant COUNTY OF BERKS aka BERKS COUNTY, and its named individual employees, agents and/or agencies for their willful, wanton, malicious, and abusive conduct under color of law that has deprived Plaintiff of constitutionally protected rights under the Fifth and Fourteenth Amendments of the United States Constitution, within the meaning of Title 42 U.S.C. § 1983.

**203.** *It is a FACT that* Plaintiff's property CLEARLY has NO taxable business situs for county purposes within the state of Pennsylvania pursuant to the legislative intent of the Pennsylvania Real Estate Tax Law and/or the Pennsylvania Tax Reform Code of 1971 and pursuant to the governmental limitations of taxation set forth in article I, § 8 clause 1 of the United States Constitution.

**204.** *In each and every instance as set forth above* *Defendant,* COUNTY OF BERKS aka BERKS COUNTY, by way of Defendant, BERKS COUNTY TAX CLAIM BUREAU, acting for The Department of Revenue of the Commonwealth, under color of authority and official capacity, **did manufacture a counterfeit tax deed** under color of Pennsylvania Statutes Title 72 § 5873 and § 5881 on Plaintiff's home/noncommercial property, which is not taxable by law, with intent to sell a illegal tax deed to property of Plaintiff's that Defendants do not own with intent to financially benefit Defendants, COUNTY OF BERKS aka BERKS COUNTY, BERKS COUNTY TAX CLAIM BUREAU, and others not entitled thereto constituting "Theft" under Pennsylvania state law as defined by Pennsylvania Statutes Title 18 § 3922(a)(1)(2) (Theft by deception) and pursuant to Pennsylvania Statutes Title 18 § 3921(a) and (b) (Theft by unlawful taking). **See exhibit (M)(N)(O) and (P)(P1)**

> ***To convey a title the seller must himself have a title to the property which is the subject of the transfer.*** 3 B. & C. 47; 3 *Burr.* 1516; 5 T. R. 683; 7 *Bing.* 284; 7 *Taunt.* 265,278; 13 East, 509; *Bouv. Inst. Index, h.t.* and ***"for a deed, to be effective, there must be some right or interest owned by the grantor in the land at the time the deed was made."***

*Leidig vs. Hoopes* (Okla) 288 P2d 402; *Phillips vs. Johnson,*
202 Okla 645,217 P2d 520.

**205.** *Defendant* **COUNTY OF BERKS aka BERKS COUNTY'S** conduct is a clear statement of Defendant's practice, custom and policy that Plaintiff cannot exercise his constitutional right to peaceful enjoyment and possession of his property and the right to be free of governmental interference, as a matter of right, pursuant to the Pennsylvania State Constitution Article I § 1, unless Plaintiff pays a commercial ad valorem property tax upon Plaintiff's noncommercial property!

**206.** *Defendant,* **COUNTY OF BERKS aka BERKS COUNTY's,** by way of Defendant, BERKS COUNTY TAX CLAIM BUREAU, acting for The Department of Revenue of the Commonwealth of Pennsylvania, policy, custom and practice of levying a recurrent ad valorem tax on Plaintiff's right to own, acquire, possess, protect and enjoy property, pursuant to the Constitution of Pennsylvania, Article I § 1 with NO evidence that Plaintiff is a taxpayer by any statutory definition, conducting any commerce producing activity, receiving "taxable income" with his land or income attributable to real property within the scope of article I, § 8 clause 1 of the United States Constitution and article 8 of the Constitution of Pennsylvania pursuant to the Pennsylvania Tax Reform Code of 1971 § 401(1) as defined by Pennsylvania Statue Title 72 § 7401(3), **CLEARLY** violates Plaintiff's substantive rights to property ownership in accordance with the Fifth and Fourteenth Amendments of the United States Constitution.

> *Property" is more than just the physical thing the land, the bricks, the mortar it is also the sum of all the rights and powers incident to ownership of the physical thing. It is the tangible and the intangible. Property is composed of constituent elements and of these elements the right to use the physical thing to the exclusion of others is the most essential and beneficial Without this right all other elements would be of little value. " Hickman vs. Commissioner,*
> 465 U.S. 3301, 336 (1984).

**207.   At all times material** the Berks County Court record is clearly deficient of any action to collect a tax pursuant to Pennsylvania Statutes Title 72 Taxation and Fiscal Affairs § 7243(a)(b) and (c) (Suit for taxes) and Chapter 4. Local Taxation, Sale of Lands for Taxes § 5878c (Hearing and notice) pertaining to the collection of a purported ad valorem tax and sale of lands for taxes on Plaintiff's home/noncommercial property which is not subject to taxation by law.

*Where rights are acquired by a citizen under the existing law, there is no power in any branch of the government to take them away except by due process of law. The purpose of this clause is to exclude arbitrary power from every branch of the government. It has been asserted that the __guaranty should be enforced even against persons assuming to act under the authority of the government.__ The guaranty is violated whenever any person, by virtue of public position under the federal or state government, deprives another of right protected by that amendment. __The guaranty may be violated by unfairness or corruption of officers in the performance of administrative functions.__* United States vs. Lee, 106 U.S. 196,27 L Ed 171, 1 S Ct 240; Chicago, B. & Q. R. Co. vs. Chicago, 166 U.S. 226,41 LEd 979, 17 S Ct 581; Norris vs. Alabama, 294 U.S. 587, 79 L Ed 1074, 55 S Ct 579; Mooney vs. Holohan, 294 U.S. 103, 79 L Ed 791,55 S Ct 340, 98 ALR 406, *reh den* 294 U.S. 732, 79 L Ed 1261,55 S Ct 511.

**208.   *It is a FACT that*** Defendant, COUNTY OF BERKS aka BERKS COUNTY, and its named employees, are WITHOUT a lawful assessment or a return filed by Plaintiff and have NO right of title or ownership interest in Plaintiff's property and/or adequate evidence of statutory authority, and did manufacture a counterfeit tax deed under color of law to financially benefit Defendants, in violation of the clearly established laws of the State of Pennsylvania (Title 18 Pa. C.S.A. Crimes and Offenses) and the United State of America (Title 18 U.S.C.), pertaining to Plaintiff's noncommercial property with the intent to permanently deprive Plaintiff of his home by way of a simulated legal  process, while clothed with state authority.

**209. Defendant, COUNTY OF BERKS aka BERKS COUNTY,** and its named employees' practice, custom and policy of levying a commercial ad valorem property tax on the People's right to own, acquire, possess, protect and enjoy property, by way of the falsification and misclassification of their tax rolls, to manufacture fictitious obligations and counterfeit tax deeds, while directly breaching the People's due process rights to complete their tax scheme is so widespread that it has acquired the force of law as an official policy and custom of Defendants, COUNTY OF BERKS *aka* BERKS COUNTY, said policy and custom of abuse and misuses of the state tax code was the  moving force behind Plaintiff's deprivation of his property rights, as secured to Plaintiff in accordance with Constitution of Pennsylvania Article I §1, § 9, the Fifth and Fourteenth Amendments of the United States Constitution.

**210.   *It is a FACT that*** Defendant, COUNTY OF BERKS aka BERKS COUNTY's, polices and customs and supervisor's inaction, led to a FAILURE to prevent or aided in preventing Plaintiff's rights violations, and Defendant's FAILURE to  protect Plaintiff's procedural due process rights has defrauded Plaintiff and did deprived Plaintiff, Jeffrey Smiles, of clearly established substantive rights and equal protection of the law, as secured by the Constitution and laws of the State of Pennsylvania and the United States of America as set forth herein, pursuant to Title 18 U.S.C. § 242 **within the meaning of Title 42 U.S.C. § 1983**.

# COUNT SIX (6)
# Conspiracy to interfere with civil rights
# 42 U.S.C. § 1985 - Title 18 U.S.C. § 241
### Conspiracy against rights - All Defendants.

*Plaintiff incorporates by reference the facts set forth above as if set forth in full*

**211.   *This cause of action is brought by Plaintiff, Jeffrey Smiles***, against Defendant, COUNTY OF BERKS aka BERKS COUNTY'S, and its named individual employee's, agents and/or agencies for their conspiratorial and abusive conduct done under color of law that has deprived Plaintiff of constitutionally protected rights under the Fifth and Fourteenth Amendments of the United States Constitution, within the meaning of Title 42 U.S.C. § 1985.

**212.   *It is a FACT that*** Defendant COUNTY OF BERKS aka BERKS COUNTY and its named individual employee's, agents and/or agencies have conspired against the premises of Plaintiff to commit a common law fraud and unlawful conversion upon Plaintiff's property under color of law. **See exhibit (0) and (P)(P1)**

**213.   *The misconduct of all the individual Defendants,*** acting as employees of Defendant, COUNTY OF BERKS aka BERKS COUNTY, a political subdivision of the Commonwealth of Pennsylvania, has led Plaintiff, a reasonable man with reasonable intelligence, to believe that a conspiratorial purpose does exist in Berks County, Pennsylvania to directly deprive Plaintiff and all classes of persons and People (homeowners) of the equal protection of the laws and substantive rights to

acquire, possess, own, protect and enjoy what is his, **free of governmental interference** , pursuant to the Constitution **Pennsylvania Article 1 § 1, the Fifth and Fourteenth Amendments of the U.S. Constitution, by way of their abuse and misuse of the Pennsylvania Tax Reform Code of 1971** and/or the Pennsylvania Real Estate Tax Law.

> *"If the Right is one guaranteed by the Constitution, it must be sacred from state taxation. " Crandall vs. State of Nevada,* **73 U.S. 35 (1867).**

**214.   At all times material** all individual Defendants, as a matter of practice, custom and policy, are working in concert with each other under color of constitutional authority, Article 8 (Taxation and Finance) of the Constitution of the Commonwealth of Pennsylvania, by way of an unconstitutional application of the Pennsylvania Real Estate Tax Law and have created false entries and a fictitious classification of Plaintiff's noncommercial property, under color of Pennsylvania statutes Title 72 § 5341. 13 (a)(b)(c) and (d) (Assessment at actual value), by falsifying the classification (residential) of Plaintiff's property with intent to create a false "Assessment at actual value" and a fictitious taxable situs of Plaintiff's home under color of state revenue law. (Pennsylvania Real Estate Tax Law Act of July 7, 1947, P.L. 1368, No. 542, Tax Reform Code of 1971)

**215.**   Inspection of the Berks County public records clearly evidences that Defendant COUNTY OF BERKS aka BERKS COUNTY'S unconstitutional application and misuse of the state revenue codes/statutes as applied to the People's homes (noncommercial property) appears to be occurring upon tens of thousands of properties similarly situated in the County of Berks as Plaintiff's home to financially benefit Defendants. Such conduct amounts to a policy indifference to plaintiffs constitutionally protected rights to property ownership.

**216.   *It is a FACT that*** all individual Defendants are CLEARLY NOT acting within the legislative intent of the Pennsylvania Real Estate Tax Law Act of July 7, 1947, P.L. 1368, No.542 and/or the Tax Reform Code of 1971.

**217.   *It is a FACT that*** Defendant, COUNTY OF BERKS aka BERKS COUNTY, and its named individual employees, agents and/or agencies, have willfully and purposely misinformed Plaintiff and others, with print and by wire, to believe that Plaintiff is a taxpayer by statutory definition and has a duty or a legal responsibility to pay a recurrent ad valorem tax to Defendant COUNTY OF BERKS aka BERKS  COUNTY pursuant to Pennsylvania Statutes Title 72 "Taxation and Fiscal Affairs.

**218.** ***It is a FACT that*** Defendant, COUNTY OF BERKS aka BERKS COUNTY, and its named individual employees, agents and/or agencies, have willfully and purposely misinformed Plaintiff and others with print and by wire, to believe that Plaintiff has a duty to pay a tax on Plaintiff's right to own property under color of the Pennsylvania Tax Reform Code of 1971 to financially benefit Defendants.

**219.**    **The conspiratorial purpose is financial. See ALL exhibits.**

**220.**    **Defendants did promote their customs and polices through  print and by wire.**

**221.**    **All individual Defendants named herein are clearly being trained as a matter of custom and policy** by Defendants, **BERKS COUNTY TAX CLAIM BUREAU** and **COUNTY OF BERKS** *aka* BERKS COUNTY, that the Pennsylvania tax statutes by way of an ad valorem tax applies to the People's homes (noncommercial property) that the People own and use as a matter of right for private use pursuant to the Pennsylvania State Constitution Article I §1.

> ***"The individual, unlike the corporation, cannot be taxed***
> ***for the mere privilege of existing ... the individual's rights***
> ***to live*** *and **own property are** **natural rights*** *for the*
> *enjoyment of which an excise cannot be imposed. "*
> *Redfield vs. Fisher, 292 P 813, at 819 (1930);*
> *There is no monetary or proprietary interest that a*
> *government at any level has in controlling property*
> *belonging to a private individual"*
> *Jones vs. Mayer Co., 392 U.S. 409 (1968).*

**222.**    **Defendant, COUNTY OF BERKS aka BERKS COUNTY,** did feloniously and against the will of Plaintiff, *Jeffrey Smiles,* under color of law, statute, ordinance, regulation and custom willfully conspire to defraud Plaintiff of equal protection of the law and in doing so did oppress Plaintiff in the free exercise and enjoyment of Plaintiff's right to be secure in his person, premises, houses and papers, to enjoy and defend life and liberty, to pursue happiness and to acquire, possess and protect property, free of governmental interference as secured to Plaintiff by the Constitution and laws of the State of Pennsylvania and the United States of America as set forth herein, pursuant to Title **18 U.S.C. § 241 within the meaning of Title 42 U.S.C. § 1985**.

# COUNT SEVEN (7)

# Action for Neglect to Prevent
# While Acting Under Color Law 42 U.S.C. § 1986
### Action for Neglect to Prevent by - All Defendants.

*Plaintiff incorporates by reference the facts set forth above as if set forth in full*

**223.**   **This cause of action is brought by Plaintiff Jeffrey Smiles, against all Defendants** named herein for their willful, wanton, malicious, and abusive conduct under color of law and for their negligent failure to prevent or aid in preventing the deprivation of Plaintiff's constitutionally protected rights under the Fifth and Fourteenth Amendments of the United States Constitution, within the meaning of Title 42 U.S.C. § 1986.

**224.**   The Berks County Assessors Office, acting at the time as an agent for Defendants, BERKS COUNTY TAX CLAIM BUREAU and COUNTY OF BERKS aka BERKS COUNTY, as acting supervisors of Berks County Assessors Office, should have removed Plaintiff's noncommercial property from the Berks County tax rolls and ceased all taxing activity when they FAILED and neglected to provide an assessment as required by the Pennsylvania Tax Reform Code of 1971.

**225.**   *It is a FACT that all Defendants*  did act with a reckless indifference to the protected federal rights of Jeffrey Smiles when Defendant, BERKS COUNTY TAX CLAIM BUREAU, engages in conduct with a callous disregard for whether the conduct violates Plaintiff's protected federal rights. *Howard vs. Adkison,* 887 F.2d 134, 138 (8th Cir. 1989).

**226.**   *The wrongs inflicted upon Plaintiff*  could have been prevented by Defendant, COUNTY OF BERKS aka BERKS COUNTY,  had the individual Defendants been trained and supervised pursuant to the Constitution of Pennsylvania and the Pennsylvania Tax Reform Code of 1971 and/or the Pennsylvania Real Estate Tax Law.

**227.**   *It is a FACT that*  Plaintiff's deprivation was caused by Defendant, COUNTY OF BERKS aka BERKS COUNTY's, official custom, policy and practice of the political subdivision of the Commonwealth of Pennsylvania and **not as the result of aberrant behavior by a rogue employee.**

**228.**   *At all relevant times herein,* Plaintiff has the right under the due process and equal protection clauses of the state and federal constitutions to be free of governmental interference

and not to be deprived of his constitutionally protected interest in his property pursuant to the Fifth and Fourteenth Amendment of the Constitution for the United States of America.

**229.   *It is a FACT that*** because of their supervisor's inactions and neglect, Defendants FAILED to prevent Plaintiff's rights' violations to financially benefit all Defendants. Furthermore, by Defendants' color of law actions and official misconduct, Defendants have FAILED to protect Plaintiff's procedural due process rights and have defrauded Plaintiff, and did deprive Plaintiff, Jeffrey Smiles, of clearly established substantive rights and equal protections of the law, secured by the Constitution and laws of the State of Pennsylvania and the United States of America, within the meaning of Title 42 U.S.C. § 1986.

# COUNT EIGHT (8)
# Property Rights of Citizens 42 U.S.C. § 1982
## Deprivation of Property rights under color of law - All Defendants.

*Plaintiff incorporates by reference the facts set forth above as if set forth in full*

**230.   This cause of action is brought by Plaintiff, Jeffrey Smiles,** against all Defendants named herein for their color of law action and for their negligent failure to prevent or aiding to prevent the deprivation of Plaintiff constitutionally protected rights under the Fifth and Fourteenth Amendments of the United States Constitution to inherit, purchase, sell, hold, and convey real and personal property within the meaning of Title 42 U.S.C. § 1982.

**231.   The crucial language for our purposes is the clear words** *Congress passed in the Civil Rights Act of* **1866, as written in plain English, which guaranteed all citizens** *"the same right, in every State and Territory in the United States, " ..."to inherit, purchase, lease, sell, hold. and convey real and personal property" ..."as is enjoyed by white citizens"* *To Congress it was clear that the right to do these things might be infringed not only by "State or local law" but also by "custom, or prejudice* as stated in the United States Supreme Court case *Jones vs. Mayer Co.*

> *"Thus, when Congress provided in 42 U. S.C. § 1982 of the Civil Rights Act that **the right to purchase and lease property was to be enjoyed equally throughout the United States by Negro and white citizens alike,** it plainly meant to secure that right against interference from any source whatever. whether*

*governmental or private." Jones vs. Mayer Co.,* 392 U.S. 409 (1968).

232. **Defendants have clearly threatened Plaintiff**, the bona fide owner, that failure to pay their frivolous and fictitious ad valorem taxes would result in deprivation of Plaintiff's right to possession of his home/property. **See exhibit (O) and (P)(P1)**

233.   **Defendants practice and course of conduct to subvert Plaintiff's rights to possession of his property** and abuse of the Constitution of Pennsylvania, the Pennsylvania Tax Reform Code of 1971 and the Pennsylvania Real Estate Tax Law, beyond the limitations and scope of the legislative intent; for the purpose of manufacturing counterfeited securities and fictitious obligations against Plaintiff's noncommercial property, and then as a matter of practice, custom and policy threatened to sell their fictitious tax deed that Defendants created under color of law for Defendants financial gain, to deprive Plaintiff of his home is violative of clearly established law Title 15 U.S.C. (Securities Exchange Act of 1934); Title 18 U.S.C. § 1962 (a)(b)(c) and (d) (Organized Crime Control Act, RICO criminal statute).

234.   **Defendants practice and course of conduct** of manufacturing a fictitious and counterfeit tax deed to Plaintiff's noncommercial property with NO title or ownership interest in Plaintiff's property and/or adequate evidence of statutory authority to sell property they do not own, WITHOUT due process of law, to financially benefit Defendants, is a cloud on Plaintiff's property created under color of a recurrent ad valorem tax scheme implemented by Defendants violating 42 U.S.C. § 1982 within the meaning of Title 42 U.S.C. § 1983 and a direct violation of Plaintiff's constitutional rights to property ownership and procedural due process as a *"white citizen"* secured by the laws and the Constitution of Pennsylvania Article I §1, §9, §10 and §11; and the Fifth and Fourteenth Amendments of the United States Constitution.

235.   ***It is a FACT that*** Defendants practice, custom, policy and color of law actions against Plaintiff's property is violative of Plaintiff's substantive rights to inherit, purchase, lease, sell, hold, and convey real and personal property free from governmental interference within the meaning of Title 42 U.S.C. § 1982.

# CONCLUSION

*Plaintiff incorporates by reference the facts set forth above as if set forth in full*

**236.    *It is readily apparent that:*** NO evidence exist on the Berks County public records that Plaintiff *Jeffrey Smiles* is a "taxpayer," "franchise," or a "taxable resident/inhabitant" exercising any taxable privileges; organized and incorporated under the statutes of the Commonwealth liable to taxation within the Commonwealth as defined by Pennsylvania Statutes **Title 72 § 7201(n), § P.S. 7301(w)** and the Pennsylvania code **§ 153.1 (a) and § 155.1 (a). See exhibits (C,C1,C2,C3,C4,C5,C6,C7, C8)**

> ***"A person liable for a tax is a person subject to a tax and comes squarely within the definition of a taxpayer in the statue."*** *Houston Street Corp. vs. Commissioner,* 84 F .2d 821, 822 (5th Cir. 1936).

**237.    *It is a FACT that*** *Plaintiff, Jeffrey Smiles,* **has no knowledge or evidence** of any known duty or legal responsibility to perform any obligations or pay any ad valorem "taxes" to the State of Pennsylvania, its political subdivisions or any of the individual Defendants, acting in their individual and/or official capacities named herein, for exercising Plaintiff's right to own and enjoy his property as a substantive right.

> ***"The individual may stand upon his constitutional rights as a citizen. He owes no duty to the State, since he receives nothing therefrom, beyond the protection of his life and property. He owes nothing to the public so long as he does not trespass upon their rights."*** *Hale vs. Henkel,* **201 U.S. 43 at 47 (1905); "** *... the individuals' rights to live and own property are natural rights (or the enjoyment of which an excise cannot be imposed."* *Redfield vs. Fisher,* 292 P. 813, 135 Or. 180,294 P.461, 73 A.L.R. 721. *If the right is one guaranteed by the Constitution, it must be as sacred from State taxation. Crandall vs. State of Nevada,* 73 U.S. 35 (1867); " *... the power to tax is so far limited that it cannot be used to impair or destroy rights that are given or secured by the supreme law of the land."* *Connolly vs. Union Sewer Pipe Co.,* 184 U.S. 540, 563 (1902); *The common-law concept of property is the right of any person to possess, use, enjoy, and dispose of a thing. Willcox vs. Penn Mut Life Ins. Co.,* 357 Pa 581,55 A2d 521, 174 ALR 220.

**238.    *It is readily apparent and therefore a FACT that Plaintiff is NOT A TAXPAYER by any stretch of the legal definition!* See exhibit (C,C1,C2,C3,C4,C5,C6,C7,C8)**

**239.** *It is a FACT that* **Defendants have clouded Plaintiffs property by way of an unconstitutional application of the tax statutes** causing multiple constitutional deprivations of Plaintiff's property rights and oppressing Plaintiff's substantive right to acquire, possess, own, protect, inherit, purchase, lease, sell, hold, and enjoy real and personal property free of governmental interference as a matter of right. Defendants have clearly violated Plaintiff's constitutional rights secured by the Constitution of Pennsylvania Article I § 1 and the Fifth and Fourteenth Amendments of the United States Constitution under color of law. **See exhibit (0) and (P)(P1)**

> *"Property does not have rights. People have rights. The right to enjoy property without unlawful deprivation, no less than the right to speak, is in truth a "persons" right, whether the" property" in question be a welfare check, a home, or a savings account. In fact, a fundamental interdependence exists between the personal right to liberty and the personal property right Neither could have meaning without the other. The rights in property are the basic civil rights has long been recognized. Congress recognized these rights in 1871 when it enacted the predecessor of 42 U.S.C. 1983 and 1343(3). We do no more than reaffirm the judgment of congress today." Lynch vs. Household Finance Corp.,* 405 U.S. 538 (1972).

**240.** **Defendants have clearly threatened Plaintiff,** that failure to pay their frivolous and fictitious taxes would result in deprivation of Plaintiffs right to inherit, hold and have physical possession of his home/property, free of governmental interference and contrary to Title 42 U.S.C. § 1982, within the meaning of Title 42 U.S.C. § 1983. **See exhibit (0) and (P)(P1)**

**241.** **Defendant's color of law shake down clearly comes within the scope of Organized Crime and racketeering activity as defined by Title 18 U.S.C. § 1961.** Their falsification of the Berks County tax rolls as a vehicle for creating fictitious financial instruments and false securities upon Plaintiff's property under color of a recurrent ad valorem tax scheme and sell said securities by way of a simulated legal process, while clothed with state authority to financially benefit the for-profit political subdivision of the Commonwealth of Pennsylvania, is not a function of Constitutional government of the people, for the people and by the people pursuant to the Constitution and Laws of the United States of America and of the several states of the American Union.

**242.   The law has not simply been broken by the above named Defendant's but has been shattered and corrupted beyond description** in innumerable ways. The constitutional limitation of taxation does not allow the People's public servants (State Actors) to take or steal property from the people they work for to fund their governmental operations. Defendants are CLEARLY NOT acting in compliance with the constitutions of Pennsylvania and the United States of America.

> *"Tax liability will not be implied against persons who do not fall within the description of those subjected to tax by statutory provisions imposing it. To acquire and possess property is a right, not a privilege. The right to acquire and possess property cannot alone be made the subject of an excise nor, generally speaking, can an excise be laid upon the mere right to possess the fruits thereof, as that right is the chief attribute of ownership."*
> (See 4 *Cooley*, Taxation (4th Ed.)}.

**243.   *All Defendants named herein*** are CLEARLY acting under color of official authority, by way of the Pennsylvania Tax Reform Code of 1971 and have created purported tax liens and a counterfeit tax deed under color of law to Plaintiff's noncommercial property WITHOUT right of Title and adequate evidence of statutory authority while lacking all appearances of due process and the rule of law, in violation of Title 18 U.S.C. § 242. Defendants have clearly violated Plaintiff's constitutional rights secured by the Constitution of Pennsylvania Article I § 9 and have violated the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

> *The guaranty is violated whenever any person, by virtue of public position under the federal or state government, deprives another of any right protected by that amendment. The guaranty may be violated by unfairness or corruption of officers in the performance of administrative functions.* Chicago, B. & Q. R. Co. vs. Chicago, 166 U.S. 226,41 LEd 979, 17 S Ct 581; *Norris vs. Alabama,* 294 U.S. 587, 79 L Ed 1074, 55 S Ct 579; *Mooney vs. Holohan,* 294 U.S. 103, 79 L Ed 791,55 S Ct 340, 98 ALR 406, reh den 294 U.S. 732, 79 L Ed 1261,55 S Ct 511.

**244.   Plaintiff's constitutional right of property ownership** is and was "clearly established" under the Constitution of Pennsylvania, Article I §1 and the Fifth and Fourteenth Amendments of the United States Constitution at the time the violations occurred.

**245.**   Plaintiff's constitutional right to due process and equal protection of the law is and was "clearly established" under the Constitution of Pennsylvania Article I § 9, §10, §11 and the Fifth and Fourteenth Amendments of the United States Constitution at the time the violations occurred.

**246.**   The policy, practice and custom of Defendant, COUNTY OF BERKS *aka* BERKS COUNTY, and its named employee's, agents and/or servants of adopting and enforcing their perversion of the tax code on Plaintiff's noncommercial property violates the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by imposing an unconstitutional condition upon Plaintiff's lawful exercise of his property rights.

**247.**   ***It is a FACT that***  all Defendants are acting as constitutional officers of the political subdivision of the Commonwealth of Pennsylvania known as the COUNTY OF BERKS *aka* BERKS COUNTY and did in FACT act under color of state law through their unconstitutional application and misuse of the state revenue codes/statutes as state actors in their individual capacity. Defendants have threatened to remove Plaintiff from his home for the purpose of unlawfully and willfully interfering with and preventing the exercise of Plaintiff's substantive rights to property ownership and procedural due process to which Plaintiff, Jeffrey Smiles, is entitled under the provisions of the Constitution and laws of the United States of America and of the several states of the America union pursuant to Title 42 U.S.C. § 1983 and in violation of Title 18 U.S.C. § 242.

**248.**   ***It is readily apparent and therefore a FACT that***  all Defendants have conspired to defraud Plaintiff of equal protection of the law and in doing so did oppress Plaintiff in the free exercise and enjoyment of Plaintiff's substantive right to be secure in his house and premises; to enjoy and defend his property; to pursue happiness and to acquire, possess and protect his property free of governmental interference as secured to Plaintiff by the Constitution and laws of the State of Pennsylvania and the United State of America as set forth herein, pursuant to Title 18 U.S.C. § 241 and in accordance with Title 42 U.S.C. § 1985, within the meaning of Title 42 U.S.C. § 1983.

**249.   All Defendants intentionally acted under color of law and are the direct cause of Plaintiff's constitutional deprivation complained of herein.**

**250.   Defendant's have breached their fiduciary duty to Plaintiff and the People of Pennsylvania under color of state revenue codes** and are acting in violation of clearly established laws of the United State of America with an intentional and callous indifference to the People of Pennsylvania and Plaintiff's federally protected rights.

**251.   Enforcement of the constitutional rights specified herein is in the public interest.**

**252.   As a direct and proximate result of Defendants' illegal policies and practices**, Plaintiff was wrongfully deprived of peaceful enjoyment of his property and possession of his money under color of law by all Defendants. Each Defendant either personally participated in the action or failed to act, or implicitly authorized, approved, or knowingly acquiesced or failed to remedy the wrongs at issue within the meaning of Title 42 U.S.C. § 1982, § 1983, § 1985 and § 1986.

# RELIEF SOUGHT

*Plaintiff incorporates by reference the facts set forth above as if set forth in full*

**253.   *WHEREFORE, Plaintiff, Jeffrey Smiles, seeks to secure injunctive relief and recover compensatory and punitive damages*** for monetary loss, intentional infliction of mental and emotional distress, impairment of reputation, personal humiliation and deprivation of fundamental constitutional rights suffered by Plaintiff from all Defendants for their color of law actions, performed in their individual capacity against Plaintiff, pursuant to Title 28 U.S.C. § 1343(a) (4). See *Slicker vs. Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000).

**254.   *It is a FACT that*** Defendants acting as state actors under color of law, did deprive Plaintiff of substantive rights to property ownership, due process and the equal protection of the law. Plaintiff's constitutional right to property ownership, procedural due process and the equal protection of the laws

have been directly violated under color of law by all Defendants named herein within the meaning of Title 42 U.S.C. § 1983. See Rattrap *vs. Taylor,* 451 U.S. 527,535 (1981).

> *"The very purpose of a Bill of Rights was to withdraw*
> *certain subjects from the vicissitudes of political controversy,*
> *to place them beyond the reach of majorities and officials and*
> *to establish them as legal principles to be applied by the courts.*
> *One's right to life, liberty, and property, to free speech, a free*
> *press, freedom of worship and assembly, and other fundamental*
> *rights may not be submitted to vote; they depend on the outcome*
> *of no elections. "* West Virginia Board of Education vs. Barnette,
> 319 U.S. 624, 638 (1943).

**255.** *It is a FACT that* Plaintiff possesses the constitutional right to procedural and substantive due process, property ownership free from governmental interference and the equal protection of the laws of the United States of America and of the several states of the America union **at the time the violations occurred.**

# Monetary Loss and Real Damages

**256.** *The preponderance of the evidence* on the Berks County records would suggest that by way of Defendant, COUNTY OF BERKS *aka* BERKS COUNTY's, official condemnation and past abuses; annually over the years of 1970-2017 Plaintiff has been unlawfully deprived of approximately $150,000.00 dollars under color of Defendant, BERKS COUNTY TAX CLAIM BUREAU'S recurrent ad valorem tax scheme pertaining to the collection of a purported ad valorem tax on Plaintiff's noncommercial property.

**257.** *Wherefore, Plaintiff requests that this court grant the above relief in real damages* in the amount of $150,000.00.

# <u>Punitive Damages</u>

**258.** *The Failure of the individual Defendants,* BRENDA S. SHAW, KATHE E. STANISLAW, LILLIAN B.CRAMSEY and STACEY A. PHILE to provide to Plaintiff their statutory authority or any adequate evidence that would lead Plaintiff, a reasonable man with reasonable intelligence, to believe that Plaintiff is a taxpayer by statutory definition, or has a duty, or would be legally liable for a recurrent tax on Plaintiff's property and Defendants continued threats to remove

Plaintiff from his home has instilled fear and terror in Plaintiff of losing his home and property. **See exhibit ( M )**

**259.    As a result of the actions of the individual Defendants acting as state actors for Defendant,** COUNTY OF BERKS *aka* BERKS COUNTY, Plaintiff has sustained severe mental and emotional distress, disruption of sleep and eating disorders.

**260.    *Defendant,*** COUNTY OF BERKS *aka* BERKS COUNTY, and Defendants BRENDA S. SHAW, KATHE E. STANISLAW, LILLIAN B. CRAMSEY and STACEY A. PHILE's,  intentional infliction of mental and emotional distress, impairment of reputation, personal humiliation and deprivation of Plaintiff's fundamental constitutional rights by way of their negligence's of their job description puts Plaintiff in grave danger and are the cause of Plaintiff's constitutional deprivations as stated herein.

**261.    Defendant's BRENDA S. SHAW, KATHE E. STANISLAW, LILLIAN B. CRAMSEY and STACEY A. PHILE'S** felonious and malicious conduct is being done in a manner **exhibiting a wanton and a willful disregard of Plaintiff's rights, safety and property.**

**262.    *Defendant* BERKS COUNTY TAX CLAIM BUREAU'S business enterprising and criminal activity of counterfeiting, securities fraud, theft, embezzlement and extortion involved** a reckless and callous indifference to plaintiffs federally protected rights.

**263.    *Wherefore, punitive damages against the individual defendants is actionable under* 42 USC § 1983** for their respective conduct as employees of Defendants BERKS COUNTY TAX CLAIM BUREAU and COUNTY OF BERKS aka BERKS COUNTY in the amount of $450,000.00.

# **Compensatory Damages**

**264.    *Defendant,* COUNTY OF BERKS *aka* BERKS COUNTY's, improper training of** Defendants, BRENDA S. SHAW, KATHE E. STANISLAW, LILLIAN B. CRAMSEY and STACEY A. PHILE, is the cause of Plaintiff's constitutional deprivations.

**265.**   ***The policy, practice and custom of*** Defendant, COUNTY OF BERKS *aka* BERKS COUNTY, and its named employee's, agents and/or servants of adopting and enforcing their unconstitutional application and perversion of the tax code on Plaintiff's noncommercial property violates the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by imposing an unconstitutional condition upon Plaintiffs' lawful exercise of his property rights.

> *The fundamental rights of ownership of private property.*
> *freedom of speech, freedom of religion, and freedom of the*
> *press, are the Hallmarks of Western Civilization. These four*
> *basic Freedoms constitute the fundamental differences which*
> *distinguish and create the great impassable gulf which divides*
> *Western Civilization from Communism and free peoples from*
> *peoples who are ruled by a despotic dictator or bu an absolute*
> *or totalitarian form of Government. Andress vs. Zoning Board*
> *of Adjustment,* **410 Pa. 77 (1963)**

**266.**   ***Wherefore, Defendants conduct is actionable under*** **42** USC **§1983** for compensatory damages in the COUNTY OF BERKS aka BERKS COUNTY, as a political subdivision of the Commonwealth of Pennsylvania, in their capacity as Employer for the individual capacity Defendants, BRENDA S. SHAW, KATHE E. STANISLAW, LILLIAN B. CRAMSEY and STACEY A. PHILE, for their FAILURE to follow the law in the amount of **$600,000.00.**

**267.**   **THEREFORE, Plaintiff, Jeffrey Smiles, respectfully requests that this Court order judgment in favor of Plaintiff against defendants and award relief and damages as follows:**

**A.**   Defendants shall immediately remove Plaintiff's property from the Berks County tax rolls indefinitely;

**B.**   Plaintiff be awarded compensatory, general, and special damages;

**C.**   Plaintiff be awarded punitive damages against Defendants, and each of them, in amounts adequate to deter such egregious acts and conduct in the future, as well as to punish Defendants for their blatant and outrageous violation of Plaintiffs' civil rights;

**D.**   That Plaintiff be awarded such other and further legal and equitable

relief as may be found appropriate, just, and equitable that the Court deems necessary or appropriate;

E.  That judgment be entered in favor of Plaintiff and against all Defendants in an amount to be proven at trial, but not less than $1,000,000.00.

> *Article 1, § 1 of the Constitution of Pennsylvania provides:*
> *"All men ... have certain inherent and indefeasible rights, among which are those ... of acquiring, possessing and protecting property ..." It is today often forgotten by legislative or zoning bodies or planning commissions that this inherent and indefeasible right of ownership and possession of private property includes the right to use property, otherwise the right would be meaningless. "The governing principle is accurately stated in 20 Corpus Juris, 566, "There need not be an actual. physical taking. but any destruction, restriction or interruption of the common and necessary use and enjoyment of proper in a lawful manner may constitute a taking for which compensation must be made to the owner of the property. "*
> *Andress vs. Zoning Board of Adjustment, 410 Pa. 77 (1963)*

# INJUNCTION

**268.**  *Furthermore, pursuant to* **28 U.S.C. § 2202** and *Fed. R. Civ. Proc.* **65, it is entirely appropriate and hereby requested** that this Court issue preliminary and permanent injunctions enjoining the COUNTY OF BERKS aka BERKS COUNTY and or BERKS COUNTY TAX CLAIM BUREAU and its named individual employee's, agents and/or agencies from enforcing or implementing its policy, practice or custom of enforcing any taxation policies related to Plaintiff and/or Plaintiff's property.

# JURY DEMAND

**269.**  *Plaintiff respectfully demands a jury* on all issues so triable. This demand is proper pursuant to *Fed. R. Civ. Proc.* 38 and the Seventh Amendment of the United States Constitution.

# *Respectfully submitted this 7th day of September, 2018.*

1
2

**I, Jeffrey W. Smiles, being duly sworn, do state and affirm according to law, that I have first hand knowledge of the undisputed material facts and am competent to testify in theses matters, and swear under of penalty of perjury that these facts are true and correct. (See U.S.C. 28 § 1746(1).**

3

Jeffrey W. Smiles, Plaintiff
3049 Octagon Avenue
Sinking Spring, Pa. 19608

4

5

**SWORN BEFORE ME**, the undersigned notary for the State of Pennsylvania, on this day personally appeared Jeffrey W. Smiles, who affixed his signature to the above complaint and who has personal knowledge of the facts and matters therein, and that each and all facts and matters are true and correct, and sworn to under penalties of perjury of the People of Pennsylvania and the United States of America.

6

7

STATE OF PENNSYLVANIA      )
COUNTY OF BERKS            )

8

9

Sworn to and signed before me on this 7th day of September , 2018.

10

NOTARY PUBLIC

11

✓Personally known
✓Produced identification
Type of identification produced  PA DL

12

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Ginger Van Steenvoort, Notary Public
Spring Twp., Berks County
My Commission Expires Feb. 1, 2019

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT (A)

# This Deed,   Made this   VOL1577 PAGE 470   16th   day of   November   , 19 70 ,

**Between,** WILLIAM A. PHILLIPS, II and GLORIA G. PHILLIPS, his wife, of the City of Wanchese, and State of North Carolina,

(hereinafter called the Grantors),

AND EUGENE H. SMILES and BETTY ANNE SMILES, his wife, of the Township of Spring, County of Berks and State of Pennsylvania,

(hereinafter called the Grantees).

**Witnesseth,** That in consideration of One Dollar ($1.00) and other good and valuable consideration in hand paid, the receipt whereof is hereby acknowledged, the said Grantors   do   hereby grant and convey to the said Grantee s, their heirs   and assigns,

ALL THAT CERTAIN lot or piece of ground together with the dwelling house thereon erected, known as House No. 3049 Octagon Avenue, situate at the Northeast corner of Octagon Avenue and Sunset Drive, being known as Lot No. 103 and the Western portion of Lot No. 104, as shown on Plan of Wilshire Development, Section No. 4, said Plan being recorded in Plan Book Volume 20, page 2, Berks County records; in the Township of Spring, County of Berks and State of Pennsylvania, more particularly bounded and described as follows, to wit:

BEGINNING at a point in the Eastern side of Sunset Drive, at the Northern terminus of the 15.00 feet radius connecting the Northern side of Octagon Avenue with the Eastern side of Sunset Drive; thence in a Northerly direction along the Eastern side of Sunset Drive, a distance of 125.94 feet to a point; thence in an Easterly direction, by a line making an interior angle of 90 degrees 13 minutes 50 seconds with the Eastern side of Sunset Drive, a distance of 100.00 feet to a point; thence in a Southerly direction, by a line making an interior angle of 89 degrees 46 minutes 10 seconds with the last described line, a distance of 141.34 feet to a point in the Northern side of Octagon Avenue; thence in a Westerly direction along the same, at right angles to last described line, a distance of 85.00 feet to a Point of Curve; thence by a line curving to the right, having a radius of 15.00 feet, a central angle of 90 degrees 00 minutes, and a distance along the curve of 23.56 feet to a Point of Tangent in the Eastern side of Sunset Drive, the place of BEGINNING.

BEING THE SAME PREMISES which Clyde F. Snyder and Alice G. Snyder, his wife, by deed dated April 16, 1968 and recorded in Deed Book Volume 1525, page 716, Berks County records, granted and conveyed unto William A. Phillips, II and Gloria G. Phillips, his wife.

The true and actual consideration for the within conveyance is $29,900.00.

Realty Transfer Tax paid on $ _____ .........$ _____ Jr Spring Twp .........$ _____ BELL   Collector

     

EXHIBIT (A)

**(A)**

**And** the said Grantor s hereby covenant and agree that they will specially warrant the premises hereby conveyed.

**In Witness Whereof**, the said Grantor s have executed or caused these presents to be duly executed the day and year first above written.

**Sealed and Delivered**
In the Presence of:

_____

*William A Phillips II* (SEAL)
William A. Phillips, II

*Gloria G Phillips* (SEAL)
Gloria G. Phillips

Berks Title Insurance Co.
Policy No. 96995C

STATE OF  NORTH CAROLINA:
COUNTY OF  DALE  SS.
On this, the  19TH  day of  NOVEMBER , 19 70 , before me, the undersigned officer, personally appeared

WILLIAM A. PHILLIPS, II and GLORIA G. PHILLIPS, his wife, known to me (or satisfactorily proven) to be the person s whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

**In Witness Whereof**, I hereunto set my hand and official seal.

_____

My Commission Expires June 22, 1971

STATE OF
COUNTY OF
On this, the  day of  , 19 , before me, the undersigned officer, personally appeared of , who acknowledged himself to be the of , a corporation and that he as such , being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the corporation by himself as such officer.

**In Witness Whereof**, I hereunto set my hand and official seal.  _____

11602  470

**Deed**

WILLIAM A. PHILLIPS, II and
GLORIA G. PHILLIPS, his wife
Grantors

and

EUGENE H. SMILES and
BETTY ANNE SMILES, his wife,
Grantees.

Premises:
Township of Spring,
County of Berks and
State of Pennsylvania.
The address of the within named Grantee is:
3049 Octagon Ave., Sinking Spng.,
West Wyo., Pa. 19608

On behalf of Grantee.

ROBERT T. MILLER, ESQUIRE
Stevens & Lee
607 Washington Street
P.O. Box 679
Reading, Pennsylvania

1577  mail

MAIL

STATE OF PENNSYLVANIA,
COUNTY OF  Berks

RECORDED on this  24  day of  Nov  , A.D. 19 70

in the Recorder's Office of the said County in Deed Book  1577

page  470 .

GIVEN under my hand the seal of the said office, the date above written.

_____
Recorder

VOL 1577 PAGE 471

**EXHIBIT (A)**



EXHIBIT (B)

Prepared By:
Andrew S. George, Esquire
Mogel, Speidel, Bobb & Kershner
520 Walnut Street
P.O. Box 8581
Reading, PA 19603

Return To:
Jeffrey W. Smiles
3049 Octagon Avenue
Sinking Spring, PA 19608

Property Address:
3049 Octagon Avenue
Spring Township

REC BK05187-PG1628                     DEED
2007045811   07/25/2007 03:51:23 PM 1
RCD FEE: $41.00                        PAGE: 1 of 6



BERKS
COUNTY ROD
ELLIE ANTOINE ROD

# This Deed, Made this 20th day of July , 2007.

## Between JEFFREY W. SMILES, Executor of the Estate of Eugene H. Smiles, Deceased (the "Grantor")

### AND

JEFFREY W. SMILES, an adult individual, (the "Grantee"),

## Witnesseth, That, Grantor, in consideration of the amount of One Dollar ($1.00) and other valuable considerations, receipt of which Grantor hereby acknowledges, grants and conveys to Grantee, his heirs and assigns,

**ALL THAT CERTAIN** lot or piece of ground together with the dwelling house thereon erected, known as House No. 3049 Octagon Avenue, situate at the Northeast corner of Octagon Avenue and Sunset Drive, being known as Lot No. 103 and the Western portion of Lot No. 104, as shown on Plan of Wilshire Development, Section No. 4, said Plan being recorded in Plan Book Volume 20, page 2, Berks County records; in the Township of Spring, County of Berks and State of Pennsylvania, more particularly bounded and described as follows:

**BEGINNING** at a point in the Eastern side of Sunset Drive, at the Northern terminus of the 15.00 feet radius connecting the Northern side of Octagon Avenue with the Eastern side of Sunset Drive; thence in a Northerly direction along the Eastern side of Sunset Drive, a distance of 125.94 feet to a point; thence in an Easterly direction, by a line making an interior angle of 90 degrees 13 minutes 50 seconds with the Eastern side of Sunset Drive, a distance of 100.00 feet to a point; thence in a Southerly direction, by a line making an interior angle of 89 degrees 46 minutes 10 seconds with the

# EXHIBIT (B)



# EXHIBIT (B)

last described line, a distance of 141.34 feet to a point in the Northern side of Octagon Avenue; thence in a Westerly direction along the same, at right angles to last described line, a distance of 85.00 feet to a Point of Curve; thence by a line curving to the right, having a radius of 15.00 feet, a central angle of 90 degrees 00 minutes, and a distance along the curve of 23.56 feet to a Point of Tangent in the Eastern side of Sunset Drive, the place of Beginning.

**BEING THE SAME PREMISES** which William H. Phillips, II and Gloria G. Phillips, his wife, by Deed bearing date of November 18, 1970 and recorded in the Office of the Recorder of Deeds in and for the County of Berks, State of Pennsylvania in Record Book 1577, Page 470, granted and conveyed unto Eugene H. Smiles and Betty Anne Smiles, his wife.

**AND BEING SO THEREOF SEIZED,** the said Betty Anne Smiles died January 5, 1999, thereby vesting full title in the above-described premises in the surviving tenant by the entirety, Eugene H. Smiles.

**AND** the said Eugene H. Smiles died February 21, 2006, leaving a Will duly probated in the Office of the Register of Wills of Berks County (File No. 0606-0426) whereupon Letters of Testamentary were granted on April 4, 2006 unto Jeffrey W. Smiles, Grantor herein.

THIS CONVEYANCE IS EXEMPT FROM PENNSYLVANIA TRANSFER TAX PURSUANT TO 72 P. S. §8102-C.3.(7).

The address of the within named Grantee is: 3049 Octagon Avenue, Sinking Spring, PA 19608.

**And** Grantor hereby covenants and agrees that Grantor, his heirs and assigns, will specially warrant the premises conveyed by this Deed.

**In Witness Whereof,** Grantor has executed or caused this Deed to be duly executed the day and year first above written.

## Sealed and Delivered

In the presence of:                              ESTATE OF EUGENE H. SMILES, DECEASED

                                                 By _Jeffrey W. Smiles_____
                                                 Jeffrey W. Smiles, Executor

# EXHIBIT (B)

# EXHIBIT (C)

 **pennsylvania**
DEPARTMENT OF STATE

January 22, 2018

CERTIFICATION SECTION
717-787-1057 (EXT 4)

IN RE:  Smiles Jeffery W.

An examination of the indices in the Office of the Secretary of the Commonwealth fails to disclose thereon a corporation either Foreign or Domestic, or a registration under the provision of the Fictitious Name Act, or a Limited Partnership.

SUBSISTENCE CERTIFICATE      $40.00
SECRETARY'S CERTIFICATE      $55.00
NON-CERTIFIED COPIES         $15.00 PLUS $3.00 PER PAGE
ENGROSSED CERTIFICATES       $125.00
RECORD SEARCH                $15.00 PER NAME

Bureau of Corporations and Charitable Organizations  |  401 North Street, Room 206  |  Harrisburg, PA 17120  |  P 717-787-1057  |  F  717-783-2244

# EXHIBIT (C)

# EXHIBIT (C)

3049 Octagon Avenue
Sinking Spring, Pa [19608]
Ph: 610-678-0254

January 3, 2018

Department of State
Bureau of Corporations
P.O. Box 8722
Harrisburg, PA 17105

TML180120TC0032

Dear Bureau of Corporations and Charitable Organizations:

　　Enclosed please find check for $15.00 as payment for Certificate of Non-existence for the entity ▓▓▓▓▓▓▓▓▓▓

　　As per my RTKL request No.: 2017-589, Rebecca A. Fuhrman, Open Records Officer for the Department of State, has investigated and determined that no registered agent nor entity exists known as ▓▓▓▓▓▓▓▓ or any variation thereof. I am also enclosing the search results that were performed by Ms. Fuhrman.

　　Please expedite this request.

Very Truly Yours,

*Jeffrey W. Smiles*

Jeffrey W. Smiles

PA DEPT. OF STATE
JAN 0 5 2018

PA DEPT. OF STATE
JAN 1 9 2018

# EXHIBIT (C)

**EXHIBIT (C)**

3049 Cottage Avenue
Sinking Spring, PA [19608]
Ph: 610-678-0254

January 3, 2018

Department of State
Bureau of Corporations
P.O. Box 8722
Harrisburg, PA  17105

Dear Bureau of Corporations and Charitable Organizations:

Enclosed please find check for $15.00 as payment for Certificate of Non-existence for the entity SMILES JEFFERY W.

As per my RTKL request No.: 2017-589, Rebecca A. Fuhrman, Open Records Officer for the Department of State, has investigated and determined that no registered agent nor entity exists known as SMILES JEFFREY W or any variation thereof. I am also enclosing the search results that were performed by Ms. Fuhrman.

Please expedite this request.

Very Truly Yours,

*Jeffrey W. Smiles*

Jeffrey W. Smiles

# EXHIBIT (C)

**EXHIBIT (C1)**

## SUBJECTABILITY TO TAX REPORTING

### § 153.1. Taxpayers.

(a) *Inclusions.* The following entities organized and incorporated under the statutes of this Commonwealth, the United States or another state, territory, foreign country or dependency, and doing business in this Commonwealth, or carrying on activities in this Commonwealth, or owning property in this Commonwealth, or having capital or property employed or used in this Commonwealth by or in the name of itself, or a person, partnership, association, limited partnership, joint-stock association or corporation are taxpayers for purposes of this article. See section 401(1) of the TRC (72 P. S. § 7401(1)).

(1) Corporations having capital stock.

(2) Joint-stock associations.

(3) Limited partnerships, including:

(i) Registered partnerships formed and existing under the act of May 9, 1899 (P. L. 261, No. 153) (59 P. S. § § 241—311) prior to January 1, 1971, the effective date of its repeal by section 1203(e)(2) of the Business Corporation Law (15 P. S. § 2203(e)(2)).

(ii) Partnership associations formed and existing under the act of June 2, 1874 (P. L. 271, No. 153) (15 P. S. § § 12701—12710) prior to its repeal, effective August 9, 1970, by section 14(a)(1) of the Professional Corporation Law (15 P. S. § 2914(a)(1)).

(4) Professional corporations formed under the Professional Corporation Law (15 P. S. § § 2901—2914) and professional associations formed under the Professional Association Act (15 P. S. § § 12601 —12619) which elect, under section 4 of the Professional Corporation Law (15 P. S. § 2904), to accept the provisions thereof.

(5) Corporations having authority to issue capital stock and organized or created by or under the nonprofit corporation law of a state.

(6) S corporations, as provided for under section 1361 of the IRC (26 U.S.C.A. § 1361).

(7) Domestic International Sales Corporations, commonly known as DISCs, as provided for under section 991 of the IRC (26 U.S.C.A. § 991).

(8) Foreign Sales Corporations, commonly known as FSCs, as provided for under section 921 of the IRC (26 U.S.C.A. § 921).

(9) General or limited partnerships formed under the statutes of the Commonwealth which elect to be governed by 15 Pa.C.S. Ch. 87 (relating to electing partnerships).

(b) *Exclusions.* The following entities are not taxpayers for purposes of this article. See section 401 of the TRC (72 P. S. § 7401).

(1) Massachusetts Trust or business trust, or common law trusts or Real Estate Investment Trusts (commonly referred to as REITs, as provided for under section 856 of the IRC (26 U.S.C.A. § 856)) which are not organized or created by or under the statutory law of a state.

(2) Nonprofit corporations without authority to issue capital stock.

(3) Limited partnerships formed under or governed by 15 Pa.C.S. Ch. 85 (relating to Pennsylvania

**EXHIBIT (C1)**

EXHIBIT (C2)

Revised Uniform Limited Partnership Act) or the Uniform Limited Partnership Act of another state.

(4) Corporations having a valid Pennsylvania S Corporation election in effect for the taxable year.

### Authority

The provisions of this § 153.1 issued under section 408 of the Tax Reform Code of 1971 (72 P. S. § 7408); amended under section 408 of the Tax Reform Code of 1971 (72 P. S. § 7408).

### Source

The provisions of this § 153.1 amended October 5, 1984, effective October 6, 1984, 14 Pa.B. 3624; amended January 16, 1987, effective January 17, 1987, 17 Pa.B. 273. Immediately preceding text appears at serial pages (94411) to (94412).

The Pennsylvania
**CODE** | PREVIOUS · NEXT · CHAPTER · TITLE · BROWSE · SEARCH · HOME
TOC   TOC

### § 153.22. Subject to.

(a) A taxpayer is "subject to" one of the four taxes specified in section 401(3)2.(a)(3) of the TRC (72 P. S. § 7401(3)2.(a)(3)) in a particular state if it carries on business activity in the state and the state in fact requires it to file, and, in fact, does file one of the four enumerated tax reports based on the business activity. A taxpayer claiming it is "subject to" one of the four specified taxes may be required by the Bureau to furnish proof that the taxpayer has filed the required tax report in the other state and the other necessary information.

*Example:* State A has a corporation franchise tax measured by net income for the privilege of doing business in that state. Taxpayer files a return based upon its business activity in the state but the amount of computed liability is less than the minimum tax. Taxpayer pays the minimum tax. Taxpayer is subject to State A's corporation franchise tax.

(b) A taxpayer is not "subject to" one of the specified taxes within the meaning of section 401(3)2.(a) (3) (72 P. S. § 7401(3)2.(a)(3)) if the taxpayer voluntarily files one or more of the tax reports when not required to do so by the laws of that state or pays a minimum fee for qualification, organization or the privilege of doing business in that state, but:

(1) Does not engage in business activity in that state.

(2) Does actually engage in some business activity, but not sufficient for nexus.

*Example:* State A has a corporation franchise tax measured by net income, for the privilege of doing business in that state. Taxpayer files a return and pays the $50 minimum tax, although it carries on no business activity in State A. Taxpayer is not "taxable" in State A.

(c) Only those taxes enumerated in section 401(3)2.(a)(3) of the TRC (72 P. S. § 7401(3)2.(a)(3)) which may be considered as basically revenue raising rather than regulatory measures shall be considered in determining whether the taxpayer is "subject to" one of the taxes specified in section 401(3)2.(a)(3) of the TRC (72 P. S. § 7401(3)2.(a)(3)).

EXHIBIT (C2)

# EXHIBIT (C3)

*Example:* State A requires nonresident corporations which qualify or register in State A to pay to the Secretary of State an annual license fee or tax for the privilege of doing business in the state regardless of whether the privilege is in fact exercised. The amount paid is determined according to the total authorized capital stock of the corporation; the rates are progressively higher by bracketed amounts. The statute sets a minimum fee of $50 and a maximum fee of $500. Failure to pay the tax bars a corporation from utilizing the State courts for enforcement of its rights. State A also imposes a corporation income tax. Nonresident Taxpayer is qualified in State A and pays the required fee to the Secretary of State but does not carry on any activities in State A other than utilizing its courts. Taxpayer is not "taxable" in State A.

### Source

The provisions of this § 153.22 adopted February 13, 1976, effective February 14, 1976, 6 Pa.B. 327.

### Cross References

This section cited in 61 Pa. Code § 153.21 (relating to transacting business outside).

## § 153.23. Jurisdiction to subject.

(a)  A particular state has "jurisdiction to subject" the taxpayer to a net income tax, if the taxpayer's business activity in the state is sufficient to give the State jurisdiction to impose at least a net income tax under the constitution and statutes of the United States. See section 401(3)2.(a)(1)(F) of the TRC (72 P. S. § 7401(3)2.(a)(1)(F)). Whether the state does in fact impose a tax is not relevant. Jurisdiction to tax is not present where the state is prohibited from imposing the tax by reason of the provisions of 15 U.S.C.A. §§ 381—385.

(b)  The determination of whether the state has "jurisdiction to subject" the taxpayer to a net income tax shall be made upon the same rules that are applied in determining whether a taxpayer has sufficient activity in this Commonwealth to subject the taxpayer at least to the Pennsylvania Corporate Net Income Tax. See section 401 of the TRC (72 P. S. § 7401).

*Example 1.* Taxpayer manufactures pin ball machines in this Commonwealth. Taxpayer has salesmen in State N who have the right to, and do in fact, accept orders there. State N has no corporate tax statutes. State N has "jurisdiction to subject" taxpayer to a net income tax because 15 U.S.C.A. §§ 381—385 does not apply.

*Example 2.* Taxpayer manufactures farm equipment in this Commonwealth and in foreign country B. Both the Commonwealth and foreign country B impose a net income tax, but foreign country B exempts corporations engaged in manufacturing farm equipment. Foreign country B has jurisdiction to subject taxpayer to a net income tax.

### Authority

The provisions of this § 153.23 amended under section 408 of the Tax Reform Code of 1971 (72 P. S. § 7408).

### Source

The provisions of this § 153.23 adopted January 27, 1978, effective January 28, 1978, 8 Pa.B. 257; amended January 16, 1987, effective January 17, 1987, 17 Pa.B. 273. Immediately preceding text appears at serial page (36121).

# EXHIBIT (C3)

# EXHIBIT (C4)

**Cross References**

This section cited in 61 Pa. Code § 153.21 (relating to transacting business outside).

## § 153.28. Property factor.

(a) *Definitions.* The following words and terms, when used in this section, have the following meanings, unless the context clearly indicates otherwise:

(1) *Net annual rental rate*—The annual rental rate paid by the taxpayer for an item of real or tangible personal property less annual rental income received by the taxpayer from subrentals, but not less than zero.

(2) *Original cost*—The basis of the real or tangible personal property for Federal income tax purposes at the time of acquisition by the taxpayer and adjusted by subsequent capital additions or improvements thereto and partial disposition thereof, by reason of sale, exchange, abandonment and the like.

(3) *Owned*—Property to which the taxpayer has both legal and equitable title, property to which the taxpayer has legal title subject to the security interest of another and property which the taxpayer is purchasing under an installment sales agreement or similar agreement under the terms of which legal title remains in the seller for security purposes until the purchase price is paid.

(4) *Owned or rented and used*—Property owned by the taxpayer and used by the taxpayer. Property rented to the taxpayer and used by the taxpayer.

(5) *Real and tangible personal property*—Land, buildings, machinery, equipment, furniture, fixtures, automobiles, trucks, inventory and other similar property. The term does not include coin, currency, shares of stock or evidence of indebtedness.

(6) *Used*—Actually used or available for or capable of being used during the taxable year by the taxpayer.

(b) *General.* The property factor is a fraction, the numerator of which is the average value of the taxpayer's real and tangible personal property owned or rented and used in this Commonwealth during the taxable year and the denominator of which is the average value of all of the taxpayer's real and tangible personal property owned or rented and used during the taxable year.

(c) *Inclusions.*

(1) *Mineral interests.* A leasehold interest in minerals in place, however the interest may be designated, described or characterized by the law of the situs state, is included in the property factor as owned property.

(2) *Minerals.* Minerals which have been severed or extracted are included in the property factor.

(3) *Partially used construction in progress.* The average value of the real and tangible personal property owned by the taxpayer and partially used by the taxpayer while construction is being completed shall, to the extent used, be included in the property factor. A schedule detailing the basis of the value of partially used construction in progress shall be submitted to the Department.

(4) *Mobile and movable property.* The value of mobile and movable property, such as construction equipment, trucks, automobiles or leased electronic equipment, which are located and used within and without this Commonwealth during the taxable year is determined for the purposes of the numerator of the factor on an equitable and reasonable basis, such as on a time used or mileage basis. Property in

# EXHIBIT (C4)

# EXHIBIT (C5)

transit between locations of the taxpayer to which it belongs shall be considered to be at the destination for purposes of the property factor. Property in transit between a seller and buyer which is included by a taxpayer in the denominator of its property factor in accordance with its regular accounting practices shall be included in the numerator according to the state of destination.

(d) *Exclusions.*

(1) *Construction in progress.* Real and tangible personal property owned but not used by the taxpayer because the property is in the process of construction is excluded from the property factor.

(2) *Security interests.* The security interest of a taxpayer as seller or lessor in personal property sold or leased under a conditional sale, bailment lease, chattel mortgage or other contract providing for the retention of a lien or title as security for the sale price of the property is excluded from the property factor.

(3) *Idle property.* Property which is not actually used or available for or capable of being used during the taxable year by the taxpayer is excluded from the property factor.


*Example 1.* The taxpayer closes one of its facilities with the intention that the closing will be permanent. The facility remains closed for several years, until it can be disposed of. The property would be included in the property factor the year the facility is closed, but would thereafter be excluded.

*Example 2.* The taxpayer closes its manufacturing facility for a 3-month period during which the facility is refurbished. The property would remain in the property factor.

*Example 3.* The taxpayer owns certain mineral interests which have been depleted of reasonably recoverable minerals. The mineral interests should be excluded from the property factor thereafter.

(e) *Valuation of owned property.*

(1) *General rule.* Real and tangible personal property owned by the taxpayer, other than inventories, shall be valued at original costs.

(2) *Mineral interests.* Mineral interests shall be included in the property factor at original cost. Delay rentals, to the extent not treated as a part of original cost, shall be included in the property factor as rents. Payments, however designated, which are based on the level or rate of production are not considered rent for property factor purposes.

(3) *Inventories.* Inventories shall be included in the property factor in accordance with the valuation method used for Federal Income Tax purposes.

(f) *Valuation of rented property.* Real and tangible personal property rented to the taxpayer shall be valued at eight times the net annual rental rate.

(g) *Averaging property values.*

(1) *Owned property.*

(i) *Annual averaging.* The average value of real and tangible personal property owned by the taxpayer is determined by averaging the values at the beginning and ending of the taxable year.

(ii) *Monthly averaging.* The Department may require the averaging of monthly values during the taxable year of real and tangible personal property owned by the taxpayer if the method is reasonably required to reflect properly the average value of the taxpayer's property. Monthly averaging will be necessary if substantial fluctuations in the value of the real and tangible personal property exist during the taxable year or if property is acquired after the beginning of the taxable year or disposed of before

# EXHIBIT (C5)

EXHIBIT (C6)

the end of the taxable year or if property is acquired after the beginning of the taxable year and disposed of before the end of the taxable year or for a similar circumstance.

(2) *Rented property.* The value of property rented for only a portion of the taxable year shall be eight times the net rent paid.

### Authority

The provisions of this § 153.28 issued and amended under section 408 of the Tax Reform Code of 1971 (72 P. S. § 7408).

### Source

The provisions of this § 153.28 adopted March 9, 1984, effective March 10, 1984, 14 Pa.B. 853; amended January 16, 1987, effective January 17, 1987, 17 Pa.B. 273. Immediately preceding text appears at serial pages (96403) to (96404).

## § 153.29. Corporation tax: interest in partnership/joint venture.

(a) *General.*

(1) When a taxpayer has an interest in a partnership, joint venture, association or other unincorporated enterprise (hereinafter referred to in this section as partnership), the amount of its distributive share of partnership income shall be determined in accordance with the IRC. The taxpayer's interest in the partnership shall, for purposes of Commonwealth corporate taxation, be considered a direct interest in the assets of the partnership rather than an intangible interest. Accordingly, the taxpayer's share of the partnership's payroll, property and sales—as hereafter determined—shall be included in the apportionment factors of the taxpayer unless otherwise excluded by this section.

(2) A taxpayer's partnership interest for the purpose of computing the portion of the partnership's property, payroll and sales to be included in the taxpayer's property, payroll and sales factors shall be determined under the partnership agreement and in accordance with the IRC

(b) *Nexus.*

(1) If the separate activities of the taxpayer or the activities of the partnership are sufficient to meet the conditions of section 401(1) of the TRC (72 P. S. § 7401(1)) relating to doing business, carrying on activities, having capital or property employed or used or owning property within this Commonwealth, then the taxpayer will be subject to corporate taxation by the Commonwealth.

(2) If the separate activities of the taxpayer or the activities of the partnership are sufficient to constitute transacting business outside this Commonwealth and render the taxpayer taxable to another state under section 401(3)2.(a)(2) and (3) of the TRC (72 P. S. § 7401(3)2.(a)(2) and (3)), then the taxpayer will be allowed to apportion and allocate its income.

(c) *Business income.*

(1) Income arising from transactions and activity in the regular course of the taxpayer's trade or business constitutes business income. The determination of whether a corporate partner's distributive share of partnership income is business income depends upon whether the income arose in the regular course of the taxpayer's trade or business, determined in accordance with § 153.24 (reserved). The taxpayer's trade or business shall include activities performed in partnership.

EXHIBIT (C6)

# EXHIBIT (C7)

*Example 1:* Corporation A's distributive share of Partnership P's income is 20%. Corporation A manufactures toys which are sold in seven other states by Partnership P.
 Corporation A's business income for the year, disregarding its distributive share of Partnership P's income, was $1,000,000. Partnership P's business income for the same year was $800,000. The business income of Corporation A is $1,160,000 ($1,000,000 plus 20% of $800,000).

(2)  The classification of income by the labels customarily given such as interest, rents, royalties and capital gains, is of no aid in determining whether distributive partnership income is business or nonbusiness income. The income is determined to be either business or nonbusiness income depending upon the relationship to the trade or business of the corporate partner, not of the partnership, as determined by paragraph (1).

(d)  *Apportionment of business income.* A corporate partner entitled to apportionment under subsection (b)(2) shall determine the business income attributable to this Commonwealth by use of a three-factor formula consisting of property, payroll and sales of the taxpayer including its share of the partnership's property, payroll and sales for a partnership year ending within or with the taxpayer's tax year as follows:

(1)  *Property factor.*

(i)  *General rule.* The numerator and denominator of the property factor shall be determined as set forth in section 401(3)2.a(10)—(12) of the TRC (72 P. S. § 7401(3)2.(a)(10)—(12)) and this chapter; however, the special rules in subparagraph (ii) will apply.

(ii)  *Special rules.* A portion of the partnership's real and personal property, both owned and used and rented and used during the tax year to the extent of the taxpayer's interest in the partnership shall be included in the numerator and denominator of the taxpayer's property factor. However, the value of the property which is rented or leased by the taxpayer to the partnership or *vice versa* shall, with respect to the taxpayer, be adjusted in the numerator and denominator of the taxpayer's property fraction in order to avoid duplication in the following manner:

(A)  If the property is owned by the taxpayer and rented to the partnership, no portion of the rental value of the rented or leased property will be in the taxpayer's property factor.

(B)  If the property is owned by the partnership and rented to the corporate partner, the property factor of the taxpayer will include the sum of:

(I)  The value of the property multiplied by the percentage of taxpayer's interest in the partnership.

(II)  The rental value of the property multiplied by the percentage of the interests in the partnership not held by the taxpayer.

*Example 1:* Corporation A's interest in Partnership P is 20%. Corporation A's distributive share of Partnership P's income is included in business income of Corporation A to be apportioned by formula. Corporation A owns a building (original cost of $100,000) which is rented to Partnership P for $12,000 per year. Corporation A must include the original cost of $100,000 for the building in its Property Factor. Therefore, no portion of the rental value of the rented property will be reflected in the Property Factor of Corporation A.
*Example 2:* Same facts as in Example 1 except Partnership P owns the building and rents it to Corporation A. Corporation A will include $20,000 (20% of $100,000) in its Property Factor because of

# EXHIBIT (C7)

EXHIBIT **(C8)**

its interest in Partnership P, and in addition, Corporation A will include $76,800 (($12,000 8) 80%) of rental value in its Property Factor in order to give weight in the property factor to the rented building used in Corporation A's operation. Thus, the value of the building to be used in the Property Factor of Corporation A is $96,800 ($20,000, plus $76,800).

(2) *Payroll factor.*

(i) *General rule.* The numerator and denominator of the payroll factor shall be determined as set forth in § 153.25 (relating to payroll factor); however, the special rules in subparagraph (ii) will also apply.

(ii) *Special rules.* The partnership's payroll shall be included in the denominator of the taxpayer's payroll factor to the extent of the taxpayer's interest in the partnership. The amount of a payroll applicable to this Commonwealth shall also be included in the numerator of the taxpayer's payroll factor.

*Example 1:* Corporation A's interest in Partnership P is 20%, and its distributive share of Partnership P's income is included in business income of Corporation A to be apportioned by formula. Corporation A's own payroll is $1,000,000 and the payroll of Partnership P is $800,000. Corporation A's total payroll for purposes of the Payroll Factor is $1,160,000 (1,000,000, plus 20% of $800,000).

(3) *Sales factor.*

(i) *General rule.* The numerator and denominator of the sales factor shall be determined as set forth in § 153.26 (relating to sales factor); however, the special rules set forth in subparagraph (i) will also apply.

(ii) *Special rules.*

(A) The partnership's sales which give rise to business income shall be included in the denominator of the taxpayer's sales factor to the extent of the taxpayer's interest in the partnership. The amount of the sales attributable to this Commonwealth shall also be included in the numerator of the taxpayer's sales factor. Intercompany sales between the partnership and the taxpayer shall be eliminated from the denominator and numerator of the taxpayer's sales factor as follows: sales by the taxpayer to the partnership to the extent of the interest in the partnership; sales by the partnership to the taxpayer not to exceed the taxpayer's interest in partnership sales.

(B) Notwithstanding an intercompany eliminations described in clause (A), sales made by the taxpayer or the partnership to nonpartners shall be included in the taxpayer's sales factor in an amount equal to the taxpayer's interest in the partnership.

(C) Application of clauses (A) and (B) is illustrated by the following examples:

*Example 1:* Corporation A's interest in Partnership P is 20%, and its distributive share of Partnership P's income is included in business income of Corporation A to be apportioned by formula. Corporation A's sales were $20,000,000 for the year, $5,000,000 of which were made to Partnership P. Partnership P made sales of $10,000,000 during the same year, none of which were to Corporation A or the other partners.
The denominator of Corporation A's Sales Factor is $21,000,000 determined as follows:

| Sales by Corporation A | $20,000,000 |
|---|---|

EXHIBIT **(C8)**

**EXHIBIT (D)**

# REQUEST FOR PUBLIC INFORMATION

**From:** Jeffrey W. Smiles
3049 Octagon Avenue.
Sinking Spring, Pa 19608

**To:** Duane J Rashlich, as acting director
Berks County Assessment Office
Berks County Services Center 5ᵗʰ floor
633 Court Street
Reading, Pa 19601

### Dear Sir:

1. **This is a FORMAL PUBLIC RECORDS REQUEST pursuant to the Pennsylvania Right To Know Law, Act 3 and Articles §§701 to 1504** requesting **inspection** and/or **copies of the following public record**.

   **REQUEST:**

2. Please provide a copy of the **PUBLIC RECORD THAT EVIDENCE**, the exact legal and lawfully promulgated **OFFICAL** procedure enacted by the legislature (*enacting clause, statutes, session laws, legislative certification and Common-law rules*) that lawfully authorizes the Berks County Assessments Office, a for chartered Corporation, to assess an ad valorem property tax upon noncommercial property that is occupied only as a dwelling shelter of the owner.

3. Should you deny this request, or any part of the request, please state in writing the basis for the denial including the exact statutory citation authorizing the denial

4. Please respond to the address above in writing as to when fulfillment of this request will be made and of any statutorily prescribed fees if any.

   PLEASE EXPEDITE THIS REQUEST.

**EXHIBIT (D)**

Sincerely, _____

# REQUEST FOR PUBLIC INFORMATION

## EXHIBIT (E)

**From:** Jeffrey W. Smiles
3049 Octagon Avenue.
Sinking Spring, Pa 19608

**To:** Duane J. Rashlich, as acting director
Berks County Assessment Office
Berks County Services Center 3rd floor
633 Court Street
Reading, Pa 19601

### Dear Sir:

1. This is a **FORMAL PUBLIC RECORDS REQUEST DIRECTED TO THE BERKS COUNTY ASSESSMENT OFFICE, ACTING DIRECTOR** pursuant to the Pennsylvania **Right To Know Law, Act 3 and Chapters 1- 31 §101 through § 3104 et seq.** requesting inspection and/or copies of the following public record:

### REQUEST:

2. Please provide a copy of the **PUBLIC RECORD THAT EVIDENCE**, the exact legal and lawfully promulgated **OFFICAL** procedure <u>enacted by the legislature</u> (*enacting clause, statutes, session laws, legislative certification and Common-law rules*) that lawfully authorizes the Berks County Assessments Office to assess an ad valorem property tax upon noncommercial property that is occupied only as a dwelling shelter of the owner.

3. Should you deny this request, or any part of the request, please state in writing the basis for the denial including the exact statutory citation authorizing the denial.

4. Please respond to the address above in writing as to when fulfillment of this request will be made and of any statutorily prescribed fees if any.

PLEASE EXPEDITE THIS REQUEST.

Sincerely,

## EXHIBIT (E)

EXHIBIT (F)



## pennsylvania
### OFFICE OF OPEN RECORDS

### STANDARD RIGHT-TO-KNOW REQUEST FORM

**DATE REQUESTED:** 5/28/16

**REQUEST SUBMITTED BY:** ☐ E-MAIL  ☑ U.S. MAIL  ☐ FAX  ☐ IN-PERSON

**REQUEST SUBMITTED TO (Agency name & address):** Lisa Hoch, Assessor for Spring Township/

Wilson School District, 2601 Grandview Blvd. West Lawn, Pa 19609

**NAME OF REQUESTER :** Jeffrey W. Smiles

**STREET ADDRESS:** 3049 Octagon Avenue

**CITY/STATE/COUNTY/ZIP(Required):** Sinking Spring, Pa [19608]

**TELEPHONE (Optional):** 610-678-0254     **EMAIL (optional):**

**RECORDS REQUESTED:** *Provide as much specific detail as possible so the agency can identify the information*

The signed and dated assessment sheet for the property known as 3049 Octagon Avenue, Sinking Spring, Pa [19608]

Accountant requires the signed and dated assessment sheet for the above property.
Please provide all definitions for codes used in the assessment process. *Jeffrey W. Smiles*

**DO YOU WANT COPIES?** (YES) or NO
**DO YOU WANT TO INSPECT THE RECORDS?** YES or (NO)
**DO YOU WANT CERTIFIED COPIES OF RECORDS?** (YES) or NO

### ** PLEASE NOTE: RETAIN A COPY OF THIS REQUEST FOR YOUR FILES **
### ** IT IS A REQUIRED DOCUMENT IF YOU WOULD NEED TO FILE AN APPEAL **

**RIGHT TO KNOW OFFICER:**

**DATE RECEIVED BY THE AGENCY:**

**AGENCY FIVE (5) BUSINESS DAY RESPONSE DUE:**

*Public bodies may fill anonymous verbal or written requests. If the requestor wishes to pursue the relief and remedies provided for in this Act, the request must be in writing. (Section 702.) Written requests need not include an explanation why information is sought or the intended use of the information unless otherwise required by law. (Section 703.)*

EXHIBIT (F)

# EXHIBIT (F1)



## pennsylvania
### OFFICE OF OPEN RECORDS

### STANDARD RIGHT-TO-KNOW REQUEST FORM

**DATE REQUESTED:** 12/26/2017

**REQUEST SUBMITTED BY:** ☐ E-MAIL  ☐ U.S. MAIL  ☐ FAX  ☑ IN-PERSON

**REQUEST SUBMITTED TO (Agency name & address):** Director of Assessments for Berks County,

Berks County Services Center 3rd Floor,633 Court Street, Reading, PA 19601☐

**NAME OF REQUESTER :** Jeffrey W. Smiles

**STREET ADDRESS:** 3049 Octagon Avenue

**CITY/STATE/COUNTY/ZIP(Required):** Sinking Spring, Pa [19608]

**TELEPHONE (Optional):** 610-678-0254        **EMAIL (optional):**

**RECORDS REQUESTED:** *Provide as much specific detail as possible so the agency can identify the information. Please use additional sheets if necessary*

The signed return filed prior to the assessment for 3049 Octagon Avenue, Sinking Spring, Pa [19608]

Pursuant to RTKL,65 P.S.§67.101et seq. and Pursuant to Pennsylvania Law, Title 72 § 7215 (Persons required to make returns), Please provide copy of owner signed return that was filed prior to executing the assessment for the property known as 3049 Octagon Ave, Sinking Spring, Pa

**DO YOU WANT COPIES?** (YES) or NO
**DO YOU WANT TO INSPECT THE RECORDS?** YES or (NO)
**DO YOU WANT CERTIFIED COPIES OF RECORDS?** YES or (NO)                    *Jeffrey W. Smiles*

**\*\* PLEASE NOTE: RETAIN A COPY OF THIS REQUEST FOR YOUR FILES \*\***
**\*\* IT IS A REQUIRED DOCUMENT IF YOU WOULD NEED TO FILE AN APPEAL \*\***

### *FOR AGENCY USE ONLY*

**RIGHT TO KNOW OFFICER:**

**DATE RECEIVED BY THE AGENCY:**

**AGENCY FIVE (5) BUSINESS DAY RESPONSE DUE:**

*\*\*Public bodies may fill anonymous verbal or written requests. If the requestor wishes to pursue the relief and remedies provided for in this Act, the request must be in writing. (Section 702.) Written requests need not include an explanation why information is sought or the intended use of the information unless otherwise required by law. (Section 703.)*

# EXHIBIT (F1)

# COUNTY OF BERKS, PENNSYLVANIA
## Office of Open Records EXHIBIT (F1)

Services Center, 13th Floor
633 Court Street
Reading, PA 19601

Phone: 610.478.6105 Ext. 6105
Fax: 610.478.6139
E-mail: countyopenrecordsofficer@countyofberks.com

Christian Y. Leinbach, Chair
Kevin S. Barnhardt, Commissioner
Mark C. Scott Esq., Commissioner

Maryjo Gibson, Open Records Officer

January 8, 2018

Jeffrey W. Smiles
3049 Octagon Avenue
Sinking Spring, PA 19608

Dear Mr. Smiles,

Your Right to Know Request received December 28, 2017 for the signed return filed prior to the assessment for 3049 Octagon Avenue, Sinking Spring, Pa (19608) is denied pursuant to 65 P.S. §67.705, as that record does not exist.

If you consider this response a denial, you have a right to appeal this denial of information in writing to the Erik Arneson, Executive Director, Office of Open Records, Commonwealth Keystone Building, 400 North Street, 4th Floor, Harrisburg, PA 17120.

If you choose to file an appeal you must do so within 15 business days of the mailing date of the agency's response. 65 P.S. §67.1101. Please be advised that this correspondence will serve to close this record with our office as permitted by law.

Thank you.

Sincerely,

Maryjo Gibson,
Berks County Open Records Officer

*Dedicated to public service with integrity, virtue & excellence*

**www.co.berks.pa.us**

# EXHIBIT (F1)

LILLIAN B. CRAMSEY, TAX COLL.
2850 WINDMILL ROAD
SPRING TOWNSHIP BLDG
SINKING SPRING PA 19608

Temp - Return Service Requested

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
READING, PA
PERMIT NO. 392

**EXHIBIT (G)**



**Tax Payer:** 80-4386-06-48-4397
SMILES JEFFREY W
3049 OCTAGON AVE
SINKING SPRING PA 19608-1019

**TAX PAYER INSTRUCTIONS:**

1. **IF SERVICED BY A MORTGAGE COMPANY**, forward this entire bill to them immediately.
2. Present this entire bill when paying in person.
3. If a receipt is desired when paying by mail, send this entire bill along with a self-addressed stamped envelope.
4. Failure to receive this bill does not entitle the property owner to a discount or remission of any penalties on these taxes.
5. 2% Discount for payments made in March and April. Flat tax amount for payments made in May and June. 10% Penalty for all payments on or after July 1st. All amounts have been computed for your convenience.
6. If property has changed ownership, please provide the name of the new owner, and return this bill to the tax collector's office immediately.
7. **ONLY FULL PAYMENT ACCEPTED.**

FOLD, CREASE AND TEAR ALONG DOTTED LINES
REMOVE SIDE EDGES FIRST

## SPRING TWP

Make check payable to:
LILLIAN B. CRAMSEY, TAX COLL.
2850 WINDMILL ROAD
SPRING TOWNSHIP BLDG
SINKING SPRING PA 19608
610-678-1287

Notes:
Delinquent tax bill sent to Tax Claim
Bureau Courthouse after 12/31/11
$15.00 added per bill when filed with Tax Claim
3/4% interest added per month as of 02/01/2012

**BILL # 8358**



| PIN# 80-4386-06-48-4397 | | Assessment | Bill Date | Property # |
|---|---|---|---|---|
| | | 113,700 | 3/01/2011 | 80231500 |

| Tax Type / Rate / Mills | 2% Discount | Flat Rate | 10% Penalty |
|---|---|---|---|
| COUNTY        6.9350 | 772.74 | 788.51 | 867.36 |
| TWP/BORO       1.9000 | 211.71 | 216.03 | 237.63 |
| FIRE PROT.      1.0000 | 111.43 | 113.70 | 125.07 |
| HYDRANT         .1000 | 11.14 | 11.37 | 12.51 |
| TRASH @ 145.00 | 142.10 | 145.00 | 159.50 |
| RECYCLING | 39.20 | 40.00 | 44.00 |

MARCH Hours & Times:
MARCH 1 & APRIL MON, TUES, THUR,
FRI 9 - 12 & 1-4 WED  4-5:30
SATURDAY APRIL 30  9 - NOON
MAY & JUNE MON,TUES,THURS
9-12 & 1-2:45   WED 4-5
JULY THRU DEC MON & THURS
9-12 & 1-3 Wed 2-3 PM
CLOSED MAY 31 & JUNE 6 -10

The Payer:
SMILES JEFFREY W
3049 OCTAGON AV
SINKING SPRING PA 19608-1019

Property Description:
Residential Homestead Accepted
3049     OCTAGON AV
DB/YR 5187  OPINST 1826      .330 AC

1 STORY   BRICK/MASONRY

| DURING THIS PERIOD | MAR-APR | MAY-JUN | AFTER JUN |
|---|---|---|---|
| | 1,288.32 | 1,314.61 | 1,446.07 |

## SPRING TWP

### Tax Collector Copy

**BILL # 8358**

| PIN# 80-4386-06-48-4397 | | Assessment | Bill Date | Property # |
|---|---|---|---|---|
| | | 113,700 | 3/01/2011 | 80231500 |

| Tax Type / Rate / Mills | 2% Discount | Flat Rate | 10% Penalty |
|---|---|---|---|
| COUNTY        6.9350 | 772.74 | 788.51 | 867.36 |
| TWP/BORO       1.9000 | 211.71 | 216.03 | 237.63 |
| FIRE PROT.      1.0000 | 111.43 | 113.70 | 125.07 |
| HYDRANT         .1000 | 11.14 | 11.37 | 12.51 |
| TRASH @ 145.00 | 142.10 | 145.00 | 159.50 |
| RECYCLING | 39.20 | 40.00 | 44.00 |



The Payer:
SMILES JEFFREY W
3049 OCTAGON AV
SINKING SPRING PA 19608-1019

Residential Homestead Accepted
3049     OCTAGON AV
DB/YR 5187  OPINST 1826      .330 AC

1 STORY   BRICK/MASONRY

| DURING THIS PERIOD | MAR-APR | MAY-JUN | AFTER JUN |
|---|---|---|---|
| | 1,288.32 | 1,314.61 | 1,446.07 |

**EXHIBIT (G)**

PRESORTED
FIRST-CLASS MAIL
U.S POSTAGE PAID
READING, PA
PERMIT NO. 392

EXHIBIT **(H)**

FIRST CLASS MAIL

80-4386-06-48-4397                                    8341

Tax Payer:   SMILES JEFFREY W
3049 OCTAGON AVE
SINKING SPRING PA 19608-1019

---

## TAX PAYER INSTRUCTIONS:

1. *IF SERVICED BY A MORTGAGE COMPANY, forward this entire bill to them immediately.*
2. Present this entire bill when paying in person.
3. If a receipt is desired when paying by mail, send this entire bill along with a self-addressed stamped envelope.
4. Failure to receive this bill does not entitle the property owner to a discount or remission of any penalties on these taxes.
5. 2% Discount for payments made in March and April. Flat tax amount for payments made in May and June. 10% Penalty for all payments on or after July 1st. All amounts have been computed for your convenience.
6. If property has changed ownership, please provide the name of the new owner, and return this bill to the tax collector's office immediately.
7. *ONLY FULL PAYMENT ACCEPTED.*

---

### SPRING TWP                              2013 Real Estate          BILL # 8341

LILLIAN B. CRAMSEY, TAX COLL.
2850 WINDMILL ROAD
SPRING TOWNSHIP BLDG
SINKING SPRING PA 19608
610-678-1287

**Office Dates & Times:**
March-Mon Tues Thur Fri
9-2:30 Sat 9-12 Apr-Mon
Tues Thur Fri 9-2:30 Wed
4-5 Sat 9-12 Apr 30 9-5:30
May June -Mon Tues Thur
9 - 2:30 & Wed 4 - 5
July thru Feb Mon Thur 9-1
Close 5/13 - 17 & 6-10-14

**Tax Payer:**
SMILES JEFFREY W
3049 OCTAGON AVE
SINKING SPRING PA 19608-1019

**Property Description:**
Residential-Homestead Accepted
3049   OCTAGON AV
DB/YR 6187 DP/INST 1626    .330 AC

1 STORY   BRICK/MASONRY

**Notes:**
Delinquent tax bill sent to Tax Claim
Bureau Courthouse after   8/09/13
$15.00 added per bill when filed with Tax Claim
3/4% interest added per month as of 02/01/2014

| Prop. ID: 80-4386-06-48-4397 | | Assessment | Bill Date | Property # |
|---|---|---|---|---|
| | | 113,700 | 3/01/2013 | 80231500 |
| Tax Type / Rate / Mills | 2% Discount | Flat Rate | 10% Penalty | |
| COUNTY        7.3720 | 821.44 | 838.20 | 922.02 | |
| TWP/BORO      2.2500 | 250.71 | 255.83 | 281.41 | |
| FIRE PROT.    1.0000 | 111.43 | 113.70 | 125.07 | |
| HYDRANT        .0600 | 6.68 | 6.82 | 7.50 | |
| TRASH @ 145.00 | 142.10 | 145.00 | 159.50 | |
| RECYCLING | 39.20 | 40.00 | 44.00 | |
| | **DURING THIS PERIOD** | **MAR-APR** | **MAY-JUN** | **AFTER JUN** |
| | PAYMENT AMOUNT | 1,371.56 | 1,399.55 | 1,539.50 |

---

### SPRING TWP                              BILL # 8341

2013 Real Estate Tax Bill

**Tax Payer:**
SMILES JEFFREY W
3049 OCTAGON AVE
SINKING SPRING PA 19608-1019

**Property Description:**
Residential-Homestead Accepted
3049   OCTAGON AV
DB/YR 6187 DP/INST 1626    .330 AC

1 STORY   BRICK/MASONRY

## Tax Collector Copy

| Prop. ID: 80-4386-06-48-4397 | | Assessment | Bill Date | Property # |
|---|---|---|---|---|
| | | 113,700 | 3/01/2013 | 80231500 |
| Tax Type / Rate / Mills | 2% Discount | Flat Rate | 10% Penalty | |
| COUNTY        7.3720 | 821.44 | 838.20 | 922.02 | |
| TWP/BORO      2.2500 | 250.71 | 255.83 | 281.41 | |
| FIRE PROT.    1.0000 | 111.43 | 113.70 | 125.07 | |
| HYDRANT        .0600 | 6.68 | 6.82 | 7.50 | |
| TRASH @ 145.00 | 142.10 | 145.00 | 159.50 | |
| RECYCLING | 39.20 | 40.00 | 44.00 | |
| | **DURING THIS PERIOD** | **MAR-APR** | **MAY-JUN** | **AFTER JUN** |
| | PAYMENT AMOUNT | 1,371.56 | 1,399.55 | 1,539.50 |

---

# EXHIBIT **(H)**

LILLIAN B. CRAMSEY, TAX COLL.
2850 WINDMILL ROAD
SPRING TOWNSHIP BLDG
SINKING SPRING PA 19608

Temp - Return Service Requested

EXHIBIT (I)

PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE PAID
READING, PA
PERMIT NO. 392

FIRST CLASS MAIL - TAX BILL ENCLOSED

80-4386-06-48-4397                                      8358

Tax Payer:   SMILES JEFFREY W
             3049 OCTAGON AVE
             SINKING SPRING PA 19608-1019

## TAX PAYER INSTRUCTIONS:

1. *IF SERVICED BY A MORTGAGE COMPANY, forward this entire bill to them immediately.*
2. Present this entire bill when paying in person.
3. If a receipt is desired when paying by mail, send this entire bill along with a self-addressed stamped envelope.
4. Failure to receive this bill does not entitle the property owner to a discount or remission of any penalties on these taxes.
5. 2% Discount for payments made in March and April. Flat tax amount for payments made in May and June. 10% Penalty for all payments on or after July 1st. All amounts have been computed for your convenience.
6. If property has changed ownership, please provide the name of the new owner, and return this bill to the tax collector's office immediately.
7. *ONLY FULL PAYMENT ACCEPTED.*

---

### SPRING TWP — 2014 Real Estate Tax Bill — BILL # 8358

Make check payable to:
LILLIAN B. CRAMSEY, TAX COLL.
2850 WINDMILL ROAD
SPRING TOWNSHIP BLDG
SINKING SPRING PA 19608
610-678-1287

Sitting Dates & Times:
March-Mon Tues Thur Fri
0-2:30 Sat 9-12 Apr-Mon
Tues Thur Fri 9-2:30 Wed
4-5 Sat 9-12 Apr 30 9-5:30
May June-Mon Tues Thur
9 - 2:30 & Wed 4 - 5
July thru Feb Mon Thur 9-1
Closed 5/12-16 & 6/9 - 13

Tax Payer:
SMILES JEFFREY W
3049 OCTAGON AVE
SINKING SPRING PA 19608-1019

Property Description:
Residential-Homestead Accepted
3049   OCTAGON AV
DB/YR 5187  DP/INST 1626     .330 AC
1 STORY   BRICK/MASONRY

Notes:
Delinquent tax bill sent to Tax Claim
Bureau Courthouse after  12/31/2014
$15.00 added per bill when filed with Tax Claim
3/4% interest added per month as of 02/01/2015

| | Assessment | Bill Date | Property # |
|---|---|---|---|
| Prop. ID: 80-4386-06-48-4397 | 113.700 | 3/01/2014 | 80231500 |

| Tax Type / Rate / Mills | 2% Discount | Flat Rate | 10% Penalty |
|---|---|---|---|
| COUNTY        7.3770 | 821.44 | 838.20 | 922.02 |
| TWP/BORO      2.2500 | 250.71 | 255.83 | 281.41 |
| FIRE PROT.    1.0000 | 111.43 | 113.70 | 125.07 |
| HYDRANT        .0600 | 6.68 | 6.82 | 7.50 |
| TRASH @ 145.00 | 142.10 | 145.00 | 159.50 |
| RECYCLING | 39.20 | 40.00 | 44.00 |

| DURING THIS PERIOD | MAR-APR | MAY-JUN | AFTER JUN |
|---|---|---|---|
| PAY THIS AMOUNT | 1,371.56 | 1,399.55 | 1,539.50 |

---

### SPRING TWP — 2014 Real Estate Tax Bill — BILL # 8358

Tax Collector Copy

Tax Payer:
SMILES JEFFREY W
3049 OCTAGON AVE
SINKING SPRING PA 19608-1019

Property Description:
Residential-Homestead Accepted
3049   OCTAGON AV
DB/YR 5187  DP/INST 1626     .330 AC
1 STORY   BRICK/MASONRY

| | Assessment | Bill Date | Property # |
|---|---|---|---|
| Prop. ID: 80-4386-06-48-4397 | 113.700 | 3/01/2014 | 80231500 |

| Tax Type / Rate / Mills | 2% Discount | Flat Rate | 10% Penalty |
|---|---|---|---|
| COUNTY        7.3770 | 821.44 | 838.20 | 922.02 |
| TWP/BORO      2.2500 | 250.71 | 255.83 | 281.41 |
| FIRE PROT.    1.0000 | 111.43 | 113.70 | 125.07 |
| HYDRANT        .0600 | 6.68 | 6.82 | 7.50 |
| TRASH @ 145.00 | 142.10 | 145.00 | 159.50 |
| RECYCLING | 39.20 | 40.00 | 44.00 |

| DURING THIS PERIOD | MAR-APR | MAY-JUN | AFTER JUN |
|---|---|---|---|
| PAY THIS AMOUNT | 1,371.56 | 1,399.55 | 1,539.50 |

EXHIBIT (I)

EXHIBIT (J)

LILLIAN B. CRAMSEY, TAX COLL.
2850 WINDMILL ROAD
SPRING TOWNSHIP BLDG
SINKING SPRING PA 19608

Temp - Return Service Requested

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
READING, PA
PERMIT NO. 392

80-4386-06-48-4397                                           8382

Tax Payer:   SMILES JEFFREY W
             3049 OCTAGON AVE
             SINKING SPRING PA 19608-1019

## TAX PAYER INSTRUCTIONS:

1. **IF SERVICED BY A MORTGAGE COMPANY,** forward this entire bill to them immediately.
2. Present this entire bill when paying in person.
3. If a receipt is desired when paying by mail, send this entire bill along with a self-addressed stamped envelope.
4. Failure to receive this bill does not entitle the property owner to a discount or remission of any penalties on these taxes.
5. 2% Discount for payments made in March and April. Flat tax amount for payments made in May and June. 10% Penalty for all payments on or after July 1st. All amounts have been computed for your convenience.
6. If property has changed ownership, please provide the name of the new owner, and return this bill to the tax collector's office immediately.
7. **ONLY FULL PAYMENT ACCEPTED.**

FOLD, CREASE AND TEAR ALONG DOTTED LINES
REMOVE SIDE EDGES FIRST

---

## SPRING TWP                                           BILL # 8382

**Make check payable to:**
LILLIAN B. CRAMSEY, TAX COLL.
2850 WINDMILL ROAD
SPRING TOWNSHIP BLDG
SINKING SPRING PA 19608
610-678-1287

**Sitting Dates & Times:**
March-Mon Tues Thur Fri
9-2:30 Sat 9-12 Apr-Mon
Tues Thur Fri 9-2:30 Wed
4-5 Sat 9-12 Apr 30 9-5:30
May June-Mon Tues Thur
9 - 2:30 & Wed 4 - 5
July thru Feb Mon Thur 9-1
Closed 8/11-15 & 8/8 - 12

**Tax Payer:**
SMILES JEFFREY W
3049 OCTAGON AVE
SINKING SPRING PA 19608-1019

**Property Description:**
Residential-Homestead Accepted
3049   OCTAGON AV
DB/YR 5187  DP/INST 1626
1 STORY   BRICK/MASONRY

Notes: Last date to pay tax collector: 12/31/2015.
COPY OF TAX BILL required with payment
Delinquent tax bill sent Tax Claim 12/31/15
$15.00 added per bill when filed with Tax Claim
3/4% interest added per month as of 02/01/2016

| Tax Type / Rate / Mills | 2% Discount | Flat Rate | 10% Penalty |
|---|---|---|---|
| | Assessment | Bill Date | Property # |
| | 113,700 | 3/01/2015 | 80231500 |
| Prop. ID:   80-4386-06-48-4397 | | | |
| COUNTY       7.3720 | 821.44 | 838.20 | 922.02 |
| TWP/BORO     2.2500 | 250.71 | 255.83 | 281.41 |
| FIRE PROT.   1.0000 | 111.43 | 113.70 | 125.07 |
| HYDRANT       .0600 | 6.68 | 6.82 | 7.50 |
| TRASH @ 145.00 | 142.10 | 145.00 | 159.50 |
| RECYCLING | 39.20 | 40.00 | 44.00 |
| .330 AC   DURING THIS PERIOD | MAR-APR | MAY-JUN | AFTER JUN |
| | 1,371.56 | 1,399.55 | 1,539.50 |

---

## SPRING TWP                                           BILL # 8382



### Tax Collector Copy

**Tax Payer:**
SMILES JEFFREY W
3049 OCTAGON AVE
SINKING SPRING PA 19608-1019

**Property Description:**
Residential-Homestead Accepted
3049   OCTAGON AV
DB/YR 5187  DP/INST 1626
1 STORY   BRICK/MASONRY

| Tax Type / Rate / Mills | 2% Discount | Flat Rate | 10% Penalty |
|---|---|---|---|
| | Assessment | Bill Date | Property # |
| | 113,700 | 3/01/2015 | 80231500 |
| Prop. ID:   80-4386-06-48-4397 | | | |
| COUNTY       7.3720 | 821.44 | 838.20 | 922.02 |
| TWP/BORO     2.2500 | 250.71 | 255.83 | 281.41 |
| FIRE PROT.   1.0000 | 111.43 | 113.70 | 125.07 |
| HYDRANT       .0600 | 6.68 | 6.82 | 7.50 |
| TRASH @ 145.00 | 142.10 | 145.00 | 159.50 |
| RECYCLING | 39.20 | 40.00 | 44.00 |
| .330 AC   DURING THIS PERIOD | MAR-APR | MAY-JUN | AFTER JUN |
| | 1,371.56 | 1,399.55 | 1,539.50 |

EXHIBIT (J)

EXHIBIT (K)

LILLIAN B. CRAMSEY, TAX COLL.
2850 WINDMILL ROAD
SPRING TOWNSHIP BLDG
SINKING SPRING PA 19608

Temp - Return Service Requested

PRESORTED
FIRST-CLASS MAIL
US POSTAGE PAID
READING, PA
PERMIT NO. 392

POST OFFICE: MAIL TAX BILL ENCLOSED

80-4386-06-48-4397

8383

**Tax Payer:**   SMILES JEFFREY W

3049 OCTAGON AVE

SINKING SPRING PA 19608-1019

**TAX PAYER INSTRUCTIONS:**

1. *IF SERVICED BY A MORTGAGE COMPANY*, please check with a representative of that company, and follow their instructions.

2. Present this entire bill when paying in person. Contact Tax Collector for available times.

3. If a receipt is desired when paying by mail, send this entire bill along with a self-addressed stamped envelope.

4. Failure to receive this bill does not entitle the property owner to a discount or remission of any penalties on these taxes.

5. 2% Discount for payments made the 1st and 2nd month after bill date. Flat tax amount for payments during the 3rd and 4th months. 10% Penalty added after the 4th month. All amounts have been computed for your convenience.

6. If property has changed ownership, please provide the name of the new owner, and return this bill to the tax collector's office immediately.

7. *ONLY FULL PAYMENT ACCEPTED.*

---

**SPRING TWP**

Make check payable to:
LILLIAN B. CRAMSEY, TAX COLL.
2850 WINDMILL ROAD
SPRING TOWNSHIP BLDG
SINKING SPRING PA 19608
610-678-1767

Office Dates & Times:
March-Mon Tues Thur Fri
9-2:30 Sat 9-12 Apr-Mon
Tues Thur Fri 9-2:30 Wed
4-6 Sat 9-12 Apr 29 9-5
May-June-Mon Tues Thur
9 - 2:30 & Wed 4 - 5
July thru Feb-Mon Thur 9-1
Closed 5/16-20 & 6/15-17
Tax Payer
SMILES JEFFREY W
3049 OCTAGON AVE
SINKING SPRING PA 19608-1019

Property Description
Residential-Homestead Accepted
3049 OCTAGON AV
DB/YR 5187 DP/INST 1626 0.330 AC

1 STORY BRICK/MASONRY

BILL #
8383

Last day to pay 12/31/2016
COPY OF TAX BILL required with payment
Delinquent tax list sent Tax Claim 12/31/16
$16.00 added per bill when filed with Tax Claim
3/4% interest added per month as of 03/01/2017

| | | | Assessment | Bill Date | Property # |
|---|---|---|---|---|---|
| PropID:80-4386-06-48-4397 Seq# | | | 113,700 | 03/01/2016 | 80231500 |
| Tax Type / Rate / Mills | 2% Discount | Flat Rate | 10% Penalty | | |
| COUNTY | 7.3720 | 821.44 | 838.20 | 922.02 | |
| TWP/BORO | 2.2500 | 250.71 | 255.83 | 281.41 | |
| FIRE PROT. | 1.0000 | 111.43 | 113.70 | 125.07 | |
| HYDRANT | .0600 | 6.68 | 6.82 | 7.50 | |
| TRASH @ 145.00 | | 142.10 | 145.00 | 159.50 | |
| RECYCLING | | 39.20 | 40.00 | 44.00 | |

| During this period | MAR-APR | MAY-JUN | AFTER JUN |
|---|---|---|---|
| Pay This Amount | 1371.56 | 1399.55 | 1539.50 |

---

BILL # 8383



**SPRING TWP**

2016
Real Estate
Tax Bill

Tax Payer
SMILES JEFFREY W
3049 OCTAGON AVE
SINKING SPRING PA 19608-1019

Property Description
Residential-Homestead Accepted
3049 OC TAGON AV
DB/YR 5187 DP/INST 1626 0.330 AC

1 STORY BRICK/MASONRY

**Tax Collector Copy**

| | | | Assessment | Bill Date | Property # |
|---|---|---|---|---|---|
| PropID:80-4386-06-48-4397 Seq# | | | 113,700 | 03/01/2016 | 80231500 |
| Tax Type / Rate / Mills | 2% Discount | Flat Rate | 10% Penalty | | |
| COUNTY | 7.3720 | 821.44 | 838.20 | 922.02 | |
| TWP/BORO | 2.2500 | 250.71 | 255.83 | 281.41 | |
| FIRE PROT. | 1.0000 | 111.43 | 113.70 | 125.07 | |
| HYDRANT | .0600 | 6.68 | 6.82 | 7.50 | |
| TRASH @ 145.00 | | 142.10 | 145.00 | 159.50 | |
| RECYCLING | | 39.20 | 40.00 | 44.00 | |

| During this period | MAR-APR | MAY-JUN | AFTER JUN |
|---|---|---|---|
| Pay This Amount | 1371.56 | 1399.55 | 1539.50 |

EXHIBIT (L)

LILLIAN B. CRAMSEY, TAX COLL.
2850 WINDMILL ROAD
SPRING TOWNSHIP BLDG
SINKING SPRING PA 19608

Temp - Return Service Requested

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
READING, PA
PERMIT NO. 392

## FIRST CLASS MAIL - TAX BILL ENCLOSED

80-4386-06-48-4397

8410

**Tax Payer:**
SMILES JEFFREY W
3049 OCTAGON AVE
SINKING SPRING PA 19608-1019

## TAX BILL ENCLOSED

**TAX PAYER INSTRUCTIONS:**

1. *IF SERVICED BY A MORTGAGE COMPANY*, please check with a representative of that company, and follow their instructions.

2. Present this entire bill when paying in person. Contact Tax Collector for available times.

3. If a receipt is desired when paying by mail, send this entire bill along with a self-addressed stamped envelope.

4. Failure to receive this bill does not entitle the property owner to a discount or remission of any penalties on these taxes.

5. 2% Discount for payments made the 1st and 2nd month after bill date. Flat tax amount for payments during the 3rd and 4th months. 10% Penalty added after the 4th month. All amounts have been computed for your convenience.

6. If property has changed ownership, please provide the name of the new owner, and return this bill to the tax collector's office immediately.

7. *ONLY FULL PAYMENT ACCEPTED.*

FOLD, CREASE AND TEAR ALONG DOTTED LINES

[REMOVE SIDE EDGES FIRST]

---

**SPRING TWP**
Make check payable to:
LILLIAN B CRAMSEY TAX COLL
2850 WINDMILL ROAD
SPRING TOWNSHIP BLDG
SINKING SPRING PA 19608
610-678-1267

Mailing Dates & Times
March-Mon Tues Thur Fri
9-3:30 Sat 9-12 Apr-May
Tues Thur Fri 9-2:30 Wed
4-5 Sat Apr 29 9—12
May-June-Mon Tues Thur
9-2:30 & Wed 4 - 5
July thru Feb Mon & Thur 9-1
Closed 5/15-19 & 6/12—6/16
Tax Payer
SMILES JEFFREY W
3049 OCTAGON AVE
SINKING SPRING PA 19608-1019

Property Description
Residential-Homestead Accepted
3049 OCTAGON AV
OBYR 5167 DP/INST 1826 0.330 AC

1 STORY BRICK/MASONRY

2017
Real Estate
Tax Bill

BILL #
8410

Last day to pay 12/31/2017
COPY OF TAX BILL required with payment
Delinquent tax bill sent Tax Claim 1/1/201
$15.00 added per bill when filed with Tax Claim
30% interest added per month as of 05/01/2018

| | Assessment | Bill Date | Property # |
|---|---|---|---|
| PropID 80-4386-06-48-4397 Seq# | 113,700 | 05/01/2017 | 80231500 |

| Tax Type / Rate / Mills | 2% Discount | Flat Rate | 10% Penalty |
|---|---|---|---|
| COUNTY 7.3720 | 821 44 | 838 20 | 922 02 |
| TWP/BORO 2.6000 | 289 71 | 295 62 | 325 18 |
| FIRE PROT 1.3500 | 150 43 | 153 50 | 168 85 |
| HYDRANT 0.0600 | 6 68 | 6 82 | 7 50 |
| TRASH @ 145 00 | 142 10 | 145 00 | 159 50 |
| RECYCLING | 39 20 | 40 00 | 44 00 |

| During this period | MAR-APR | MAY-JUN | AFTER JUN |
|---|---|---|---|
| Pay This Amount | 1449.56 | 1479.14 | 1627 05 |

---

**SPRING TWP**

2017
Real Estate
Tax Bill

Tax Payer
SMILES JEFFREY W
3049 OCTAGON AVE
SINKING SPRING PA 19608-1019

Property Description
Residential-Homestead Accepted
3049 OCTAGON AV
OBYR 5167 DP/INST 1826 0.330 AC

1 STORY BRICK/MASONRY

BILL # 8410

**Tax Collector Copy**

| | Assessment | Bill Date | Property # |
|---|---|---|---|
| PropID 80-4386-06-48-4397 Seq# | 113,700 | 05/01/2017 | 80231500 |

| Tax Type / Rate / Mills | 2% Discount | Flat Rate | 10% Penalty |
|---|---|---|---|
| COUNTY 7.3720 | 821 44 | 838 20 | 922 02 |
| TWP/BORO 2.6000 | 289 71 | 295 62 | 325 18 |
| FIRE PROT 1.3500 | 150 43 | 153 50 | 168 85 |
| HYDRANT 0.0600 | 6 68 | 6 82 | 7 50 |
| TRASH @ 145 00 | 142 10 | 145 00 | 159 50 |
| RECYCLING | 39 20 | 40 00 | 44 00 |

| During this period | MAR-APR | MAY-JUN | AFTER JUN |
|---|---|---|---|
| Pay This Amount | 1449.56 | 1479.14 | 1627.05 |

TAX CLAIM BUREAU OF BERKS COUNTY.

V.

JEFFREY W SMILES

 

DEFENDANT.

IN THE COURT OF COMMON PLEAS
OF BERKS COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

NO. 12-13934

**EXHIBIT (M)**

RECEIVED
PROTHONOTARY'S OFFICE
MARIANNE R. SUTTON
5/14/2012
05:00 PM

_____

**TAX CLAIM**

THE BERKS COUNTY TAX CLAIM BUREAU hereby files a Tax Claim against the real estate hereinafter described:

(a)   The Tax Claim Bureau has an office at the Berks County Services Center, 2nd Floor, 633 Court Street, Reading, Pennsylvania 19601.

(b)   The subject property's owner(s) or reputed owner(s), having a mailing address of: 3049 OCTAGON AVE, SINKING SPRING, PA 19608-1019.

(c)   The property against which this Tax Claim is filed is:
3049 OCTAGON AV, SPRING TOWNSHIP, 80438606484397.

(d)   This Tax Claim is filed under the Pennsylvania Municipal Claims and Tax Lien Act, including P.S. § 7193.5 and 7106 and Berks County Commissioners Resolution No.44-11.

(e)   This Tax Claim is for non-payment of real estate taxes levied:
January 1, 2011 County Tax _____ $867.36; January 1, 2011 Municipal Tax _____ $578.71; July 1, 2011 School Tax _____ $2,756.91; and totaled as follows:

| | |
|---|---|
| Delinquent Taxes at Penalty Rate is | $4,202.98 |
| Total Interest to Date is | $31.53 |
| SUBTOTAL | $4,234.51 |

PLUS Filing Fee of $35.60; Tax Claim Bureau Operating Costs of 5% on Total Tax Claim at Penalty Rate and Interest; Tax Claim Costs; and Attorney's Fees of 5% on Total Tax Claim at Penalty Rate and Interest

TOTAL TAX CLAIM DUE AND OWING FOR 2011: _____ $4,558.01

(f)   Accruing interest and additional costs of the Tax Claim to be subsequently assessed.

BERKS COUNTY TAX CLAIM BUREAU

DATE: May 14, 2012

_____
Stacy A. Phile, Director

CERTIFICATE OF SERVICE: I, Stacy A. Phile, hereby certify that on May 18, 2012, I served a copy of the Tax Claim filed in this matter on Defendant by First Class U.S. Mail at the address listed in (b) above.

_____
Stacy A. Phile, Director

# EXHIBIT (M)

TAX CLAIM BUREAU OF BERKS COUNTY,        : IN THE COURT OF COMMON PLEAS
                        PLAINTIFF         : OF BERKS COUNTY, PENNSYLVANIA
       v.                                 : CIVIL ACTION - LAW
JEFFREY W SMILES                          :

## EXHIBIT (N)

                                          :       RECEIVED
                                          :   PROTHONOTARY'S OFFICE
                                          :   MARIANNE R. SUTTON
                                          :       5/06/2016
                                          :       04:08 PM
                        DEFENDANT.        :

### TAX CLAIM

THE BERKS COUNTY TAX CLAIM BUREAU hereby files a Tax Claim against the real estate hereinafter described:

(a)    The Tax Claim Bureau has an office at the Berks County Services Center, 2nd Floor, 633 Court Street, Reading, Pennsylvania 19601.  Our phone number is 610-478-6625.

(b)    The subject property's owner(s) or reputed owner(s), having a mailing address of: 3049 OCTAGON AVE, SINKING SPRING, PA 19608-1019.

(c)    The property against which this Tax Claim is filed is: 3049 OCTAGON AV, SPRING TOWNSHIP, 80438606484397.

(d)    This Tax Claim is filed under the Pennsylvania Municipal Claims and Tax Lien Act, including P.S. § 7193.3 and 7106 and Berks County Commissioners Resolution No.44-11.

(e)    This Tax Claim is for non-payment of real estate taxes levied: January 1, 2015 County Tax _____ $922.02; January 1, 2015 Municipal Tax _____ $617.49; July 1, 2015 School Tax _____ $2,913.17; and totaled as follows:

Delinquent Taxes at Penalty Rate is        _____ $4,452.68
Total Interest to Date is                  _____ $33.40
SUBTOTAL                                    _____ $4,486.08

PLUS Filing Fee of _$38.00_; Tax Claim Bureau Operating Costs of 5% on Total Tax Claim at Penalty Rate and Interest; Tax Claim Costs; and Attorney's Fees of ½% on Total Tax Claim at Penalty Rate and Interest
TOTAL TAX CLAIM DUE AND OWING FOR 2015: _____ $4,825.81

(f)    Accruing interest and additional costs of the Tax Claim to be subsequently assessed.

                                          BERKS COUNTY TAX CLAIM BUREAU

DATE: May 6, 2016                         _____
                                          Stacy A. Phile, Director

CERTIFICATE OF SERVICE:  I, Stacy A. Phile, hereby certify that on May 13, 2016, I served a copy of the Tax Claim filed in this matter on Defendant by First Class U.S. Mail at the address listed in (b) above.

                                          _____
                                          Stacy A. Phile, Director

## EXHIBIT (N)

# BERKS COUNTY TAX CLAIM BUREAU

| NOTICE OF RETURN AND CLAIM | THIS NOTICE IS FOR 2015 UNPAID TAXES. IF 2015 TAXES HAVE BEEN PAID DISREGARD THIS NOTICE. |
|---|---|

**PROPERTY**

ADDRESS ALL COMMUNICATIONS IN CONNECTION WITH CLAIM AND MAKE CHECKS OR MONEY ORDERS PAYABLE TO:

**Control # 80438606484397**

**3049 OCTAGON AV**

Description:
1 STORY BRICK/MASONRY

**BERKS COUNTY TAX CLAIM BUREAU**
**BERKS COUNTY SERVICE CENTER**

633 COURT ST., 2ND FLOOR
READING, PA 19601-4300
PHONE (610) 478-6625

HOURS: MON THRU FRI 8:00 AM TO 5:00 PM

**AFTER OCTOBER 31, 2016**
Contact the Tax Claim Bureau for the payoff amount.

CHECKS ARE RECEIVED SUBJECT TO FINAL PAYMENT AT RISK OF PAYOR

YOUR DELINQUENT TAXES PLUS ACCUMULATED CHARGES ARE:

### Taxes Returned on 1/15/2016

| TYPE TAX : | | |
|---|---|---|
| | COUNTY | 949.70 |
| | CITY/BORO/TWP. | 636.01 |
| | SCHOOL | 3000.57 |
| | BUREAU COSTS | 390.22 |

**TOTAL AMOUNT DUE AS OF: OCTOBER 1, 2016**

$ 4976.50

### PROPERTY I.D.

| District Number | 80 |
|---|---|
| Account Number | 231500 |
| Pin Number | 438606484397 |
| Map # | 438606484397 |

**WARNING**

IF YOU FAIL TO PAY THIS TAX CLAIM OR FAIL TO TAKE LEGAL ACTION TO CHALLENGE THIS CLAIM, YOUR PROPERTY WILL BE SOLD WITHOUT YOUR CONSENT AS PAYMENT FOR THESE TAXES. YOUR PROPERTY MAY BE SOLD FOR A SMALL FRACTION OF ITS FAIR MARKET VALUE. IF YOU PAY THIS CLAIM BEFORE DECEMBER 31, 2016 YOUR PROPERTY WILL NOT BE SOLD. IF YOU PAY THIS CLAIM AFTER JULY 31, 2017 BUT BEFORE ACTUAL SALE, YOUR PROPERTY WILL NOT BE SOLD, BUT WILL APPEAR ON ADVERTISEMENTS FOR SUCH SALE AND YOUR PROPERTY WILL BE POSTED. IF YOU HAVE ANY QUESTIONS, PLEASE CALL YOUR ATTORNEY, THE TAX CLAIM BUREAU AT (610) 478-6625 OR THE COUNTY LAWYER REFERRAL SERVICE.

**OWNER OR REPUTED OWNER:**

SMILES JEFFREY W

3049 OCTAGON AVE

SINKING SPRING, PA 196080433

If property owner is in bankruptcy or if property is unmapped this notice is for information only.
Notice is hereby given that the property above described has been returned to the Tax Claim Bureau of Berks County for non-payment of taxes and a claim has been entered under the provisions Act of 1947 P.L. 1368, as amended. If payment of these taxes is not made to the Tax Claim Bureau on or before DECEMBER 31 of this year, and no exceptions are filed, the claim will become absolute. On July 31st 2017 a one (1) year period for discharge of tax claim shall commence or has commenced to run and if full payment of taxes is not made during that period as provided by Act 1947, P.L. 1368, as amended, the property shall be advertised for and exposed to sale on SEPTEMBER 22, 2017 under the provisions of such act and there shall be no redemption after the actual sale.

# EXHIBIT (O)

# NOTICE OF PUBLIC TAX SALE

EXHIBIT

1313099

| **BERKS COUNTY**<br>**TAX CLAIM BUREAU** | **SALE NUMBER** | **SALE DATE** |
|---|---|---|
| | | September 23, 2016 |

Please present this notice upon making payment.  Address all communications in connection with this sale notice to:

**BERKS COUNTY SERVICES CENTER, 2ND FLOOR**
**633 COURT STREET**
**READING, PA 19601**
**Hours: M-F 8:00 AM—5:00 PM**
**Phone: (610) 478-6625**

**Parcel #: 80438606484397**
Desc: 1 STORY BRICK/MASONRY
3049 OCTAGON AV
District: 80 Account: 231500 PIN: 438606484397

THIS NOTICE IS FOR UNPAID 2014 PROPERTY TAXES AND/OR PRIOR YEARS

TO: ALL OWNERS OF PROPERTY DESCRIBED IN THIS NOTICE, AND ALL PERSONS HAVING TAX LIENS AND JUDGEMENTS OR MUNICIPAL CLAIMS AGAINST SAID PROPERTIES: Notice is hereby given by the Tax Claim Bureau in and for the COUNTY OF BERKS under the act of 1947, P.L. 1368, as amended, that the said BUREAU will expose at public sale in the Berks County Services Center, 633 Court Street, Reading, PA 19601, on SEPTEMBER 23, 2016 at 9:30 AM or any day to which the sale may be adjourned, re-adjourned or continued, for the purpose of collecting 2014 and prior delinquent unpaid taxes, municipal claims and all cost incident therto, the above described real estate for at least the upset price in the amount herein approximately set forth.  The sale of above described real property may, at the option of the Bureau, be stayed if the owner therof or any lien creditors of the owner, on  or before the actual sale date, enters into an agreement with the BUREAU to pay the taxes and costs owing on said property in installments in the manner provided by said law.

| OWNER OR REPUTED OWNER:<br>SMILES JEFFREY<br>3049 OCTAGON AVE<br>SINKING SPRING PA 196082616 | **APPROXIMATE UPSET SALE PRICE**<br>THE APPROXIMATE UPSET PRICE FOR WHICH THE PROPERTY SHALL BE SOLD IS:<br><br>**$31930.11**<br><br>To remove this property from the sale, please pay up to and including 2014 Taxes totaling<br><br>**$27069.07** |
|---|---|

### CERTIFIED FUNDS OR CASH ONLY

Notice of return of delinquent taxes against this property by the various taxing districts and the entry of tax claim theron, has been heretofore given according to law, and the period for filing exceptions having been expired, said claim has now become absolute.  This sale will be final divesting your title to the property, the purpose of this sale being to provide for the collection of the amount of taxes owing on said property.  Notice of sale will be published once in newspapers of general circulation and the Berks County Law Journal.

### WARNING

YOUR PROPERTY IS ABOUT TO BE SOLD WITHOUT YOUR CONSENT FOR DELINQUENT TAXES.  YOUR PROPERTY MAY BE SOLD FOR A SMALL FRACTION OF ITS FAIR MARKET VALUE.  IF YOU HAVE ANY QUESTIONS AS TO WHAT YOU MUST DO IN ORDER TO SAVE YOUR PROPERTY, PLEASE CALL YOUR ATTORNEY, THE TAX CLAIM BUREAU AT THE FOLLOWING TELEPHONE NUMBERS: (610) 478-6625; OR THE COUNTY LAWYER REFERRAL SERVICE.



# EXHIBIT (P)

EXHIBIT ( P

# NOTICE OF PUBLIC TAX SALE

1692898

| BERKS COUNTY TAX CLAIM BUREAU | 1880025 | September 21, 2018 |
|---|---|---|

**BERKS COUNTY TAX CLAIM BUREAU**

Please present this notice upon making payment. Address all communications in connection with this sale notice to:

**BERKS COUNTY SERVICES CENTER, 2ND FLOOR**
**633 COURT STREET**
**READING, PA 19601**
**Hours: M-F 8:00 AM—4:45 PM**
**Phone: (610) 478-6625**

Parcel #: 80438606484397
Desc: 1 STORY BRICK/MASONRY
3049 OCTAGON AV
District: 80 Account: 231500 PIN: 438606484397

THIS NOTICE IS FOR UNPAID 2016 PROPERTY TAXES AND/OR PRIOR YEARS

**TO: ALL OWNERS OF PROPERTY DESCRIBED IN THIS NOTICE, AND ALL PERSONS HAVING TAX LIENS AND JUDGEMENTS OR MUNICIPAL CLAIMS AGAINST SAID PROPERTIES:** Notice is hereby given by the Tax Claim Bureau in and for the **COUNTY OF BERKS** under the act of 1947, P.L. 1368, as amended, that the said **BUREAU** will expose at public sale in the Berks County Services Center, 633 Court Street, Reading, PA 19601, on **SEPTEMBER 21, 2018 at 9:30 AM** or any day to which the sale may be adjourned, re-adjourned or continued, for the purpose of collecting 2016 and prior delinquent unpaid taxes, municipal claims and all cost incident therto, the above described real estate for at least the upset price in the amount herin approximately set forth. The sale of above described real property may, at the option of the Bureau, be stayed .if the owner therof or any lien creditors of the owner, on or before the actual sale date, enters into an agreement with the BUREAU to pay the taxes and costs owing on said property in installments in the manner provided by said law.

OWNER OR REPUTED OWNER:
SMILES JEFFREY
3049 OCTAGON AVE
SINKING SPRING PA 196082616



**$47456.43**

**$42339.96**

Notice of return of delinquent taxes against this property by the various taxing districts and the entry of tax claim theron, has been heretofore given according to law, and the period for filing exceptions having been expired, said claim has now become absolute. This sale will be final divesting your title to the property, the purpose of this sale being to provide for the collection of the amount of taxes owing on said property. Notice of sale will be published once in newspapers of general circulation and the Berks County Law Journal.

## WARNING

**YOUR PROPERTY IS ABOUT TO BE SOLD WITHOUT YOUR CONSENT FOR DELINQUENT TAXES. YOUR PROPERTY MAY BE SOLD FOR A SMALL FRACTION OF ITS FAIR MARKET VALUE. IF YOU HAVE ANY QUESTIONS AS TO WHAT YOU MUST DO IN ORDER TO SAVE YOUR PROPERTY, PLEASE CALL YOUR ATTORNEY, THE TAX CLAIM BUREAU AT THE FOLLOWING TELEPHONE NUMBERS: (610) 478-6625; OR THE COUNTY LAWYER REFERRAL SERVICE.**

EXHIBIT ( P1)